IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REV. XIU HUI "JOSEPH JIANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-cv-01008 CEJ |
| | ) | |
| TONY LEVETTE PORTER, | ) | |
| JAIMIE D. PITTERLE, | ) | |
| CITY OF ST. LOUIS, MISSOURI | ) | |
| A.M., | ) | |
| N.M., | ) | |
| SURVIVORS NETWORK OF THOSE | ) | |
| ABUSED BY PRIESTS, | ) | |
| DAVID CLOHESSY and | ) | |
| BARBARA DORRIS | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT N.M.'S MOTION TO STRIKE

In Plaintiff's Memorandum in Opposition to N.M's Motion to Dismiss, Plaintiff makes multiple statements that are patently false and attributes them to being admissions of N.M. from her pleadings. Plaintiff alleges that N.M. admitted in her Motion to Dismiss that she targeted Plaintiff because he was an easy target (P. Memorandum 7). Plaintiff further alleges that Plaintiff confirmed in her motion to dismiss that she intended to extort money from Plaintiff's employer (P. Memorandum 12). These statements in Plaintiff's Memorandum are at best, reckless, and at worst, unethical mischaracterizations of N.M.'s Motion to Dismiss and must be stricken.

In N.M.'s Motion to Dismiss Plaintiff's Petition N.M. stated that:

1

> [Plaintiff] alleges that upon information and belief, N.M. targeted Plaintiff because he was a Catholic priest and therefore an easy target (P. Complaint ¶ 34).

(N.M. Motion to Dismiss 5). She further stated that:

> Here, Plaintiff alleges (wrongly) that N.M. chose to accuse Plaintiff because he was an easy target – not because she was discriminating against a particular class of people. Plaintiff has failed to plead any racial animus on the part of N.M. and therefore his claim must fail.

(N.M. Motion to Dismiss 6).

Brazenly, and improperly, Plaintiff reported those lines as follows in his motion:

> Thus, N.M.'s insistence that she targeted Plaintiff because he 'was an easy target' does not preclude her from also having acted from discriminatory animus. Plaintiff certainly agrees that N.M. acted *in part* out of base, monetary motivations…
> N.M's argument that she accused Plaintiff because he 'was an easy target' fails for a second reason.

(P. Memorandum 7). This is a blatant mischaracterization of N.M's statements done for Plaintiff's self-serving purposes. Basically, N.M. was making a legal argument that Plaintiff had not properly pled a discriminatory purpose and Plaintiff turned it around to say that N.M. admits she purposely targeted Plaintiff with a false claim in this case. That's a big mischaracterization.

In case that was a mistaken mischaracterization, Plaintiff did it again in his Memorandum. In her Motion to Dismiss, N.M. stated the following:

> To the contrary, here, Plaintiff alleges that N.M.'s intent was to harm the Archdiocese, not Plaintiff. Even though it is false that N.M. had intent to harm the Archdiocese, Plaintiff's allegation that this was N.M.'s goal is prohibitive to a claim of intentional infliction of emotional distress against her for harming *Plaintiff*.

(N.M. Motion to Dismiss 9-10).

In his motion. Plaintiff turned this around to say:

2

> N.M. argues that she cannot be liable for IIED because – in addition to intending to inflict severe emotional distress – she *also* intended to extort money from Plaintiff's employer. (Doc. 32, at 8). Citing *Thomas v. Special Olympics Missouri,* Inc 31, S.W. 3d 442 (Mo.App. W.D. 2000), N.M. contends that she can avoid liability because her extortionate intent immunizes her contemporaneous intent to harm Plaintiff.

(P. Memorandum 12-13). Plaintiff's statement above claims that N.M. admits she intended to inflict severe emotional distress and that she also admits she intended to extort money from the Archdiocese. She absolutely did not admit this or do it.

The above statements must be stricken from Plaintiff's pleading as they mischaracterize N.M.'s arguments in such a way that it looks like she admits that she falsely accused Plaintiff of abusing her son.  She does not believe this and never said such a thing.  This case is a very public one and even if the Court understands that these are mischaracterizations, the public may not and the record must be corrected.

WHEREFORE, N.M. requests that the above statements in Plaintiff's Memorandum in Opposition to N.M.'s Motion to Dismiss be stricken from the pleading.

Respectfully submitted,

**CHACKES, CARLSON & GOROVSKY, LLP**

*/s/Nicole E. Gorovsky*
Kenneth M. Chackes, Bar # 27534MO
Nicole E. Gorovsky, Bar  # 51046MO
906 Olive Street, Suite 200
St. Louis, Missouri  63101
Phone: (314) 872-8420
Fax:    (314) 872-7017
kchackes@cch-law.com
ngorovsky@cch-law.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of September, 2015 the foregoing Motion to Strike was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system, upon the Attorney for Plaintiff, D. John Sauer, and the Attorney for Defendants Porter, Pitterle, and City of St. Louis, J. Brent Dulle.

*/s/ Nicole E. Gorovsky*_____