IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REV. XIU HUI "JOSEPH" JIANG,               )
                                           )
              Plaintiff,                   )        Case No. 4:15 CV 1008 CEJ
                                           )
v.                                         )        JURY TRIAL DEMANDED
                                           )
TONYA LEVETTE PORTER, ET AL.,              )
                                           )
              Defendants.                  )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO N.M.'S
MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Defendant N.M.'s counsel have filed an extraordinary and wholly meritless motion for sanctions. *See* Defendant N.M.'s Motion for Sanctions Pursuant to Rule 11, Doc. 47 (the "Motion for Sanctions").   In their Motion for Sanctions, N.M.'s counsel contend that Plaintiff's Memorandum in Opposition to N.M.'s Motion to Dismiss, Doc. 39 ("Plaintiff's Memorandum"), violated Rule 11 by supposedly attributing to N.M. factual concessions that she did not make. *See* Doc. 47, at 2-3.  This Motion for Sanctions is procedurally deficient, and its substantive arguments are frivolous.   It is procedurally deficient because N.M.'s counsel failed to serve a prepared copy of the Motion for Sanctions upon Plaintiff's counsel before filing it, as Rule 11(c)(2) plainly requires.  The Motion is substantively frivolous because no reasonable reader could possibly construe Plaintiff's Memorandum as attributing any factual concession to N.M.  Rather, as Rule 12(b)(6) requires and the Memorandum states *literally dozens* of times, Plaintiff's Memorandum addresses the factual allegations in the Complaint, not the underlying facts of the case.

The utter lack of merit to N.M.'s Motion for Sanctions strongly indicates that it was filed for improper purposes forbidden by Rule 11—namely, to vex and harass Plaintiff and his counsel, to unnecessarily increase Plaintiff's costs of litigation, and to engage in a wholly unwarranted

1

personal attack against Plaintiff's counsel. This Court should speedily deny the Motion for Sanctions and order N.M.'s counsel to pay Plaintiff his attorneys' fees incurred in defending their frivolous, vexatious, and baseless Motion.

## I. N.M.'s Motion for Sanctions Must Be Denied Because N.M.'s Counsel Failed to Comply with the Mandatory Procedural Requirements of Rule 11(c)(2).

First, N.M.'s Motion for Sanctions is procedurally deficient, because N.M.'s counsel entirely disregarded Rule 11's plain procedural requirements. Rule 11(c)(2) of the Federal Rules of Civil Procedure states that a motion for sanctions under Rule 11 "must be served under Rule 5, but *it must not be filed or presented to the court*" for 21 days after it is served on opposing counsel, unless the Court sets a different time frame. Fed. R. Civ. P. 11(c)(2) (emphasis added). The Motion for Sanctions must be denied because N.M.'s counsel never served Plaintiff's counsel with a prepared copy of the Motion before filing it with the Court.

Under the plain text of the Rule, a motion for sanctions under Rule 11 "must be served on the opposing party twenty-one days before filing with the court. This alerts the non-movant to the seriousness of the violation and provides a 'safe harbor' in which the non-movant may withdraw or correct the challenged paper." *Davis v. MCI Communications Servs., Inc.*, 421 F. Supp.2d 1178, 1181 (E.D. Mo. 2006). If a party files a Rule 11 motion without serving a copy on the opposing party in advance, the motion must be denied, regardless of its underlying merit. *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003) (reversing grant of Rule 11 sanctions where the moving party "failed to comply with Rule 11's procedural requirements," including by failing to "serve a prepared motion on Appellant prior to making any request to the court"). A party does not satisfy this requirement of "serv[ing] a prepared motion," *id.* at 1030, merely by threatening to move for sanctions, or by informally communicating the basis of a prospective motion for sanctions. Rather, the party must serve a prepared copy of *the motion itself* at least 21 days before

filing with the court.  *Id.*; *see also Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767-68 (6th Cir. 2014) (citing numerous cases and stating that only service of a fully prepared motion for sanctions prior to filing satisfies Rule 11(c)).  "Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion."  *Penn, LLC*, 773 F.3d at 767.  "It would wrench both the language and purpose of the Rule to permit an informal warning to substitute for service of a motion. . . .  [T]he rule specifically requires service of a motion."  *Id.* (alteration and ellipses omitted) (quoting *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998)).

Here, N.M.'s counsel have disregarded this requirement entirely.  They did not serve the proposed Motion for Sanctions on Plaintiff or his counsel at any time prior to filing it with the Court.  *See* Declaration of D. John Sauer, ¶ 12 (attached as Exhibit 1).  In fact, N.M.'s counsel do not claim to have done so.  *See* Doc. 47, at 3 (alluding to a telephone conversation between counsel for N.M. and counsel for Plaintiff, but never claiming that counsel for N.M. served a prepared copy of the proposed Motion for Sanctions on Plaintiff's counsel).  Thus, the Motion for Sanctions plainly is procedurally deficient and must be denied.  *Gordon*, 345 F.3d at 1030 (holding that the district court could not "award[] sanctions against Appellant in contravention of the explicit procedural requirements of Rule 11").  Moreover, as described in Section III below, because the Motion is entirely meritless and Plaintiff must prevail, the Court should award Plaintiff his reasonable attorneys' fees incurred responding to the Motion.  *See* Fed. R. Civ. P. 11(c)(2).

## II. N.M.'s Motion for Sanctions Is Substantively Frivolous Because Plaintiff's Memorandum Plainly Did Not Attribute Any Factual Admissions to N.M.

N.M.'s Motion for Sanctions contends that Plaintiff's counsel engaged in sanctionable and unethical behavior in Plaintiff's Memorandum, Doc. 39, by supposedly attributing to N.M. factual concessions that she did not make.  *See* Doc. 47, at 2-3.  This argument is patently frivolous.

3

Plaintiff's Memorandum never attributed any factual concessions to N.M. of any kind, but properly addressed and refuted N.M.'s arguments about the sufficiency of the allegations in the Complaint.

First, as N.M. concedes in her own Motion to Dismiss, in assessing a motion to dismiss under Rule 12(b)(6), "[t]he Court must construe all allegations in the complaint in a light most favorable to Plaintiff, ***taking all well-pleaded facts and allegations within the complaint as true***." Doc. 32, at 2 (N.M.'s Motion to Dismiss Complaint).  Accordingly, it is common practice and very natural for counsel, in making arguments under Rule 12(b)(6), to speak as if the facts alleged in the Complaint are in fact true, since the parties and the Court must assume that they are true at this stage of pleading.  N.M.'s counsel cite no authority to support the extraordinary claim that Plaintiff's counsel should be sanctioned for arguing as if the facts pleaded in the Complaint are true, when the parties and the Court are *required* to assume that such well-pleaded facts are true at this stage of pleading.  In fact, N.M.'s counsel cite no case law *at all* in their Motion for Sanctions.

In accordance with universal practice and the well-known standards governing Rule 12(b)(6), Plaintiff's Memorandum clearly and repeatedly indicates that its discussion of the facts relates to the sufficiency of the facts as alleged in the Complaint, not to any factual concessions by N.M.  By Plaintiff's count, the 15-page Memorandum refers to what the Complaint "alleges" or "pleads" (or similar variations) no less than ***fifty-four times***—including five times in its opening paragraph: "The Complaint in this case ***alleges*** that Defendant N.M. actively sought to procure the prosecution of an innocent man . . . . It ***alleges*** that she engaged in this conduct for the crass motive of pecuniary gain . . . . It ***alleges*** that she actively fomented the unfounded arrest and prosecution of Plaintiff  . . . . It ***alleges*** that she coordinated with others to destroy Plaintiff's reputation . . . . These ***allegations*** are manifestly sufficient to support the claims asserted against N.M."  Doc. 39, at 1 (emphases added).  Likewise, the headings of nearly every section and subsection in Plaintiff's

Memorandum reiterate that the Memorandum is concerned with the sufficiency of the allegations in the Complaint. *See, e.g.,* Doc. 39, at 3 (Heading II: "The Complaint Adequately Pleads . . ."); *id.* (Heading II.A: "The Complaint alleges . . ."); *id.* at 6 (Heading II.B: "The Complaint alleges . . ."); *id.* at 8 (Heading II.C: "The Complaint alleges . . ."); *id.* at 9 (Heading III: "The Complaint States a Plausible Claim . . ."); *id.* at 11 (Heading IV: "The Complaint States a Claim . . ."); *id.* at 14 (Heading V: "The Complaint Pleads a Plausible Claim . . .").

In the face of this overwhelming evidence that Plaintiff's Memorandum addresses the sufficiency of allegations in the Complaint, N.M.'s Motion for Sanctions rests entirely on only two brief statements in Plaintiff's Memorandum. Both are manifestly quoted out of context, and N.M.'s counsel's interpretation of them is frivolous.

First, N.M. objects to a statement on page 7 of the Memorandum, which asserts: "N.M.'s insistence that she targeted Plaintiff because he 'was an easy target' does not preclude her from also having acted from discriminatory animus. Plaintiff certainly agrees that N.M. acted *in part* out of base, monetary motivations. *See* Doc. 1, ¶¶ 33, 36. . . . N.M's argument that she accused Plaintiff because he 'was an easy target' fails for a second reason." Doc. 39, at 7 (quoted in Doc. 47, at 2). But N.M. wrenches this quote from its context. In the immediately preceding paragraph, Plaintiff's Memorandum ***quotes verbatim*** the argument from N.M.'s Motion to Dismiss that this statement addresses, making perfectly clear that the statement addresses the sufficiency of the allegations in the Complaint: "N.M. also claims that ***the Complaint inadequately pled*** that she acted with discriminatory animus because the Complaint '***alleges*** that N.M. chose to accuse Plaintiff because he was an easy target . . . .'" *Id.* at 6 (quoting Plaintiff's Motion to Dismiss, Doc. 32, at 4) (emphases added). Moreover, the statement on page 7 to which N.M. objects does not cite any purported factual admission by N.M.—rather, it cites for support *the allegations in the*

*Complaint*.  *See id.* at 7 (stating, immediately after the quoted statement, "*See* Doc. 1, ¶¶ 33, 36").  Further, all this discussion appears in a subsection of Plaintiff's Memorandum entitled, "***The Complaint alleges*** that N.M. acted with discriminatory animus."  *Id.* at 6 (emphasis added).  In light of this context, no reasonable reader could possibly conclude that Plaintiff's Memorandum attributes any factual concession to N.M., or does anything other than argue about the sufficiency of the allegations in the Complaint.  Yet N.M.'s Motion for Sanctions neglects to include any of this context.  On the contrary, N.M.'s counsel mysteriously omits even the citation of the Complaint's allegations that *immediately follows* the sentences she quotes.  *See* Doc. 47, at 2 (quoting the passage on page 7 of Plaintiff's Memorandum, but replacing Plaintiff's citation of "*See* Doc. 1, ¶¶ 33, 36" with an ellipsis).

The only other statement in Plaintiff's Memorandum to which N.M. objects is the following statement on pages 12-13:  "N.M. argues that she cannot be liable for IIED because—in addition to intending to inflict severe emotional distress—she *also* intended to extort money from Plaintiff's employer . . . .  N.M. contends that she can avoid liability because her extortionate intent immunizes her contemporaneous intent to harm Plaintiff."  Doc. 39, at 12-13 (quoted at Doc. 47, at 3).  N.M. contends that this statement "claims that N.M. admits that she intended to inflict severe emotional distress and that she also admits she intended to extort money from the Archdiocese."  Doc. 47, at 3.  Again, N.M.'s counsel takes the quote manifestly out of context, and the argument is frivolous.  The challenged statement appears in a section of Plaintiff's Memorandum entitled "***The Complaint States a Claim*** for Intentional Infliction of Emotional Distress."  Doc. 39, at 11 (emphasis added).  The opening paragraph of that section summarizes N.M.'s argument as follows: "N.M. claims that Plaintiff's IIED claim fails because ***the Complaint does not allege*** that she engaged in any extreme and outrageous conduct, and because ***the***

6

***Complaint fails to allege*** that she acted with the requisite intent." *Id.* (emphases added). The statement on pages 12-13 thus plainly refers to N.M.'s argument that "the Complaint fails to allege that she acted with the requisite intent." *Id.* Most telling, moreover, the first sentence of the last paragraph on page 12 reads as follows: "Second, ***the Complaint pleads*** that N.M. acted with requisite intent." *Id.* at 12 (emphasis added). This sentence *immediately precedes* the statement to which N.M. objects. *See id.* The Memorandum's references to N.M.'s "intend[ing] to extort money from Plaintiff's employer," "extortionate intent," and "intent to harm Plaintiff," *id.* at 12-13, all plainly refer to what "the Complaint pleads," as stated in the immediately preceding sentence. *Id.* at 12. The last sentence of the same paragraph again makes clear that this argument relates to the allegations in the Complaint. *Id.* at 13 ("***The Complaint does not allege*** that N.M. acted with a legitimate motive . . . .") (emphasis added). Again, no rational reader could possibly construe this argument as purporting to attribute any factual concession to N.M. Plainly and repeatedly, the Memorandum refers to the sufficiency of the allegations in the Complaint.

In short, every argument in Plaintiff's Memorandum clearly and explicitly addresses the sufficiency of the allegations in the Complaint, not the underlying facts of the case.[1] Thus, N.M.'s arguments are entirely meritless—indeed, they are frivolous and vexatious. Each contested

---

[1] This contrasts starkly with N.M.'s Motion to Dismiss and her Reply in support, both of which repeatedly—and inappropriately—seek to rely on factual assertions not contained in Plaintiff's Complaint. *See*, *e.g.*, Doc. 32, at 3; *id.* at 9; Doc. 46, at 7; *id.* at 9. Indeed, N.M.'s Reply brief contains particularly egregious attempts to interject unsupported factual claims not alleged in the Complaint. *See* Doc. 46, at 7 (arguing against Plaintiff's allegations of proximate cause and damages based entirely on the assertion of unsupported factual claims not alleged in the Complaint); *id.* at 9 (arguing against Plaintiff's allegations of reputational harm based on unsupported factual claims not alleged in the Complaint). At the Rule 12(b)(6) stage, invocation of purported facts outside the pleadings serves no legitimate purpose, and such claims should be wholly disregarded. *See, e.g., McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 788 (8th Cir. 2007) ("[C]ourts are limited to the complaint when deciding a motion to dismiss."); *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003) ("[A] 12(b)(6) motion will succeed or fail based on the allegations contained in the face of the complaint." (quotation omitted)).

passage appears in context that expressly demonstrates that Plaintiff is referring to the allegations in the Complaint, not the underlying facts of the case.  N.M. insists that Plaintiff has attributed factual "admissions" to her.  But Plaintiff never attributes an admissions to N.M.  Not once does Plaintiff's Memorandum even use "admit," "admission," or any other variation thereof.  And the Memorandum uses a variation of "concede" or "concession" only once—to note that N.M. *has not* conceded "that her conduct constitutes another tort."  Doc. 39, at 13 n.2.  N.M.'s Motion for Sanctions is frivolous and vexatious on the merits, and it should be promptly denied.

### III. The Court Should Award Plaintiff His Reasonable Attorneys' Fees Incurred Opposing N.M.'s Motion.

As described above, N.M.'s Motion for Sanctions is entirely meritless, and Plaintiff therefore must prevail on this Motion.  Rule 11(c)(2) provides that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."  Fed. R. Civ. P. 11(c)(2).  Thus, Rule 11 authorizes the Court to award Plaintiff his attorneys' fees incurred opposing this frivolous motion.  *See id.*; Fed. R. Civ. P. 11, Notes of Advisory Committee on Rules—1993 Amendments ("[T]he court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion."); *Baker v. Urban Outfitters, Inc.*, 254 F. Supp.2d 346, 361 (S.D.N.Y. 2003) (holding that "the complete lack of merit of [a] Rule 11 motion" justified an award of attorneys' fees in favor of the party opposing the motion, because the opposing party "should not be forced to expend the additional time and resources to oppose a Rule 11 motion in this action").

The Motion's sheer lack of merit alone warrants awarding Plaintiff his attorneys' fees.  *Id.*  Moreover, several additional factors make a fee award particularly appropriate in this case.  First, the frivolousness of N.M.'s Motion suggests that the Motion was filed for improper purposes,

including to harass Plaintiff, to target Plaintiff's counsel with baseless allegations of personal impropriety, and to needlessly increase the cost of this litigation.  N.M.'s Motion for Sanctions does not cite a *single case* to support her position, and her counsel did not comply with even the most basic procedural requirements set forth explicitly in the Rule itself.  Among the relevant authority that N.M. fails to cite is *Gibson*, a controlling case that directly refutes N.M.'s Motion. "The court may infer bad faith when counsel's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Steinlage v. Mayo Clinic Rochester*, 235 F.R.D. 668, 673 (D. Minn. 2006) (quotation omitted).

Second, leveling serious and baseless accusations of professional misconduct against Plaintiff's counsel is grossly inappropriate and must be deterred.  *See Bockman v. Lucky Stores, Inc.*, 108 F.R.D. 296, 298-99 (E.D. Cal. 1985) (holding that meritless attacks on professional integrity of opposing counsel in a pleading warranted Rule 11 sanctions); *In re Elam*, 211 S.W.2d 710, 718 (Mo. banc 1948) (sanctioning a lawyer because, among other things, he "made false charges in the nature of personal attacks on opposing counsel").  By claiming without any proper basis that Plaintiff's counsel violated Missouri Rule of Professional Conduct 4-3.3, N.M.'s counsel have themselves violated both Rule 11 and basic ethical guidelines for proper behavior.  *See* Fed. R. Civ. P. 11(b)(1) (prohibiting the filing of a "written motion" that is "presented for any improper purpose, such as to harass . . . or needlessly increase the cost of litigation"); Fed. R. Civ. P. 11(b)(2) (requiring that only "nonfrivolous argument[s]" may be made by "written motion"); Mo. Rule of Professional Conduct 4-3.1 ("A lawyer shall not . . . assert or controvert an issue . . . unless there is a basis in law and fact for doing so that is not frivolous . . . .").  Not only is N.M.'s position entirely meritless, it constitutes an unwarranted personal attack on opposing counsel that falls short of the basic decorum necessary for the legal system to function effectively.

9

Third, as N.M. notes, "[t]his case is a very public one," Doc. 47, at 3, and thus N.M.'s counsel's baseless and vexatious accusations against Plaintiff's counsel are particularly noxious. For all these reasons, the Court should award Plaintiff his reasonable attorneys' fees incurred opposing N.M.'s Motion for Sanctions. Rule 11(c)(2) authorizes the Court to award attorneys' fees to "the prevailing party" who successfully defends against a motion for sanctions. Fed. R. Civ. P. 11(c)(2). N.M.'s Motion for Sanctions is both procedurally defective and substantively frivolous. Worse still, it amounts to an entirely baseless attempt by N.M.'s counsel to smear Plaintiff's counsel. Such tactics should not be tolerated. In such a case, "a sanction in the form of an award of attorneys' fees is appropriate to communicate the gravity of the infraction and to deter future non-meritorious filings." *Davis*, 421 F. Supp. 2d at 1187. Plaintiff respectfully requests that sanctions in the form of a fee award be levied against N.M.'s counsel, not against N.M. herself. "It is counsel's responsibility, both to her client and as an officer of the court, to competently assess the legal landscape and to only assert meritorious claims." *Id.* at 1187-88. By filing their frivolous and vexatious Motion for Sanctions, N.M.'s counsel have failed to live up to this responsibility.[2]

## CONCLUSION

For the reasons stated, Plaintiff respectfully requests that this Court speedily deny Defendant N.M.'s Motion for Sanctions Pursuant to Rule 11, Doc. 47; order N.M.'s counsel to pay Plaintiff his reasonable attorney's fees incurred in defending this frivolous motion for sanctions; and grant such other and further relief as the Court deems just and proper.

---

[2] In the event that the Court awards Plaintiff his reasonable attorneys' fees incurred in defending N.M.'s frivolous Motion for Sanctions, Plaintiff respectfully requests an opportunity to submit a verified statement of fees actually incurred in defending this motion. *See Davis*, 254 F. Supp. 2d at 1187 n.8 (providing that the prevailing party "will be given the opportunity to submit information in support of its request for attorneys' fees").

10

Dated: September 30, 2015

Respectfully Submitted,

JAMES OTIS LAW GROUP, L.L.C.

*/s/ D. John Sauer*
D. John Sauer, #58721MO
231 South Bemiston Ave., Suite 800
St. Louis, Missouri 63105
Telephone: (314) 854-1372
Email: jsauer@jamesotis.com

*Attorney for Plaintiff Rev. Xiu Hui "Joseph" Jiang*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's electronic filing system on September 30, 2015, to be served by operation of the Court's electronic filing system on:

J. Brent Dulle
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
DulleB@stlouis-mo.gov
*Attorney for Defendants Porter, Pitterle, and City of St. Louis*

Kenneth M. Chackes
Nicole E. Gorovsky
Chackes, Carlson & Gorovsky
906 Olive Street, Suite 200
St. Louis, Missouri 63101
kchackes@cch-law.com
ngorovsky@cch-law.com
*Attorneys for Defendant N.M.*

Amy Lorenz-Moser
Daniel J. Carpenter
Carpenter Moser, LLC
1716 Hidden Creek Court, Suite 101
St. Louis, Missouri 63131
amy@carpentermoser.com
dan@carpentermoser.com
*Attorneys for Defendants SNAP, Clohessy, and Dorris*

*/s/ D. John Sauer*