UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1008 (CEJ) |
| ) | |
| TONYA LEVETTE PORTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant N.M. to dismiss the complaint for failure to state a claim. Plaintiff has responded in opposition, and the issues are fully briefed. Also before the Court are the motions of N.M. to strike statements made in plaintiff's memorandum in opposition to the motion to dismiss and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### I. Background

Plaintiff Reverend Xiu Hui "Joseph" Jiang is a Chinese-born ordained Catholic priest in the Archdiocese of St. Louis. Jiang asserts that defendants A.M. and N.M. falsely accused him of sexually abusing their minor son for the purpose of monetary gain. Jiang also asserts that defendants Jaimie D. Pitterle and Tonya Levette Porter, officers of the St. Louis Metropolitan Police Department, conducted an inadequate investigation of the abuse allegations and targeted plaintiff for prosecution because of his religion and ethnicity. He alleges that defendant City of St. Louis failed to properly train the officers and that the officers' conduct was the result of the city's unconstitutional policies and practices. Jiang further asserts that defendants Survivors Network of Those Abused by Priests, its executive director

David Clohessy, and its registered agent in Missouri Barbara Dorris (the "SNAP defendants") led a public smear campaign against him which included making false accusations of child molestation in the media. The criminal case against Jiang remained pending in state court from April 17, 2014 until June 17, 2015, when it was voluntarily dismissed shortly before trial.

The fifteen-count complaint consists of the following claims: religious discrimination, selective enforcement and prosecution based on religion, race and national origin, and conduct shocking the conscience, all in violation of 42 U.S.C. § 1983, against defendants Porter and Pitterle (Counts I–VI); conspiracy to violate civil rights, in violation of 42 U.S.C. § 1985, against all defendants except the City of St. Louis (Count VII); willful, malicious and reckless official acts in violation of Missouri law against defendants Porter and Pitterle (VIII); vicarious liability and Monell claims for unconstitutional policy and practice and failure to train and supervise against defendant City of St. Louis (Counts IX–XI); abuse of process against defendants Porter, Pitterle, A.M. and N.M. (Count XII); intentional infliction of emotional distress against all defendants except the City of St. Louis (Count XIII); and defamation against A.M., N.M., and the SNAP defendants (Counts XIV–XV). Plaintiff seeks monetary and injunctive relief.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S.

506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

#### A. Motion to Dismiss

##### 1. Count VII – Conspiracy to Violate Civil Rights

In Count VII, plaintiff alleges that defendant N.M. conspired with the other defendants to violate plaintiff's civil rights pursuant to 42 U.S.C. § 1985. To state a claim for a civil rights conspiracy under the equal protection provisions of § 1985(3), a plaintiff must allege "(1) a conspiracy (2) for the purpose of depriving another of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right." Federer v. Gephardt, 363 F.3d 754, 757–58 (8th Cir. 2004) (internal quotations and citations omitted).

3

Defendant N.M. first contends that plaintiff failed to plead any facts showing that N.M. conspired with any of the other defendants. In a civil conspiracy claim, "the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 685 (8th Cir. 2012) (quoting City of Omaha Emps. Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989)). A plaintiff can satisfy this burden "by pointing to at least some facts which would suggest that [the alleged conspirators] reached an understanding to violate [his] rights." City of Omaha, 883 F.2d at 652 (internal quotations omitted); see also Iqbal, 556 U.S. at 679 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The complaint alleges direct communication between N.M. and a police defendant. Specifically, the complaint asserts that on or about April 17, 2014, N.M. contacted defendant Porter to notify her that N.M.'s minor child was ready and willing to view a photo array. Plaintiff describes this phone call as a significant turning point in his prosecution. Previously, the minor had been unable to identify plaintiff by name and refused to view a photo array. After N.M. called the police and the minor agreed to view the photo array, the police defendant defendants arrested plaintiff.

The complaint also alleges that at all relevant times N.M. knew or should have known that the minor's accusations of sexual abuse against plaintiff were false and unreliable. The minor had made unfounded allegations of sexual abuse in the past. The minor had not had any personal acquaintance with plaintiff, could not

identify plaintiff by name when he first made the allegation, and his identification of plaintiff was based on a public news report. The complaint also asserts that A.M. and N.M. had a history of asserting unfounded claims against the Catholic Church for monetary gain, providing a motive for N.M. to enter into a conspiracy with the police and SNAP defendants and suggesting prior dealings between A.M. and N.M. to support the inference of a conspiracy. See United States v. Wardell, 591 F.3d 1279, 1288 (10th Cir. 2009) (finding sufficient evidence for defendant's conviction on a conspiracy claim when the government introduced relevant circumstantial evidence of the defendant's motive to organize the conspiracy and the relationship among codefendants). The Court finds these factual allegations sufficient to support the inference that N.M. participated in a conspiracy.

Next, defendant N.M. argues that plaintiff failed to plead any facts to show that she had the intent to deprive plaintiff of equal protection or of equal privileges and immunities under the law. To satisfy § 1985(3), a conspiracy must have the purpose of denying equal protection, not simply an effect upon a protected right. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 275 (1993). The conspiracy must have an "invidiously discriminatory animus" where the defendant acted at least in part for the purpose of producing the deprivation of a right. Id. at 275–76.

The complaint alleges that N.M. pursued false allegations against plaintiff for pecuniary gain, because the accusations would be deemed more credible against a Catholic priest due to public outrage over sexual abuse by Catholic priests, and because plaintiff was a Chinese national who was easily identifiable among the Roman Catholic priests in the City of St. Louis. Accordingly, the complaint

sufficiently alleges that N.M. acted on the basis of discriminatory animus against plaintiff's race, religion and national origin. Additional facts alleged in the complaint provide further support for the inference that N.M. acted with discriminatory animus: that the minor had made previous unfounded allegations of sexual abuse, that defendants A.M. and N.M. had a history of making unfounded claims against the Catholic Church, that the minor had been "coached" not to provide details of the abuse, and that defendants A.M. and N.M. targeted plaintiff for the abuse allegation because, as a Chinese national, he was easily identifiable among other priests in the city.

Defendant N.M. further contends that several of the allegations supporting plaintiff's conspiracy claim are based upon information and belief, which amount only to speculation and conjecture that a conspiracy existed. After Twombly and Iqbal, federal courts have found allegations pled "on information and belief" sufficient to state a claim. See Van Stelton v. Van Stelton, No. C11-4045-MWB, 2013 WL 3776813, at *10 (N.D. Iowa July 17, 2013) (collecting cases); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) ("The Twombly plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible.") (internal citations omitted). The allegations plaintiff asserts on the basis of information and belief pertain to N.M.'s mental state, or facts peculiarly within N.M.'s possession and control. As such, these allegations may be based on information and belief. See Arista Records, LLC, 604 F.3d at 120; see also Fed. R.

Civ. P. 9(b) ("[I]ntent, knowledge, and other conditions of a person's mind may be alleged generally.").

Finally, defendant N.M. contends that the complaint fails to allege that she took any act in furtherance of a conspiracy against plaintiff. However, as noted above, the complaint alleges that N.M. spoke directly with a police defendant, significantly altering the trajectory of the police investigation against plaintiff. N.M. also sent a letter to the Archdiocese of St. Louis, plaintiff's employer, seeking monetary payment based on the minor's allegations. These factual allegations constitute overt acts N.M. personally took in furtherance of the alleged conspiracy. Furthermore, the complaint alleges numerous overt acts N.M.'s co-conspirators took in furtherance of the conspiracy. *Complaint* at ¶¶ 38, 39, 50, 53, 60, 70–73, 79, 81; see Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996) (stating that to prove a § 1985(3) claim, a complaint must assert that "one or more of the conspirators . . . did, or caused to be done, 'any act in furtherance of the object of the conspiracy'") (quoting Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971)). Accordingly, accepting the factual allegations as true and viewing the complaint in the light most favorable to plaintiff for purposes of the instant motion, the Court finds that the complaint sufficiently alleges the requisite elements of a civil rights conspiracy claim.

### 2.  Count XII – Abuse of Process

In Count XII, plaintiff asserts an abuse of process claim against the defendant police officers and A.M. and N.M. An abuse of process claim under Missouri law must allege the following elements: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor

authorized by the process; (2) the defendant had an improper purpose [in doing so]; and (3) damage resulted." Stafford v. Muster, 582 S.W.2d 670, 678 (Mo. banc 1979). The phrase "use of process" in the first element "refers to some willful, definite act not authorized by the process or aimed at an objective not legitimate in the proper employment of such process." Id. "The essence of a claim for abuse of process is the use of process for some collateral purpose." Jenkins v. Revolution Helicopter Corp., 925 S.W.2d 939, 945 (Mo. Ct. App. 1996).

Defendant N.M. argues that the complaint does not allege that she made use of or participated in any process. She argues that there is no allegation that she initiated police involvement with plaintiff, asked for an investigation of plaintiff, filed charges against plaintiff, or participated in the prosecution of plaintiff. Additionally, defendant N.M. argues that the complaint fails to plead that she had any improper purpose in engaging with the police, other than the fact that she believed her minor son's report of abuse. Plaintiff contends that N.M. participated in the prosecution by directly contacting defendant Porter to notify her that the minor was willing to view a photo array, which ultimately resulted in plaintiff's arrest.

Because the complaint does not allege that N.M. accused plaintiff of criminal activity leading to his prosecution or otherwise participated in the prosecution of plaintiff it is insufficient to support an inference that N.M. was involved in any process to satisfy an abuse of process claim. Even if the phone call constituted a use of process and was made with an ulterior motive, the factual allegations in the complaint do not support the inference that N.M.'s actions involved a collateral purpose not warranted or authorized by the process. See Cmty. Title Co. of St. Louis v. Liberman Mgmt. Co., 817 S.W.2d 255, 258 (Mo. Ct. App. 1991) ("Abuse of

process does not arise from regular use of process, even if undertaken with ulterior motives."); Missouri Highway & Transp. Comm'n v. Commerce Bank of Kan. City, 763 S.W.2d 172, 177 (Mo. Ct. App. 1988) ("[A]buse of process will not lie where, even though the motive is bad, the use of the process was within the right of the defendant."); see also Diehl v. Fred Weber, Inc., 309 S.W.3d 309, 320 (Mo. Ct. App. 2010) ("The difference between a claim for malicious prosecution and abuse of process is not the commencement of an action without justification but the misuse of process for an end other than that which it was designed to accomplish."). Therefore, the Court will grant N.M.'s motion to dismiss Count XII.

### 3. Count XIII – Intentional Infliction of Emotional Distress

Plaintiff's claim in Count XIII is based on the allegation that the police defendants, A.M., N.M., and the SNAP defendants engaged in conduct "including but not limited to" arresting and prosecuting plaintiff on the basis of his race and religion, publicly and pervasively accusing plaintiff of committing abhorrent crimes without reasonable belief, and depriving plaintiff of his personal liberty and right to practice his religion and religious vocation freely.  As a result of this conduct plaintiff suffered severe emotional distress, emotional and mental anguish, loss of sleep and appetite, and other harm.  In her motion to dismiss, defendant N.M. argues that plaintiff did not and cannot plead facts to show that N.M. engaged in any of the extreme and outrageous conduct alleged to support the intentional infliction of emotional distress claim against her.

To state a claim for intentional infliction of emotional distress under Missouri law, "a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily

harm." Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. banc 1997). The conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Warrem v. Parrish, 436 S.W.2d 670, 673 (Mo. 1969). Furthermore, the conduct must be "intended only to cause extreme emotional distress to the victim." K.G. v. R.T.R., 918 S.W.2d 795, 799 (Mo. banc 1996).

The complaint alleges that N.M. knew or should have known that plaintiff was innocent of the accusations against him because of the minor's previous unfounded claims of sexual abuse and the parents' history of asserting unfounded claims against the Catholic Church. After A.M. reported the minor's allegations of sexual abuse to the police and the minor refused to provide details about the abuse in an initial forensic interview, N.M. contacted the police to arrange for the minor to view a photo array, which led to plaintiff's arrest and prosecution. Defendant argues that these allegations raise the inference that N.M. induced the minor to participate in the viewing, even though she knew that the alleged abuse had not occurred, helping to secure plaintiff's wrongful arrest, prosecution, and media attention for heinous crimes.

Viewing the factual allegations in the complaint in the light most favorable to plaintiff, the Court finds these allegations sufficient to state a plausible claim for intentional infliction of emotional distress against N.M. See, e.g., Jencks v. Cole, No. CIV-15-0164-HE, 2015 WL 3460545, at *4 (W.D. Okla. May 27, 2015) (finding the "pursuit of false criminal charges against an innocent person . . . sufficient to show 'outrageousness'" for an intentional infliction of emotional distress claim);

Gvozden v. Mill Run Tours, Inc., No. 10-CV-4595 (RMD), 2011 WL 1118704, at *7 (N.D. Ill. Mar. 28, 2011) (finding plaintiff's allegations that defendants falsely reported conduct to the police sufficient to support an intentional infliction of emotional distress claim at the motion to dismiss stage). Accordingly, defendant N.M.'s motion to dismiss the intentional infliction claim against her in Count XIII will be denied.

### 4. Count XIV – Defamation

In Count XIV, plaintiff asserts defamation claims against A.M. and N.M. for statements they made, including the false allegation that plaintiff had engaged in unlawful conduct with the minor. Defendant N.M. contends that plaintiff failed to plead specifically any defamatory statement that N.M. made, did not plead how or to whom N.M. published the defamatory statements, and failed to show actual damage to his reputation.

To prevail on a defamation claim, a plaintiff must establish that the defendant made a defamatory statement that identified the plaintiff, was false, was published with the requisite degree of fault, and damaged the plaintiff's reputation. Farrow v. Saint Francis Med. Ctr., 407 S.W.3d 579, 598–99 (Mo. banc 2013). The requirement of specificity in pleading a defamation claim "is strictly applicable only to libel and not to slander." Nazeri v. Missouri Valley Coll., 860 S.W.2d 303, 313 (Mo. banc 1993). In a cause of action for slander, "[a]ll that is required is that there 'be certainty as to what is charged' as the slander." Id. (quoting Lorenz v. Towntalk Publishing Co., 261 S.W.2d 952, 954 (Mo. 1953)). Here, plaintiff alleges that N.M. made false accusations that plaintiff had engaged in heinous and

abhorrent conduct against their minor son. This allegation provides sufficient certainty as to what statements plaintiff charges were defamatory.

However, "[a]n essential element of the tort is that the alleged defamatory material or statement be communicated or published to a third person." Jones v. Pinkerton's, Inc., 700 S.W.2d 456, 458 (Mo. Ct. App. 1985). Following an initial forensic interview of the minor, the complaint alleges that N.M. contacted the police to notify them that the minor was willing to view a photo array. No other factual allegations in the complaint provide support for the inference that N.M. communicated any defamatory statements regarding plaintiff to a third person.

Defendant contends that it is "extremely likely" that during the phone conversation with defendant Porter, N.M. communicated the false accusations to the police. The plausibility standard for surviving a motion to dismiss "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Because plaintiff fails to plead factual content to allow the Court to draw the reasonable inference that N.M. communicated a defamatory statement to a third party, the Court will grant N.M.'s motion to dismiss Count XIV.

### B.  Motion to Strike

Defendant N.M. cites no authority for her request to strike statements from plaintiff's memorandum in opposition to N.M.'s motion to dismiss. A motion to strike under Rule 12(f) is the appropriate remedy for the elimination of "redundant, immaterial, impertinent, or scandalous matter" in a pleading in federal court. Fed.

R. Civ. P. 12(f). However, Rule 12(f) is applicable only to motions to strike portions of "pleadings," which Rule 7(a) defines as complaints, answer, replies, answer to counterclaims or crossclaims, third-party complaints, and third-party answers. Fed. R. Civ. P. 7(a). Therefore, a Rule 12(f) motion to strike is not the proper avenue for challenging plaintiff's memorandum in opposition to the motion to dismiss and N.M.'s motion to strike will be denied. See, e.g., Acker v. Envtl. Res. Mgmt., Inc., 93 F. Supp. 3d 1060, 1066–67 (D. Minn. 2015) (collecting cases noting that the Federal Rules of Civil Procedure do not authorize a party to bring a motion to strike memoranda or affidavits); see also 5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3d ed. 2004) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").

### C. Motion for Sanctions

Defendant N.M. also moves for sanctions to be imposed against plaintiff for statements made in his memorandum in opposition to the motion to dismiss. Upon review of defendant's motion, the statements at issue, and plaintiff's memoranda in opposition, the Court finds N.M.'s motion for sanctions to be both procedurally defective and substantively frivolous. Accordingly, the Court will deny the request.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant N.M. to dismiss for failure to state a claim [Doc. #32] is **granted as to Counts XII and XIV and denied in all other respects.**

**IT IS FURTHER ORDERED** that the motion of defendant N.M. to strike [Doc. #48] is **denied**.

**IT IS FURTHER ORDERED** that the motion of defendant N.M. for sanctions [Doc. #53] is **denied**.

An order of partial dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2015.