UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1008 (CEJ) |
| ) | |
| TONYA LEVETTE PORTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant N.M. to dismiss the complaint pursuant to Missouri's anti-SLAPP statute, Mo. Rev. Stat. § 537.528. Plaintiff has responded in opposition.

I.  **Background**

Plaintiff Reverend Xiu Hui "Joseph" Jiang is a Chinese-born ordained Catholic priest in the Archdiocese of St. Louis. Jiang asserts that defendants A.M. and N.M. falsely accused him of sexually abusing their minor son for the purpose of monetary gain. Jiang also asserts that defendants Jaimie D. Pitterle and Tonya Levette Porter, officers of the St. Louis Metropolitan Police Department, conducted an inadequate investigation of the abuse allegations and targeted plaintiff for prosecution because of his religion and ethnicity. Jiang further asserts that defendants Survivors Network of Those Abused by Priests, its executive director David Clohessy, and its registered agent in Missouri Barbara Dorris (the "SNAP defendants") led a public smear campaign against him which included making false accusations of child molestation in the media. The criminal case against Jiang

remained pending in state court from April 17, 2014 until June 17, 2015, when it was voluntarily dismissed shortly before trial.

The following claims remain in the complaint: religious discrimination, selective enforcement and prosecution based on religion, race and national origin, and conduct shocking the conscience, all in violation of 42 U.S.C. § 1983, against defendants Porter and Pitterle (Counts I–VI); conspiracy to violate civil rights, in violation of 42 U.S.C. § 1985, against all defendants except the City of St. Louis (Count VII); willful, malicious and reckless official acts in violation of Missouri law against defendants Porter and Pitterle (VIII); abuse of process against defendants Porter and Pitterle (Count XII); intentional infliction of emotional distress against all defendants except the City of St. Louis (Count XIII); and defamation against the SNAP defendants (Counts XIV–XV). Plaintiff seeks monetary and injunctive relief. Claims asserted against N.M. (Counts XII and XIV) and the City of St. Louis (Counts IX–XI) were dismissed for failure to state a claim. A.M. has been dismissed from the case due to plaintiff's failure to serve process upon him.

**II.  Discussion**

Defendant N.M. argues that the this action is a strategic lawsuit against public participation (SLAPP) and should be dismissed pursuant to Missouri's anti-SLAPP statute. Mo. Rev. Stat. § 537.528 ("Any action against a person for conduct or speech undertaken or made in connection with a public hearing or public meeting, in a quasi-judicial proceeding before a tribunal or decision-making body of the state or any political subdivision of the state is subject to a special motion to dismiss . . . ."). For the same reasons explained in the Memorandum and Order denying the motion of the SNAP defendants to dismiss the complaint pursuant to

2

Mo. Rev. Stat. § 537.528, the Court finds that N.M. is not entitled to dismissal of the complaint on the basis of Missouri's anti-SLAPP statute. See Mem. & Order, at *2–6 [Doc. #61] (determining that Missouri's anti-SLAPP statute does not apply to judicial proceedings); cf. Cordova v. Cline, 308 P.3d 975, 979–80 (N.M. Ct. App. 2013) (holding that New Mexico's anti-SLAPP statute, with language identical to Missouri's anti-SLAPP statute, does not apply to judicial proceedings).

Moreover, it is unclear under existing case law whether or to what extent Missouri's anti-SLAPP statute applies to state law claims in federal court. See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010) (setting forth the framework for determining whether state law or a Federal Rule applies to state law claims in federal court); Abbas v. Foreign Policy Grp., LLC, 783 F.3d 1328, 1333–36 (D.C. Cir. 2015) (holding that the special motion to dismiss provision of D.C.'s anti-SLAPP statute conflicts with Federal Rules of Civil Procedure 12 and 56, and thus does not apply in federal court under the analysis set forth in Shady Grove; disagreeing with other federal court decisions that applied state anti-SLAPP acts' pretrial dismissal provisions to state law claims in federal court pre-Shady Grove); Unity Healthcare, Inc. v. County of Hennepin, 308 F.R.D. 537 (D. Minn. 2015) (finding that Minnesota's anti-SLAPP statute conflicts with Rule 56 and cannot be applied in federal court, while noting that the Eighth Circuit has not addressed the issue of the applicability of state anti-SLAPP laws in federal court), appeal docketed, No. 15-2489 (8th Cir. July 10, 2015).

Even if Missouri's anti-SLAPP statute applies to state-law claims in federal court, it has no effect on the federal law claims brought in a complaint filed in federal court. See Shelby Cty., Ala. v. Holder, 133 S. Ct. 2612, 2623 (U.S. 2013)

("State legislation may not contravene federal law."); Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) (holding that state substantive law applies to state claims in federal court, "[e]xcept in matters governed by the Federal Constitution or by acts of Congress"); see also U.S. Const. art. VI, cl. 2 ("This Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land."); Doctor's Data, Inc. v. Barrett, No. 10-C-03795 (EEC), 2011 WL 5903508, at *2 (N.D. Ill. Nov. 22, 2011) (stating that application of Illinois' anti-SLAPP law to federal claims would violate the Supremacy Clause by "permit[ting] state law to affect and alter the substance of federal claims"); Bulletin Displays, LLC v. Regency Outdoor Advert., Inc., 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006) (holding that California's anti-SLAPP statute "does not apply to federal question claims in federal court because such application would frustrate substantive federal rights").

As such, the Court finds that defendant N.M. is not entitled to the dismissal of the complaint either in whole or in part on the basis of Missouri's anti-SLAPP statute.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant N.M. to dismiss [Doc. #60] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2016.