UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1008 (CEJ) |
| ) | |
| TONYA LEVETTE PORTER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Survivors Network of Those Abused by Priests (SNAP), David Clohessy and Barbara Dorris to reconsider the previous order denying their motion to dismiss, for expedited appeal under Mo. Rev. Stat. § 537.528, or for certification of the issue to the Missouri Supreme Court under Mo. Rev. Stat. § 477.004. Plaintiff has responded in opposition, and the issues are fully briefed.

### **A.** **Reconsideration**

On December 28, 2015, the Court entered an order denying the SNAP defendants' motion to dismiss this action as a strategic lawsuit against public participation (SLAPP) [Doc. #61]. See Mo. Rev. Stat. § 537.528 (Missouri's anti-SLAPP statute). The SNAP defendants move for reconsideration of that order.

Rule 54(b) of the Federal Rules of Civil Procedure governs motions to reconsider orders that do not constitute final judgments in cases. Rule 54(b) provides that "any order . . . that does not end the action as to any of the claims or parties [] may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under

Rule 54(b), a court may reconsider an interlocutory order to "correct any clearly or manifestly erroneous findings of fact or conclusions of law." Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada, No. 4:00-CV-1073 (CEJ), 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011) (quoting Jones v. Casey's Gen. Stores, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)). "A motion to reconsider under Rule 54(b), however, may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." Id. (quoting Jones, 551 F. Supp. 2d at 854–55); see also Evans v. Contract Callers, Inc., No. 4:10-CV-2358 (FRB), 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) ("Although the Court 'has the power to revisit prior decisions of its own . . . in any circumstance, [it] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988))).

The SNAP defendants have not identified any clearly or manifestly erroneous findings of facts or conclusions of law in th3 order denying their anti-SLAPP motion. The defendants' argument that the Court erred by not applying the Missouri Supreme Court's interpretation of the term "hearings" in a zoning statute to the term "public hearing" in the state's anti-SLAPP statute is flawed. In Campbell v. County Comm'n of Franklin Cnty., 453 S.W.3d 762 (Mo. banc 2015), the Missouri Supreme Court held that "the requirement of a public hearing pursuant to section 64.875 requires, at a minimum, that the public be given the opportunity to present its views about the subject matter of the proposed zoning amendment." 453 S.W.3d at 769. In support of this holding, the court noted that "[a] 'hearing'

contemplates more than mere *attendance* by the public; it connotes a meeting which the public has the right to attend *and* the right to be *heard*." Id. (quoting Appeal of Kurren, 208 A.2d 853, 856 (Pa. 1965)). This interpretation supports the Court's determination that the term "public hearing" in the anti-SLAPP statute refers to hearings held by legislative, administrative, and executive agencies where the public may have a right to participate as members of the general public. See Mem. & Order, at *4 [Doc. #61]. In judicial proceedings, in contrast, members of the public do not have the right to be heard in their capacity as general members of the public. Accordingly, defendants have not provided a sufficient basis for the Court to reconsider its December 28 order.[1]

### B. **Expedited Appeal**

The SNAP defendants also move for the Court to "recognize" their right to "expedited appellate review mandated in the statute." *Motion*, at *1–2 [Doc. #69]. Defendants indicate that they "hereby invoke [their statutory right to an expedited appeal] via this motion, subject to a Notice of Appeal being filed. *Motion*, at *3. This Court has no authority to grant defendants' request. The Federal Rules of Appellate Procedure set forth the procedure for seeking appellate review of a district court's decisions. See Fed. R. App. P. 3–12 (setting forth procedural rules for appeals from a judgment or order of a district court); see also 28 U.S.C. §§ 1291–92 (providing jurisdiction of appeals to the courts of appeals). Also, the Constitution does not support the defendants' assertion that a state statute bestows

---

[1] Furthermore, even if the Court were to agree with defendants' argument that Missouri's anti-SLAPP statute encompasses judicial proceedings, the Court has previously explained that it is unclear whether or to what extent Missouri's anti-SLAPP statute even applies in federal court. See Mem. & Order, at *3 [Doc. #82] (noting a split in federal courts' application of state anti-SLAPP statutes to state law claims in federal court post-Shady Grove). It is clear, however, that Missouri's anti-SLAPP statute does not entitle defendants to dismissal of the federal claims in the complaint. Id. at *3–4. As such, in no event would the relief defendants seek in the instant motion lead to the dismissal of this action.

appellate jurisdiction on a federal court of appeals that Congress has not otherwise provided. See U.S. Const. art. III § 1.

### C. Certification

Alternatively, the SNAP defendants seek certification for review by the Missouri Supreme Court pursuant to section 477.004 of the Missouri Revised Statutes. Section 477.004.1 provides that the "Missouri supreme court may answer questions of Missouri law certified to it by[, *inter alia*,] a United States District Court . . . if there are involved in any proceeding before the certifying court questions of Missouri law which may be relevant to the cause pending and as to which it appears to the certifying court there is no controlling precedent in this state." The SNAP defendants seek certification on the issue of whether Missouri's anti-SLAPP statute applies to speech or conduct made in connection with judicial proceedings.

The Missouri Supreme Court has expressly held that, notwithstanding Mo. Rev. Stat. § 477.004, the Missouri Constitution does not grant it original jurisdiction to render opinions on questions of law certified by federal courts. Grantham v. Missouri Dep't of Corr., No. 72576, at *1, 1990 WL 602159 (Mo. banc July 13, 1990). Since Grantham in 1990, the Missouri Supreme Court has routinely declined to answer questions of state law certified by federal courts. E.g., Washington v. Countrywide Home Loans, Inc., 747 F.3d 955, 958 n.2 (8th Cir. 2014) (citing Grantham); Harber v. Altec Indus., Inc. , 5 F.3d 339, 340 (8th Cir. 1993).

The Court rejects defendants' contention that the only way to know if the Missouri Supreme Court will continue to adhere to its view that it lacks jurisdiction to answer certified questions is to ask. First, in two decisions issued in 2009 this Court explained in detail why it found such a contention unpersuasive. See Doe v.

4

Nixon, No. 4:08-CV-1518 (CEJ), 2009 WL 2957925, at *2–3 (E.D. Mo. Sept. 10, 2009) (denying plaintiffs' motion to certify a question regarding a state statute to the Missouri Supreme Court); Doe v. Neer, No. 4:07-CV-101 (RWS), 2009 WL 975154, at *2–3 (E.D. Mo. Apr. 9, 2009) (same). The rationale of those earlier decisions applies equally here. Second, in response to a recent attempt by the Eighth Circuit to certify a question of state law to the Missouri Supreme Court pursuant to Mo. Rev. Stat. § 477.004, the Missouri Supreme Court opted to adhere to Grantham. Washington, 747 F.3d at 958 n.2. As such, this Court has sufficient reason to presume that, based on the explanations provided by this Court in 2009 and the Missouri Supreme Court's refusal to change course in 2014 despite the opportunity to do so, the Missouri Supreme Court will continue to adhere to the view expressed in Grantham despite any attempts by federal courts to certify questions of state law to it. Thus, the Court will deny defendants' request.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of the SNAP defendants to reconsider, for expedited appeal, or for certification to the Missouri Supreme Court [Doc. #69] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2016.