UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1008 (CEJ) |
| ) | |
| TONYA LEVETTE PORTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to dismiss the counterclaims filed by defendants Survivors Network of Those Abused by Priests, its executive director David Clohessy, and its Missouri registered agent Barbara Dorris (the "SNAP defendants") for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants have responded in opposition, and the issues are fully briefed.

    **I.**    **Background**

Plaintiff Reverend Xiu Hui "Joseph" Jiang is a Chinese-born ordained Catholic priest in the Archdiocese of St. Louis.  Jiang asserts that defendants A.M. and N.M. falsely accused him of sexually abusing their minor son for the purpose of monetary gain.  Jiang also asserts that defendants Jaimie D. Pitterle and Tonya Levette Porter, officers of the St. Louis Metropolitan Police Department, conducted an inadequate investigation of the abuse allegations and targeted plaintiff for prosecution because of his religion and ethnicity.  Jiang further asserts that the SNAP defendants led a public smear campaign against him which included making false accusations of child molestation in the media.  The criminal case against Jiang

remained pending in state court from April 17, 2014 until June 17, 2015, when it was voluntarily dismissed shortly before trial.

The following claims remain in the complaint: religious discrimination, selective enforcement and prosecution based on religion, race and national origin, and conduct shocking the conscience, all in violation of 42 U.S.C. § 1983, against defendants Porter and Pitterle (Counts I–VI); conspiracy to violate civil rights, in violation of 42 U.S.C. § 1985, against all defendants except the City of St. Louis (Count VII); willful, malicious and reckless official acts in violation of Missouri law against defendants Porter and Pitterle (VIII); abuse of process against defendants Porter and Pitterle (Count XII); intentional infliction of emotional distress against all defendants except the City of St. Louis (Count XIII); and defamation against the SNAP defendants (Counts XIV–XV).

The SNAP defendants have asserted counterclaims for abuse of process and punitive damages. The SNAP defendants claim that plaintiff does not have a proper purpose for bringing this lawsuit. Instead, they argue that plaintiff filed this lawsuit to intimidate the minor from pushing forward with the state charges, to bully the defendants, to publish defamatory statements regarding the defendants, and to prevent the defendants from raising public awareness of plaintiff's activities.

**II.   Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S.

2

506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Scheuer, 416 U.S. at 236.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  The legal standard for a motion to dismiss a counterclaim is the same as the standard applied to a motion to dismiss a complaint.  E.g., Intercon Sols., Inc. v. Basel Action Network, 969 F. Supp. 2d 1026, 1067 (N.D. Ill. 2013).

    **III.**    **Discussion**

        **A.**    **Abuse of Process**

To establish an abuse of process claim under Missouri law, a litigant must prove that "(1) the [opposing party] made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the [opposing party] had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted."  Nichols v. Harbor Venture, Inc., 284 F.3d 857, 862 n.4 (8th Cir. 2002) (quoting Stafford v. Muster, 582 S.W.2d 670,

3

678 (Mo. banc 1979)). "These elements are frequently summarized as (1) a willful act of using process (2) for a collateral purpose." Krakover v. Mazur, 48 F.3d 341, 344 (8th Cir. 1995). "Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." Nichols, 284 F.3d at 862 (quoting Ritterbusch v. Holt, 789 S.W.2d 491, 493 n.1 (Mo. banc 1990)).

Plaintiff argues that defendants' abuse of process claim should be dismissed because the defendants fail to allege any illegal, improper or perverted use of process, or an improper motive. Defendants counter that instead of filing his civil lawsuit to recover money, plaintiff is improperly using the process for the purpose of witness intimidation, to avoid criminal consequences for his activities, to publish defamatory statements in a privileged forum, and to silence the SNAP defendants and others from raising public awareness of his actions and the danger he may pose to the community.

The Court finds that defendants' allegations are insufficient to constitute an improper use of process under Missouri law. "Mere allegations that [plaintiff] maliciously commenced a civil suit" does not state a claim for abuse of process in Missouri. Viehweg v. Taylor, 797 F. Supp. 751, 752 (E.D. Mo. 1992). "[N]o liability is incurred where the defendant has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil his motive may be." Wells v. Orthwein, 670 S.W.2d 529, 533 (Mo. Ct. App. 1984); see also Wessler v. Wessler, 610 S.W.2d 650, 652 (Mo. Ct. App. 1980) ("While an ulterior motive may be inferred from an abuse of process the converse does not hold."). "As long as a plaintiff is seeking the remedy requested, his bad motives for pursuing the suit are

4

irrelevant." Krakover, 48 F.3d at 344; see also Wells, 670 S.W.2d at 532 ("If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse even if the plaintiff had an ulterior motive in bringing the action, or if he knowingly brought suit upon an unfounded claim.").

As noted by this court in Viehweg:

> [Defendants'] claim is unlike other allegations of abuse of process that have withstood a motion to dismiss, such as those relying on defendants' filing of identical claims in several other courts, see National Motor Club v. Noe, 475 S.W.2d 16, 24 (Mo. 1972), initiation of a criminal prosecution in order to compel the criminal defendant to pay for damages to an automobile, see [Ritterbusch, 789 S.W.2d at 494], or filing of a third appeal while two appeals involving the same cause of action are still pending, Braxton v. Bi-State Development Agency, 728 F.2d 1105 (8th Cir. 1984).

797 F. Supp. at 753; see also Romeo v. Jones, 86 S.W.3d 428 (Mo. Ct. App. 2002) (finding that respondents were not entitled to judgment as a matter of law on an abuse of process claim because direct evidence of internal communications indicated that their lawsuit had been filed for the pretextual purpose of using the discovery process to gather evidence a prepare a defense in an unrelated lawsuit).

Because defendants have failed to allege an improper use of process to state a claim for abuse of process, the Court will grant plaintiff's motion to dismiss Count I of defendants' counterclaim.

### B.   Punitive Damages

Plaintiff also argues that defendants' counterclaim for punitive damages should be dismissed because it fails to assert any independent cause of action. The SNAP defendants seek punitive damages in Count II for the alleged abuse of process in Count I. "A [claimant] must prevail on his or her underlying claim to

5

submit punitive damages to the jury." Romeo, 144 S.W.3d at 334. As discussed above, defendants have failed to state a claim for abuse of process. Because the improper use of process necessary to give rise to tort liability for abuse of process is absent, defendants' claim for punitive damages likewise fails. See Krakover, 48 F.3d at 345 (finding no error in the district court's grant of judgment as a matter of law on the issue of punitive damages when the court found no rational trier of fact could have found for the defendants on their underlying abuse of process counterclaim). As such, Count II of defendants' counterclaim will also be dismissed.

*   *   *   *   *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss the counterclaims filed by defendants Survivors Network of Those Abused by Priests, David Clohessy, and Barbara Dorris [Doc. #88] is **granted.**

An order of partial dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2016.