UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REV. XIU HUI "JOSEPH" JIANG,      )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )        Case No. 4:15-CV-1008 (CEJ)
                                  )
TONYA LEVETTE PORTER, et al.,     )
                                  )
        Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion, pursuant to Fed. R. Civ.
P. 37(a)(1), to compel defendant N.M. to answer interrogatories and produce
documents.  Defendant N.M. has responded in opposition, and the issues are fully
briefed.

### A.      Privilege Logs

Plaintiff first requests that the Court compel N.M. to produce a complete
privilege log for every document or communication that she has withheld based on
the assertion of a privilege.  At issue are N.M.'s objections to Interrogatories 1, 5
and 12, and Requests for Production 2–7, 16 and 23.  Defendant has submitted
privilege logs in support of her assertions of attorney-client privilege, work product
protection, physician-patient privilege, psychotherapist-patient privilege, and rape
crisis center privilege.  See Def.'s Resps. to Requests 2 and 3 [Doc. #105-7].
Defendant asserts that all other assertions of privilege in other responses cross-
reference these privilege logs.

A party who claims the benefit of a privilege has the initial burden to
establish that the privilege applies.  Rabushka ex rel. United States v. Crane Co.,

122 F.3d 559, 565 (8th Cir. 1997); Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985); Baranski v. United States, No. 4:11-CV-123 (CAS), 2014 WL 7335151, at *5 (E.D. Mo. Dec. 19, 2014). Federal Rule of Civil Procedure 26(b)(5)(A) requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Courts have consistently interpreted this requirement to mean that the party must produce a document index or privilege log. Jacobson v. Metro. St. Louis Sewer Dist., No. 4:14-CV-1333 (AGF), 2015 WL 5330428, at *3 (E.D. Mo. Sept. 14, 2015) (citing Baranski, 2014 WL 7335151, at *6).

Plaintiff does not dispute the adequacy of N.M.'s assertions of privilege as to (1) counseling records from Blash Counseling Associates in response to document requests 2 and 16 and (2) communications withheld at DEF N.M. 0000113-114 in response to Request 3. Plaintiff also agrees that N.M. does not need to provide additional information supporting her assertions of privilege with regard to (1) communications between N.M. and her attorneys that occurred after June 25, 2015, the date on which plaintiff filed his complaint and (b) materials covered by the work-product doctrine that were created after June 25, 2015. Plaintiff states, however, that he does not agree that the asserted privileges provide a basis for withholding any other materials or information.

The Court is unable to discern what other materials or information plaintiff assumes defendant is withholding that she has not described in the privilege logs

provided. Defendant has expressly claimed that certain information is privileged and has sufficiently described the nature of documents or communications not produced or disclosed, as required by Rule 26(b)(5)(A). The Court will deny plaintiff's request to compel defendant to produce additional privilege logs.

## B. Objections to Document Requests

Next, plaintiff requests that the Court order N.M. to comply with Federal Rule of Civil Procedure 34(b)(2)(C), which provides that "[a]n objection [to a request to produce documents] must state whether any responsive materials are being withheld on the basis of that objection." Plaintiff complains that N.M. has failed to state whether she is withholding any documents in response to document requests 1–8, 15–16, 21 and 23. In her responses to these requests, defendant asserts various privileges, but does not affirmatively state whether documents are being withheld on the basis of those privileges. With regard to her objections to certain discovery requests on relevance grounds, defendant argues that there should be no need to specify whether she has possession of such documents.

Rule 34(b)(2)(C) does not distinguish between types of objections or provide for implied assertions. The Court will order defendant to comply with Rule 34(b)(2)(C) and affirmatively state whether any responsive materials are being withheld on the basis of objections defendant N.M. has asserted to requests 1–8, 15–16, 21 and 23.

## C. Rape Crisis Center Privilege

Plaintiff also requests that the Court overrule N.M.'s assertions of the rape crisis center privilege in her objections to interrogatory 1 and document requests 2, 3, 7 and 23. These discovery requests seek information and materials regarding

3

N.M.'s interactions and communications with the SNAP defendants, with whom plaintiff alleges that N.M. conspired to deprive plaintiff of his civil rights.  Defendant N.M. seeks to invoke this privilege on the basis of section 455.003 of the Missouri Revised Statutes.

Rule 501 of the Federal Rules of Evidence "authorizes federal courts to define new privileges by interpreting 'common law principles . . . in the light of reason and experience.'"  Jaffee v. Redmond, 518 U.S. 1, 8 (1996).   As the Supreme Court has observed, "the common law is not immutable but flexible, and by its own principles adapts itself to varying conditions."  Id. (quoting Funk v. United States, 290 U.S. 371, 383 (1933)).  Rule 501, thus, directs federal courts to "continue the evolutionary development of testimonial privileges."  Id. at 9 (quoting Trammel v. United States, 445 U.S. 40, 47 (1980)).  The recognition of a privilege based on a confidential relationship should be determined on a case-by-case basis.   Id. at 8 (quoting S. Rep. No. 93-1277, at 7059 (1974)).

The Supreme Court also has recognized as a "fundamental maxim that the public . . . has a right to every man's evidence."  Id. at 9 (quoting United States v. Bryan, 339 U.S. 323, 331 (1950)).   When federal courts examine claims of exemption, "we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule."  Id. (quoting Bryan, 339 U.S. at 331); see United States v. Nixon, 418 U.S. 683, 710 (1974) ("[T]hese exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.").   "Exceptions from the general rule disfavoring testimonial

privileges may be justified, however, by a 'public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" <u>Jaffee</u>, 518 U.S. at 9 (quoting <u>Trammel</u>, 445 U.S. at 50). A party seeking judicial recognition of a new evidentiary privilege under Rule 501 must "demonstrate with a high degree of clarity and certainty that the proposed privilege will effectively advance a public good." <u>In re Sealed Case</u>, 148 F.3d 1073, 1076 (D.C. Cir. 1998); <u>see</u> <u>In re Grand Jury Investigation</u>, 918 F.2d. 374, 383 (3d Cir. 1990) (stating that federal courts should exercise their narrow authority under Rule 501 "only after careful consideration in the face of a strong showing of need for the privilege").

Defendant N.M. has asserted a rape crisis center privilege in response to discovery requests, but has not demonstrated that adopting the privilege here will effectively advance the public good or otherwise made a strong showing of need for the privilege. Defendant simply asserts as a general proposition that "[p]ublic policy strongly favors the recognition of the Rape Crisis Center Privilege in this case." Def. N.M.'s Memo. in Opp. at 3 [Doc. #111]. This blanket assertion does not "overcome the significant burden of establishing that 'permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" <u>Carman v. McDonnell Douglas Corp.</u>, 114 F.3d 790, 793 (1997) (quoting <u>Trammel</u>, 445 U.S. at 50). Accordingly, the Court declines defendant N.M.'s invitation to recognize the rape crisis center privilege here.

Even if the Court were to recognize the rape crisis center privilege in this case, defendant has not established her entitlement to invoke the privilege. The scope of the privilege cited in the plain text of Mo. Rev. Stat. § 455.003 is narrow.

The statute provides that "[a]ny person employed by or volunteering services to a rape crisis center for victims of sexual assault shall be incompetent to testify concerning any confidential information" directly related to the advocacy services provided to individuals at the center.  Mo. Rev. Stat. § 455.003.2.  This language only pertains to the competency of an employee or volunteer of a rape crisis center to testify.  The remaining sections of the statute define the term "rape crisis center" and describe the confidentiality requirements of such a center.  Defendant N.M. is not an employee or volunteer of SNAP.  Thus, any privilege created by the statute is inapplicable in this case.  See Baldrige v. Shapiro, 455 U.S. 345, 360 (1982) ("A statute granting a privilege is to be strictly construed so as 'to avoid a construction that would suppress otherwise competent evidence.'" (quoting St. Regis Paper Co. v. United States, 368 U.S. 208, 218 (1961))); PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 816 (8th Cir. 2002) ("The Supreme Court has directed that courts must narrowly construe privileges, and statutes creating them, and must avoid suppressing probative evidence.").

Moreover, defendant has not provided an adequate factual basis for asserting the purported rape crisis center privilege as a basis for withholding the documents cited.  "[T]he part[y] asserting privilege as a bar to discovery[] must carry the initial burden of proving the factual basis establishing the applicability of the privilege."  St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp., 197 F.R.D. 620, 627 (N.D. Iowa 2000).  N.M. has not provided sufficient information to allow plaintiff or the Court to determine whether the information or materials she is withholding "would identify individuals served by the center," other than the minor whose identity is already disclosed, or would constitute "information or records that are

directly related to the advocacy services provided to such individuals."  Mo. Rev. Stat. § 455.003.1.

Therefore, N.M. is required to answer interrogatory 1 and produce documents responsive to requests 2, 3, 7 and 23 that she has withheld on the basis of the rape crisis center privilege.

### D.    Objection to Request No. 21

In document request 21, plaintiff seeks "[a]ll documents reflecting or relating to any divorce proceeding between [N.M.] and A.M., including but not limited to any Communications between [N.M.] and A.M. that relate to such divorce proceedings in any way."  [Doc. #104-2].  Plaintiff states that he has obtained only a partial record of the divorce proceedings between N.M. and A.M.  Specifically, the state court's second judgment in modification of the judgment of dissolution of the marriage between N.M. and A.M., awarding N.M. sole custody of the minor, refers to numerous exhibits, such as the minor's counseling records, school records, and depositions of N.M. and A.M.  [Doc. #105-8].  Defendant N.M. objected on the basis of relevancy.

Defendant first asserts that because A.M. is not a defendant in this case, documents related to the divorce proceedings would fail to make any material fact more or less probable with respect to plaintiff's civil rights conspiracy claim.  To establish a conspiracy under 42 U.S.C. § 1985(3), plaintiff must prove:  "(1) the existence of a conspiracy; (2) that the purpose of the conspiracy was to deprive him of his civil rights; (3) an act in furtherance of the conspiracy; [] (4) injury" . . . and "that the conspiracy is fueled by some 'class-based, invidiously discriminatory animus.'"  McDonald v. City of Saint Paul, 679 F.3d 698, 706 (8th Cir. 2012)

(quoting Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996) and Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993)). Proving a "conspiracy" requires the existence of an agreement between two or more persons, but does not require that all co-conspirators be joined as defendants in an action to find another co-conspirator liable. See U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1251 (10th Cir. 1988) ("It is axiomatic that since coconspirators are jointly and severally liable for all damages caused by a conspiracy, a private plaintiff need not sue all the conspirators, but may choose to proceed against any one or more of them." (internal quotations, citations and footnote omitted)); Chicarelli v. Plymouth Garden Apts., 551 F. Supp. 532, 539 (E.D. Pa. 1982) ("If such a conspiracy is shown, the private parties are not absolved of liability because one or all of the co-conspirators who are state actors or officials are immune or because one or all of the state co-conspirators are not joined in the case, or are dismissed from the case." (citing Dennis v. Sparks, 449 U.S. 24, 27–30 (1980))). As such, A.M.'s absence as a party to this litigation does not affect N.M.'s potential liability for engaging in a conspiracy or the relevance of the materials in dispute with respect to plaintiff's civil rights conspiracy claim.

Defendant also argues that her minor son's mental health and emotional status are not at issue in this case. The state court judgment to which plaintiff cites includes court findings that the conduct of both N.M. and A.M. affected the mental health of their son. P_00637–38 [Doc. #105-8]. Plaintiff argues that the minor's psychological trauma potentially explains his false allegations against plaintiff and that A.M.'s opposition to enrolling the minor in a Catholic school may have motivated A.M. to pressure the minor into making false accusations against

plaintiff. Plaintiff contends that the truth or falsity of the minor's accusations against plaintiff is essential to plaintiff's claims of defamation and a civil rights conspiracy.

Because the rules of discovery are broad, the burden is typically on the party resisting discovery to explain why discovery should be limited. Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014). That is, after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993); St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511–12 (N.D. Iowa 2000). The party resisting discovery "must demonstrate to the court that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." St. Paul Reinsurance, 198 F.R.D. at 511–12 (quotation marks and citation omitted).

Plaintiff has made a threshold showing of relevance as to the documents sought in request 21, and defendant has failed to explain why discovery related to this request should be limited. Accordingly, defendant N.M. is required to produce all documents responsive to request 21.

### E.    Missouri Department of Social Services Reports

Plaintiff also seeks to compel defendant N.M. to produce two reports from the Missouri Department of Social Services (DSS) regarding allegations of abuse the

minor made against A.M. in 2013 and against a non-party in 2004 in response to plaintiff's document request 13.  [Doc. ##104-3, 105-7].  The relevance of the DSS reports is not disputed.  According to defendant, however, the documents contain a stamped notice that they are confidential and unauthorized dissemination is a misdemeanor under state law.  <u>See</u> Mo. Rev. Stat. § 210.150.  Defendant has stated that she is willing to make these reports available to plaintiff upon court order.  Because there is no apparent basis under federal law to allow defendant to withhold these reports, the Court will compel N.M. to produce the reports in dispute.  <u>See</u> <u>Farley v. Farley</u>, 952 F. Supp. 1232, 1242 (M.D. Tenn. 1997) ("[T]he statutory and administrative scheme under Tennessee law ensuring only limited disclosure of child abuse files must yield to a supervening interest in their production and use in federal civil rights actions.").

### F.      Objection to Interrogatory No. 12

Next, plaintiff seeks to compel defendant N.M. to answer interrogatory 12 by identifying all individuals who have provided "counseling, treatment, examination, or other form of service for physical, mental, emotional, and/or psychological health to Minor from the time of Minor's birth to the present."  [Doc. #105-6].  Plaintiff states that he is seeking to identify potential witnesses who can provide information about the minor's mental health and his tendency to make false accusations of abuse.  Additionally, plaintiff states that the disclosure of these individuals will assist him in determining whether and to what extent N.M. has waived claims of privilege by disclosing the minor's counseling records to the St. Louis Circuit Attorney's Office during the state criminal proceedings against plaintiff.  N.M. objected to this interrogatory on the basis of physician-patient privilege and

relevance. Defendant argues that she is entitled to invoke the psychotherapist-patient privilege as set forth in Jaffee v. Redmond, 518 U.S. 1 (1996).

In Jaffee, the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." Id. at 15. Conversations and notes taken during counseling sessions with licensed social workers constitute "confidential communications" within this privilege. Id. Although the substance of communications between a patient and his or her licensed psychotherapist is privileged under Jaffee, the facts regarding the occurrence of psychotherapy, such as the identities of the providers or the dates of treatment, are not privileged and thus are subject to disclosure. E.g., Korff v. City of Phoenix, No. CV-13-02317-PHX-ESW, 2015 WL 4065070, at *2 (D. Ariz. July 2, 2015); Langenfeld v. Armstrong World Indus., Inc., 299 F.R.D. 547, 551 (S.D. Ohio 2014); Howe v. Town of North Andover, 784 F. Supp. 2d 24, 34 (D. Mass. 2011).

Plaintiff only seeks to compel N.M. to disclose the identities of the individuals described in interrogatory 12; the interrogatory does not require disclosure of the content of any confidential communications. The identities of psychotherapists that have treated the minor are not privileged under Jaffee. The defendant is required to answer interrogatory 12.

### G. Text Messages

In request for production 4, plaintiff seeks documents relating to communications between N.M. and A.M. that relate to their minor son. In response to the request, N.M. produced a portion of a text message chain with A.M. relating to an investigation involving the minor. [Doc. #105-10]. Defendant states that

she will endeavor to find more complete copies of the subject text messages. Because defendant has no objection to providing the entire text messages, she will be ordered to produce them.

### H.    Response to Interrogatory No. 15

Interrogatory 15 asks that N.M. provide A.M.'s "contact information," as defined in the interrogatory definitions, including current residence and work addresses, telephone numbers, and email addresses.  In response, N.M. provided only A.M.'s email address, a former telephone number, and the names of two of A.M.'s former employers.  In her memorandum in opposition to the instant motion, N.M. states that she has provided a complete response to the request, to the best of her knowledge.  Absent a showing that N.M. has withheld information responsive to the interrogatory, the Court will not order any further answer.  However, the defendant is reminded of her duty to supplement in accordance with Fed. R. Civ. P. 26(e).

***

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery from defendant N.M. [Doc. #104] is **granted in part**.

**IT IS FURTHER ORDERED** that, within 14 days of the date of this order, defendant N.M. shall:

(1)    state whether any responsive materials are being withheld on the basis of objections asserted to requests for production of documents in compliance with Fed. R. Civ. P. 34(b)(2)(C);

(2)    produce all documents and information she has withheld on the basis of the rape crisis center privilege;

(3)     produce all documents she has withheld on the basis of her relevance objection to Request No. 21;

(4)     produce the reports cited in response to Request No. 13;

(5)     disclose the identities of all individuals responsive to Interrogatory No. 12; and

(6)     disclose the entirety of the text message chain that includes the message partially reproduced in Plaintiff's Exhibit 15 filed under seal.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel is **denied** as to Interrogatory No. 15 and as to the production of additional privilege logs.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2016.