UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1008 (CEJ) |
| ) | |
| TONYA LEVETTE PORTER, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the motion of defendants Survivors Network of Those Abused by Priests (SNAP), David Clohessy, and Barbara Dorris (collectively, the "SNAP defendants") for an interlocutory appeal of an order compelling discovery and to stay their response to plaintiff's motion for sanctions pending resolution of the interlocutory appeal.  The SNAP defendants seek to certify for appeal the question of whether the plaintiff, who was once accused of sexually abusing a minor, may obtain through discovery "confidential" information acquired by defendants from victims of sexual abuse.  Plaintiff has responded in opposition.

Section 1292(b) of Chapter 28 of the United States Code provides a mechanism through which a party can pursue an interlocutory appeal.  To satisfy the requirements of § 1292(b), a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate termination of the litigation."  <u>Paschall v. Kansas City Star Co.</u>, 605 F.2d 403, 406 (8th Cir. 1979).

"It has, of course, long been the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the courts and the litigants." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (quoting Control Data Corp. v. Int'l Bus. Machs. Corp., 421 F.2d 323, 325 (8th Cir. 1970)). As such, the Eighth Circuit has instructed that permission to allow interlocutory appeals should be "granted sparingly and with discrimination." Id. Section 1292(b), therefore, should be used only in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation." Id. The movant bears the "heavy burden" of demonstrating that the case is an exceptional one that justifies immediate appeal. Id. The SNAP defendants have failed to meet their burden in this case.

First, defendants have not presented an issue that involves a controlling legal question. See White, 43 F.3d at 377–78 ("[T]he discretionary resolution of discovery issues precludes the requisite controlling question of law."); see also United States v. Woodbury, 263 F.2d 784, 788 (9th Cir. 1959) (holding that a privilege dispute was "collateral to the basic issues of th[e] case" and "cannot be regarded as presenting a 'controlling question of law' as those words are used in [§ 1292(b)]"); RFC & RESCAP Liquidating Trust Litig., No. 13-3451 (SRN/HB), 2016 WL 3410332, at *3 (D. Minn. June 20, 2016) ("A question is not controlling if the litigation would necessarily continue, regardless of how the question were decided."). Second, because the highest court in Missouri considered whether a substantially similar confidentiality provision in a related state statute created an evidentiary privilege and concluded it did not, and defendants have not cited any conflicting state or federal authority, there is not a substantial ground for a

difference of opinion on the issue defendants present. See State ex rel. Hope House, Inc. v. Merrigan, 133 S.W.3d 44, 49–50 (Mo. banc 2004); see also Graham v. Mukasey, 608 F. Supp. 2d 56, 57 (D.D.C. 2009) ("A movant must do more than show continued disagreement with the trial court's decision. . . . Even 'vehement' disagreement with a court's ruling does not establish the substantial ground for difference of opinion sufficient to satisfy the statutory requirements for interlocutory appeal."). Third, resolution of this discovery dispute does little to advance the ultimate termination of the litigation and results only in delay. See White, 43 F.3d at 378–79 ("Whether or not White obtains the files, he will press his § 1983 claims. . . . When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.").

The SNAP defendants' citation to In re Lombardi, 741 F.3d 888 (8th Cir. 2014) is of no avail. In Lombardi, the Eighth Circuit stated that "[d]iscovery orders [] are not ordinarily appealable, but mandamus may issue in extraordinary circumstances to forbid discovery of irrelevant information, whether or not it is privileged, where discovery would be oppressive and interfere with important state interests." Because the plaintiffs in Lombardi had not stated a claim for which relief could be granted, the Eighth Circuit found the discovery sought related to that claim or claims to be irrelevant.

In contrast, here, plaintiff has stated claims against the SNAP defendants for which relief could be granted. Specifically, plaintiff has sufficiently stated claims against the SNAP defendants for their involvement in a conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985, intentional infliction of emotional distress,

3

and defamation.  See Dec. 28, 2015 Mem. & Order [Doc. #61].  On a motion to compel, the Court overruled the SNAP defendants' assertions of a purported rape crisis center privilege in response to plaintiff's discovery requests related to those claims.  In the order, however, the Court did not overrule the defendants' objections to responding to these discovery requests on the basis of relevance.  See June 27, 2016 Mem. & Order, at *13–14 [Doc. #131] (denying plaintiff's request to overrule "boilerplate objections" that the SNAP defendants asserted, while reminding defendants of their obligation to show specifically how each interrogatory or request for production was not relevant or overly broad, burdensome, or oppressive).  In fact, the SNAP defendants have never defended any of their asserted objections to the relevance of this discovery.  Instead, they have only reiterated their insistence that the Court recognize and adopt a state evidentiary privilege that the state itself does not recognize as a privilege in a case in which federal common law governs claims of privilege.  See Fed. R. Evid. 501.  The Court notes that the parties in this case have agreed to a protective order that appears to cover the defendants' confidentiality concerns or could be amended to do so.

For the reasons stated above, the Court finds that the SNAP defendants have not met their heavy burden of demonstrating the need for an interlocutory appeal pursuant to § 1292(b).

Accordingly,

**IT IS HEREBY ORDERED** that the SNAP defendants' motion for certification of a question for interlocutory appeal [Doc. #148] is **denied**.

**IT IS FURTHER ORDERED** that the SNAP defendants' motion to stay their response to plaintiff's motion for sanctions pending resolution of their motion for an interlocutory appeal [Doc. #148] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2016.

5