UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REV. XIU HUI "JOSEPH" JIANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-1008 (CEJ) |
| | ) | |
| TONYA LEVETTE PORTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the emergency motion of Jane Doe, Paula Poe, and Richard Roe to intervene under Rule 24(a) or (b), and for stay of an order compelling discovery. Also before the Court is the SNAP defendants' motion to join in the prospective intervenors' motion to stay the Court's discovery order. Plaintiff has responded in opposition to both motions.

The movants are Missouri citizens who are alleged victims of sexual abuse, assault or rape by clergy members. Each of the movants consulted with and received victim advocacy services from SNAP. The movants seek to intervene for the limited purpose of requesting the Court to partially vacate its June 27, 2016 discovery order.

I. **Standing**

Although there is no consensus among the circuits, "[i]n the Eighth Circuit, a prospective intervenor must 'establish Article III standing in addition to the requirements of Rule 24.'" Nat'l Parks Conservation Ass'n v. U.S. EPA, 759 F.3d 969, 974 (8th Cir. 2014) (quoting United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 832 (8th Cir. 2009)). The requirements for Article III standing are

(1) injury, (2) causation, and (3) redressability. Id. The alleged injury for standing must be "concrete, particularized, and either actual or imminent." Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999). Also, the injury must be "fairly traceable" to the conduct complained of and capable of redress by a favorable decision. Metro St. Louis Sewer Dist., 569 F.3d at 834.

As discussed further below, the purported intervenors have not cited to any withheld materials implicating their privacy that fall within the scope of the Court's discovery order, that are relevant to this case, or that are beyond the protection of the protective order agreed to by the parties. Thus, the movants have not established that the injury they allege is actual or imminent, as opposed to purely speculative. City of L.A. v. Lyons, 461 U.S. 95, 101–02 (1983) (stating that "the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical'"). Therefore, as a threshold matter, the movants appear to lack standing to intervene. However, even if the movants had standing to intervene, they also would need to meet the requirements of either Rule 24(a) or 24(b). FTC v. Johnson, 800 F.3d 448, 451–52 (8th Cir. 2015). Neither type of intervention is appropriate in this case.

## II. Mandatory Intervention

In relevant part, Rule 24(a) provides that:

On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); see FTC v. Johnson, 800 F.3d 448, 452 (8th Cir. 2015) ("[A] putative intervenor must establish that it: (1) has a recognized interest in the

subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties." (quoting N. Dakota ex rel. Stenehjem v. United States, 787 F.3d 918, 921 (8th Cir. 2015))).[1]

When a non-party moves to intervene as a matter of right, the Eighth Circuit has instructed that "[a] court must carefully analyze whether the proposed intervenor's asserted interest really is bound up with the subject matter of the litigation." Metro. St. Louis Sewer Dist., 569 F.3d at 840. For the interest analysis of Rule 24(a), the prospective intervenor's interest must be "direct, as opposed to tangential or collateral" and "recognized, *i.e.*, both substantial and legally protectable." United States v. Union Elec. Co., 64 F.3d 1152, 1161 (8th Cir. 1995) (internal quotations omitted). For the demonstration of impairment in Rule 24(a), the Eighth Circuit has described "the necessary showing as a 'sufficient stake' in the litigation." Id. (quoting J & N Logging Co., Inc. v. Rockwood Ins. Co., 848 F.2d 1438, 1439 (8th Cir. 1988)). For the mandatory intervention analysis of Rule 24(a), the movant bears the burden of showing that his or her interests are not

---

[1] As an initial matter, the Court finds that the purported intervenors have a limited interest in an order compelling discovery in the case, in contrast to the subject matter of the action. See Fed. R. Civ. P. 24(a)(2) (requiring to court to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action"); Sierra Club v. Robertson, 960 F.2d 83, 85 (8th Cir. 1992) (stating that the proposed intervenor must have "an interest in the subject matter of the action" for a court to grant a motion to intervene as of right under Rule 24(a)(2)). In contrast to Rule 24(a), Rule 24(b) requires only that the proposed intervenor's "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). Other courts have generally considered motions to intervene for limited purposes under Rule 24(b). E.g., EEOC v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("[W]e construe Rule 24(b) as an avenue for third parties to have their day in court to contest the scope or need for confidentiality." (internal quotations and citation omitted)); In re Baycol Prods. Litig., 214 F.R.D. 542, 543 (D. Minn. 2003) ("Most circuits have held that permissive intervention is the appropriate procedural course for third party challenges to confidentiality orders." (citing Nat.'l Children's Ctr., Inc., 146 F.3d at 1046)). Thus, the instant motion to intervene for a limited purpose is properly characterized as a Rule 24(b) motion for permissive intervention. Nonetheless, the Eighth Circuit has not directly spoken on the issue and the Supreme Court has admonished lower courts to avoid a rigid construction of Rule 24. Jessup v. Luther, 227 F.3d 993, 998 (7th Cir. 2000) (citing Mo.-Kan. Pipe Line Co. v. United States, 312 U.S. 502, 505–06 (1941)); cf. Flynt v. Lombardi, 782 F.3d 963, 967 (8th Cir. 2015) (finding permissive intervention under Rule 24(b) to be the appropriate procedural vehicle for non-parties seeking to intervene for the limited purpose of unsealing judicial records). As such, the Court first considers the movants' arguments under the criteria of Rule 24(a).

3

adequately represented by existing parties.  Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997).  This burden is ordinarily "minimal," but "if an existing party to the suit is charged with the responsibility of representing the purported intervenor's interests, a presumption of adequate representation arises."  Id.  The presumption of adequate representation is not rebutted by a purported intervenor's mere disagreement with the litigation strategy or objectives of the party representing his or her interests.  Id. at 188.

The movants have not demonstrated the requisite factors in Rule 24(a) for the Court to allow them to intervene as a matter of right.  The Court recognizes that the movants have an interest under state law in SNAP preserving the confidentiality of their communications directly related to the advocacy services SNAP provides.  See Mo. Rev. Stat. § 455.003.  However, the movants do not point specifically to any materials within or outside the record that actually implicate their interests.  In fact, the intervenors' counsel has indicated that he is unsure whether or to what extent the documents sought implicate his client's identities, information or interests.  See E-mail [Doc. #141-2]; Mot. [Doc. #163] (stating that the intervenors filed their motion to prevent the SNAP defendants' compelled disclosure of documents that "*might* reveal [i]ntervenors' identities and communications with SNAP" (emphasis added)).  Contrary to movants' beliefs, the Court has not ordered SNAP to disclose the movants' identities or the substance of the victim advocacy work SNAP conducted on movants' behalf that is wholly unrelated to any party or issue in this case.  The movants do not have a legally cognizable interest in preventing the disclosure of materials that do not relate to them.

In its June 27 order, the Court recognized that section 455.003 of the Missouri Revised Statutes "establish[es] a state statutorily mandated confidentiality policy," but concluded that the statute does not create an evidentiary privilege. Mem. & Order, at *8 [Doc. #131]. The Court instructed defendants that "concern for protecting confidentiality does not equate to privilege" and that confidential documents "are more appropriately produced subject to a protective order." Id. at *8–9 (quotations and citations omitted). The Court also invited the parties to request that the requested information be disclosed or produced subject to a protective order. Id. at *11. All of the parties in the case have entered into a court-approved protective order to protect the confidential information of the parties and victims and suspects in unrelated criminal matters. [Doc. #125]. The movants' confidentiality interest in their communications with SNAP employees unrelated to this case and outside the purview of the Court's discovery order does not rise to the level of a direct interest in the subject matter of this action necessary for mandatory intervention.

The SNAP defendants express the movants' confidentiality concerns as preventing an individual twice accused of sexual misconduct with children from having third parties' sensitive information. However, the protective in order in place protects the disclosure of third parties' sensitive information. The SNAP defendants have never attempted to amend or modify the existing protective order to address any additional confidentiality concerns through alternative mechanisms, such as more targeted redactions or attorneys-eyes-only restrictions. The movants do not seek equitable relief related to any party's conduct under the protective order. Plaintiff is already aware of the identities of the persons who have accused

him of sexual assault. "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy [Rule 24(a)]." Standard Heating & Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 571 (8th Cir. 1998) (quoting Wash. Elec. v. Mass. Mun. Wholesale Elec., 922 F.2d 92, 97 (2d Cir. 1990)). Accordingly, the Court finds that the movants are not entitled to intervene as a matter of right under Rule 24(a).

### III. **Permissive Intervention**

Permissive intervention is governed by Rule 24(b), which provides in relevant part that, on a timely motion, a court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion under Rule 24(b), the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." S.D. ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003).

"The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." Barnett, 317 F.3d at 787. "[N]o judicial economy is gained by allowing the movants to intervene for the purpose of presenting defenses or arguments that can be or already have been presented by the [d]efendants. Permissive intervention, [in that situation] would only serve to delay and unfairly prejudice the rights of the original parties." Vonage Holdings, Corp. v. Neb. Pub. Serv. Comm'n, 543 F. Supp. 2d 1062, 1070 (D. Neb. 2008); accord North Dakota

v. Heydinger, 288 F.R.D. 423, 430 (D. Minn. 2012); see also Metro St. Louis Sewer Dist., 569 F.3d at 841 ("[A] federal case is a limited affair, and not everyone with an opinion is invited to attend.").

The Court finds that the proposed intervention would add further delay to this case without contributing to the issues in dispute. In their motion, the putative intervenors merely recite arguments the SNAP defendants have repeatedly presented that the Court has repeatedly rejected. Thus, the Court will not permit the movants to intervene for the limited purpose of challenging an order compelling the SNAP defendants to produce or respond to discovery to which plaintiff is entitled.

Because the Court finds it neither necessary nor appropriate to allow the movants to intervene in this matter, the Court need not address their motion to stay the June 27 order. The SNAP defendants' motion to join in the motion to stay adds no new substantive arguments for the Court's consideration and also will be denied.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the emergency motion of Jane Doe, Paula Poe, and Richard Roe to intervene under Rule 24(a) or (b) [Doc. #139] is **denied**.

**IT IS FURTHER ORDERED** that the motion of Jane Doe, Paula Poe, and Richard Roe for a stay of order [Doc. #139] is **denied as moot**.

**IT IS FURTHER ORDERED** that the SNAP defendants' motion to join in the emergency motion to stay [Doc. #137] is **denied**.

**IT IS FURTHER ORDERED** that the SNAP defendants' unopposed motion for an extension of time to respond to plaintiff's motion for sanctions and to reply in support of their motion to stay [Doc. #146] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2016.