UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TONYA LEVETTE PORTER, et al., ) <br> ) <br>     Defendants. ) | Case No. 4:15-CV-1008 (CEJ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for sanctions against defendants SNAP, David Clohessy, and Barbara Dorris (the "SNAP defendants"). Plaintiff argues that the SNAP defendants' open and public defiance of the Court's discovery orders and their pattern of discovery abuse warrant the imposition of sanctions under Rule 37 of the Federal Rules of Civil Procedure. The SNAP defendants have responded in opposition, and the issues are fully briefed.

On June 27, 2016, the Court overruled the SNAP defendants' assertions of a purported "rape crisis center privilege" and ordered the defendants to provide any requested information that they withheld on that basis. [Doc. #131]; see Mo. Rev. Stat. § 455.003. On July 12, instead of complying with the Court's order, the SNAP defendants filed a motion for reconsideration that continued to rely on the same meritless invocation of privilege.[1] [Doc. #132]. In denying that motion, the Court gave the SNAP defendants until July 22 to comply with the June 27 order. [Doc. #136]. The Court also warned the SNAP defendants that their failure to comply

---

[1] In their motion to reconsider, the SNAP defendants requested that the Court examine the documents *in camera* to assess the propriety of their redactions. However, as described below, the SNAP defendants have never explained how the existing protective order does not already adequately protect their purported confidentiality interests, or why the protective order could not be amended to do so. [Doc. #125].

could result in the imposition of sanctions authorized under Federal Rule of Civil Procedure 37(b)(2).  Id.  On July 22, instead of complying with the Court's orders, the SNAP defendants filed a motion to join in purported intervenors' motion to stay, reiterating their assertion of privilege.  [Doc. #137].  On August 8, the SNAP defendants filed a meritless motion for interlocutory appeal of the Court's June 27 discovery order.  [Docs. ## 154, 156].  To date, the SNAP defendants have not produced unredacted copies of documents they have withheld or complete answers to any of the interrogatories to which they have objected on the basis of Mo. Rev. Stat. § 455.003.

Plaintiff also states that the SNAP defendants have not produced information regarding contributions attorneys at the law firm Chackes, Carlson & Gorovsky made to SNAP from 2005 through 2012, in defiance of the Court's June 27 order. In support of this contention, plaintiff cites to a secondary source indicating that attorneys at the firm made payments to SNAP in 2010.  Plaintiff also points to disclosures and productions from other parties and non-parties, which include communications with the SNAP defendants that the SNAP defendants themselves never produced despite plaintiff's discovery requests.  As such, the record indicates that the SNAP defendants have improperly withheld and may be continuing to withhold documents and information responsive to plaintiff's discovery requests.

In response to the instant motion, the SNAP defendants concede that they have willfully disobeyed the Court's discovery orders, but contend that doing so was necessary to obtain an immediate appeal of the Court's privilege ruling.  However, defendants are not entitled to interlocutory or collateral appellate review of a Rule 37 sanctions order, a civil contempt order, or an adverse privilege ruling.  See

2

Coca-Cola Co. v. Purdy, 382 F.3d 774, 792 (8th Cir. 2004) ("The imposition of sanctions for civil contempt during the course of a pending action is an appealable final order only if the person held in contempt is not a party to the pending action."); Tenkku v. Normandy Bank, 218 F.3d 926, 927 (8th Cir. 2000) (stating that Cunningham v. Hamilton County, 527 U.S. 198 (1999), "held that a sanctions order against a party or her attorney is not an appealable final order"); cf. Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 113 (2009) ("In short, the limited benefits of applying 'the blunt, categorical instrument of § 1291 collateral order appeal' to privilege-related disclosure orders simply cannot justify the likely institutional costs.'" (quoting Dig. Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 883 (1994))). To the extent that the SNAP defendants intend to seek mandamus review, they have provided no explanation as to why they did not do so at the immediately after entry of the June 27 order, instead of continuing to defy the Court's discovery orders through futile pleadings.

The Court finds that the SNAP defendants' refusal to comply with the Court's discovery orders has been willful and in bad faith. At no time have the SNAP defendants attempted to address their purported confidentiality concerns through other means beyond their repeated assertions of a nonexistent privilege. As plaintiff points out, the SNAP defendants have never proposed targeted redactions of names of third-party victims or attorneys-eyes-only disclosures. The parties in this case entered into an agreed-upon protective order to address their confidentiality concerns, which the SNAP defendants have never attempted to amend. Also, as the Court previously pointed out, the SNAP defendants have not attempted to defend other objections to responding to the discovery requests at

3

issue.[2]  Instead of complying with the Court's orders or seeking viable alternatives to achieving their objectives in compliance with their obligations under the Federal Rules of Civil Procedure, the SNAP defendants have filed four meritless motions rehashing the same arguments and misconstruing the Court's orders.

Furthermore, the SNAP defendants' defiance of the Court's orders and refusal to provide documents and information in discovery has impaired plaintiff's ability to litigate his claims against them.  For example, the SNAP defendants are withholding documents that evidence communications among them and with friends or relatives of persons who have accused plaintiff of sexual abuse and plaintiffs' attorneys who have received referrals from SNAP.  The existence and content of these communications could support or lead to further evidence that supports plaintiff's civil rights conspiracy and defamation claims.  Thus, the SNAP defendants' violations have prejudiced plaintiff.  See In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003) ("A finding of 'prejudice' under Rule 37(b) is proper if the failure to make discovery impairs an opponent's ability to determine the factual merits of a party's claim.").  As such, sanctions are necessary and appropriate in this case.

Rule 37(b)(2)(A) provides that a district court may "issue further just orders" to a party who fails to obey an order compelling discovery with a panoply of sanctions.  These include:

---

[2] Plaintiff contends that the vast majority, if not all, of the disputed discovery at issue does not pertain to unrelated third parties, but instead is comprised of documents of core relevance to this case.  In the SNAP defendants' redaction log describing information withheld, only two entries denote redactions made on the basis of relevance among more than 100 pages of redactions.  See Pl.'s Ex. 19, at *4–5 [Doc. #116-17].  Indeed, during plaintiff's substantive discussions with the purported intervenors in this case regarding their asserted privacy interests, plaintiff's counsel found that the documents which concerned the intervenors involved email communications between the SNAP defendants and Chackes, Carlson & Gorovsky attorneys, rather than confidential communications between rape victims and counselors.  See Pl.'s Ex. 6 [Doc. #166-6].

4

  (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
  (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
  (iii)  striking pleadings in whole or in part
  (iv)  staying further proceedings until the order is obeyed;
  (v)  dismissing the action or proceeding in whole or in part;
  (vi)  rendering a default judgment against the disobedient party; or
  (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  Instead of or in addition to these orders, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless the failure was substantially justified or doing so is otherwise unjust.  Fed. R. Civ. P. 37(b)(2)(C).  The Court has given consideration to all of the authorized sanctions under Rule 37.

  Striking a party's pleadings is a sanction that "should be applied only when there is an order compelling discovery, a willful violation of that order, and prejudice to the other party."  St. Louis Produce Market v. Hughes, 735 F.3d 829, 832 (8th Cir. 2013).  "[B]efore dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith."  Comstock v. UPS Ground Freight, Inc., 775 F.3d 990, 992 (8th Cir. 2014) (quoting Bergstrom v. Frascone, 744 F.3d 571, 576 (8th Cir. 2014)).

  Based on the SNAP defendants' deliberate and willful refusal to comply with the Court's discovery orders and other discovery abuses, the Court is entitled to strike their pleadings in whole and enter default against them.  Each requisite element for resorting to striking a party's pleadings or dismissal as a sanction is

5

present here.  The Court issued two orders compelling discovery, the SNAP defendants concede that they have violated those orders, and they thereby caused prejudice to plaintiff's ability to prove his claims.  Furthermore, the SNAP defendants' failure to comply with the Court's orders was deliberate or in bad faith, as described above.  Therefore, the Court is not required to consider a lesser sanction than dismissal.

Nonetheless, the Court finds a lesser but equally efficient sanction is available to adequately punish the defendants and deter future discovery violations. As an alternative to striking their pleadings and as requested by plaintiff, the Court will direct that the facts alleged supporting elements of plaintiff's claims against the SNAP defendants have been established for the purpose of this action.  Fed. R. Civ. P. 37(b)(2)(A)(i).

Specifically, with respect to plaintiff's civil rights conspiracy claim, the Court will direct that it has been established that the SNAP defendants conspired with one another and others to obtain plaintiff's conviction on sexual abuse charges and that they entered into this conspiracy due to discriminatory animus against plaintiff based on his religion, religious vocation, race and national origin.  See McDonald v. City of St. Paul, 679 F.3d 698, 706 (8th Cir. 2012) ("To establish a conspiracy under § 1985(3), [a plaintiff] must prove: (1) the existence of a conspiracy; (2) that the purpose of the conspiracy was to deprive him of his civil rights; (3) an act in furtherance of the conspiracy; and (4) injury.").  With respect to plaintiff's defamation claim, the Court will direct that it has been established that the SNAP defendants' public statements about plaintiff were false and that they did not conduct any inquiry into the truth or falsity of these public statements, but instead

6

made these statements negligently and with reckless disregard for the truth.  See Mo. ex rel. BP Prods. N. Am. Inc. v. Ross, 163 S.W.3d 922, 929 (Mo. banc 2005) ("[A] plaintiff must establish the following in a defamation claim: '1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation.'" (quoting Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. banc 2000))).  The Court finds that imposing this sanction sufficiently punishes the SNAP defendants while ameliorating the prejudice their noncompliance has caused to plaintiff.

Even if the SNAP defendants' violations were not deliberate or in bad faith, the Court does not believe that a less extreme sanction would suffice.  Staying discovery until the SNAP defendants obey the Court's orders would only protract rather than advance this litigation without any desired effect.  Based on their conduct and filings in this case, the SNAP defendants have clearly indicated that they will not comply with the Court's discovery orders under any circumstances.  Thus, holding the SNAP defendants in contempt of court likewise will not compel their compliance with the Court's orders.

Furthermore, because their conduct was not substantially justified and doing so is not otherwise unjust, the Court must order the SNAP defendants to pay the reasonable expenses, including plaintiff's attorney's fees, caused by their failure to comply with the Court's orders.  Fed. R. Civ. P. 37(b)(2)(C).  The Court will provide plaintiff's counsel the opportunity to submit information reflecting the number of hours the defendants' noncompliance caused him to expend in attempts to procure the withheld discovery, as well as appropriate billing rates.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for sanctions against defendants SNAP, David Clohessy, and Barbara Dorris [Doc. #141] is **granted**.

**IT IS FURTHER ORDERED** that the designated facts set forth in this order, as plaintiff claims, will be taken as established for purposes of this action.  See Fed. R. Civ. P. 37(b)(2)(A)(i).

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary protective order prohibiting the SNAP defendants from participating in discovery until the Court has ruled on plaintiff's motion for sanctions against the SNAP defendants [Doc. #149] is **moot**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **September 1, 2016,** to submit documentation reflecting the attorney's fees and expenses incurred as a result of the SNAP defendants' failure to comply with the order compelling discovery.  See Fed. R. Civ. P. 37(b)(2)(C).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2016.