## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:15-CV-1008-CEJ |
| ) | |
| TONYA PORTER, JAIMIE PITTERLE, ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

### PROTECTIVE ORDER

To protect confidential information of the parties, their former and current employees and agents, and the victims and suspects in unrelated criminal matters, the parties hereby agree that this Protective Order shall govern the disclosure of all information during the course of this matter (the "Litigation") as follows:

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoena in the Litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" under this Protective Order.

2. A party may designate Discovery Materials as "Confidential" under this Protective Order only if the designating party actually and reasonably believes that the designated Discovery Materials contain information that (a) is not in the public domain, and (b) constitutes financial or tax information, social security numbers, medical or health information, information obtained from police records, information regarding the identities of alleged crime victims or suspects, or other similarly sensitive and/or personal information. The parties agree to exercise good faith in designating materials "Confidential" and to avoid burdening the other parties and the Court with needless or excessive designations.

3. Any Discovery Materials other than St. Louis Metropolitan Police Reports that are to be designated "Confidential": (a) may be so designated by the producing party or non-party by providing copies of the Discovery Materials stamped with the legend "CONFIDENTIAL" (regardless of typographical settings); or (b) by Order of the Court on motion of any party or non-party.

4. All St. Louis Metropolitan Police Reports produced in this matter, other than those that address the investigation of the plaintiff, shall be determined and treated as "Confidential" regardless of

whether they are stamped with the legend "CONFIDENTIAL." Counsel for any party of record and anyone acting on behalf of counsel of record may not contact or attempt to contact any witness or any suspect listed in any St. Louis Metropolitan Police Report produced in this matter other than CN 14-015770 without written consent from counsel for the Police Defendants, unless such counsel or party has a preexisting personal relationship with such witness or suspect. If such consent is refused, the counsel for the party seeking to contact any such witness or suspect may seek an order from the Court to allow such contact, with counsel for the Police Defendants permitted an opportunity to object to the request. For purposes of clarity, this restriction does not apply to A.M. or to witnesses to the events described in the Complaint.

5.  Inadvertent production of or failure to designate any information as "Confidential" shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as "Confidential" as appropriate. The receiving party must treat such information as "Confidential" from the date designation is received. Disclosure, prior to the receipt of designation, of such information to persons not authorized to receive "Confidential" information shall not be deemed a violation of this Order. However, after receipt of designation, the receiving party must immediately take reasonable steps to retrieve all information that is "Confidential" that is in the possession or control of persons not authorized to receive "Confidential" Information.

6.  If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware, and shall immediately return the original to the producing party and return or destroy all such copies. The return of the document and/or information to the producing party shall not preclude the receiving party from later moving the court to compel production of the returned documents and/or information.

7.  Any discussion in a deposition or transcript of a document previously designated as "Confidential" shall automatically be considered designated with the same treatment as the underlying document without further designation. This order does not restrict any party from showing any document designated "Confidential" to any witness during or in preparation for a deposition taken in this Litigation, provided that the deposed witness is first advised of his or her obligations of confidentiality under this protective order.

8.  "Confidential" information shall be used solely for the purposes of this Litigation between

these parties and for no other purpose. "Confidential" information obtained per discovery in this case shall not be used in any other litigation, arbitration, mediation, or other proceeding of any type. However, any case which has been combined with this Litigation for purposes of discovery, or any arbitration compelled as to any claim in this action, shall not be considered a separate action such that the use of "Confidential" information is precluded in such action.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness, of documents, material, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

10. "Confidential" information may be disclosed only to the following persons:
   a. The Court and court personnel;
   b. Individuals providing court reporting services, copying services or other clerical support that are engaged by the parties or the Court for purposes of this Litigation;
   c. The lawyers of record for a party, including paralegals, legal staff, and other attorney(s) working with or on behalf of them in representing a party;
   d. Consultants and experts and the principals and employees of those consultants and experts that assist the expert or consultant with his or her work in this Litigation;
   e. The named parties to the action; and
   f. Any witness(es) who may be deposed during this action, during and/or in preparation for their depositions, provided that such witness(es) are first advised of their confidentiality obligations under this protective order.

11. In addition to the categories of individuals set forth in Paragraph 10 above, "Confidential" information may be disclosed to an employee or agent of the party or non-party producing such "Confidential" information, so long as the party or non-party producing the "Confidential" information has authorized its agent or employee to receive such information.

12. "Confidential" information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this Litigation. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of "Confidential" information are made does not reproduce the "CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" designation. All copies of "Confidential" information shall be kept under the control of person(s) described in paragraph 10(a) through (e) above to whom the same is produced. At the conclusion of sixty (60) days following the conclusion of this Litigation, anyone possessing "Confidential" information shall employ all reasonable efforts to destroy all documents, images or other media containing "Confidential" information, and all duplicates thereof.

13.     No information obtained under this Order shall be added to any electronic database for any other purpose than (a) the manipulation and/or review of data for this action, however, all information obtained or derived therefrom shall be eliminated from the database within sixty (60) days following the conclusion of this Litigation; or (b) the creation of a duplicate electronic image of the documents, subject to the restrictions in Paragraph 12.

14.     Persons described in Paragraph 10(c) shall be deemed bound by the terms of this Order upon its entry by the Court. With regard to Paragraph 10(c), if more than one law firm, entity or solo practitioner appears in this case as counsel for a party, each such law firm, entity or solo practitioner shall execute this Protective Order or an addendum stating that they agree to be bound by the terms of this Protective Order. Only those outside counsel who have executed this Protective Order or an addendum agreeing to be bound by this Protective Order may receive "Confidential" information.

15.     A party disclosing "Confidential" information to an expert or consultant described in paragraph 10(d) must first (i) advise the recipient such information is "Confidential" information and may only be used in connection with this action; and (ii) provide the recipient with a copy of this Order.

16.     In addition to the categories of individuals set forth in Paragraphs 10 and 15, counsel for a party may disclose "Confidential" information to any prospective witness whose identity has been disclosed in any party's initial disclosures or discovery responses more than seven days before the disclosure occurs, but only if—prior to the disclosure occurring—that prospective witness agrees in writing to be bound by the terms of this Protective Order.

17.     Counsel for a party may disclose "Confidential" information to an actual or potential witness not otherwise identified above without satisfying the requirements set forth in Paragraph 16, provided counsel has obtained consent of the party or non-party who produced such information. However, this consent is not required if (i) the person is an author or recipient of the "Confidential" information as identified on the face of the document; or (ii) the person is a former employee of the producing party or non-party and is known with certainty to have prior knowledge by virtue of employment with the producing party or non-party of the specific "Confidential" information to be disclosed.

18.     If the receiving party disagrees with the designation by the producing party or non-party of any Discovery Materials as "Confidential" or "Confidential – Attorneys' Eyes Only" information, then the parties to the dispute will attempt to resolve the dispute on an informal basis before presenting the dispute to the Court. Any party seeking to challenge a designation of "Confidential" or "Confidential – Attorneys' Eyes Only" may do so at any time during the Litigation. All items objected to shall continue to be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" information pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact "Confidential" or "Confidential – Attorneys' Eyes Only"

information and is entitled to the protections associated therewith consistent with the intent of this Order.

19. Entering into, agreeing to, and/or complying with the terms of this Order shall not:
   a. operate as an admission by any party that any particular documents or material contain private, medical, sensitive, and/or personal information; or
   b. prejudice in any way the right of a party at any time:
      i. to seek a determination by the Court of whether a particular document or piece of information should be subject to the terms of this Order;
      ii. to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document or piece of information;
      iii. to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or
      iv. to seek documents or other information from any source.

20. The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege, attorney work-product protection, or common interest privilege that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

21. The inadvertent inclusion of any privileged material in any discovery shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind.

22. Any party and any third-party witness producing documents or information shall have the right to further designate any Confidential materials or information as "Confidential – Attorneys' Eyes Only," but only if the designating person contends in good faith that the designated materials or information fall within the scope of RSMo. § 455.003. If the designating person contends that only a portion of a document contains information within the scope of RSMo. § 455.003, the designating person must designate only that portion of the document as Confidential – Attorneys' Eyes Only. Any person receiving materials or information that is designated as Confidential – Attorneys' Eyes Only shall not disclose the materials or information to any person other than those persons enumerated in Paragraph 10(a) to (d) of this Order, unless the person designating the materials or information as Confidential – Attorneys' Eyes Only consents in advance and in writing to the disclosure. Nothing in this paragraph shall affect the ability of the party who originally produced the document or information in this case to disclose the document or information. In addition, nothing in this paragraph shall prevent the disclosure of information or materials designated as Confidential – Attorneys' Eyes Only in a deposition of a person to whom the information or materials designated as Confidential – Attorney's Eyes Only has been previously disclosed, including the original parties to communicates so designated, or in a deposition of the person who designated the information or materials as Confidential – Attorneys' Eyes Only, or in a deposition of any officer,

employee, or former employee of the person who designated the information or materials as Confidential – Attorneys' Eyes Only.

23. Any Discovery Materials that are to be designated "Confidential – Attorneys Eyes Only": (a) may be so designated by the producing party or non-party by providing copies of the Discovery Materials stamped with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (regardless of typographical settings); or (b) by Order of the Court on motion of any party or non-party.

24. Any party may challenge the designation of materials or information as Confidential – Attorneys' Eyes Only pursuant to the procedure set forth in Paragraph 18 of this Order. The parties shall meet and confer prior to trial to propose to the Court procedures governing the use at trial of materials designated "Confidential – Attorneys' Eyes Only."

25. This Order shall not preclude any party or non-party from opposing production of Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

26. Nothing in this Order shall prejudice the right of any party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of or relief from any provision of this Order upon due notice to all other parties and affected non-parties.

27. If any document filed electronically with the Court contains information or materials designated as "Confidential" by any party or non-party other than the party filing the document, the portions of the document containing "Confidential" information or materials shall be filed under seal. The filing party may also file an unsealed version of the document that redacts all information and materials designated as "Confidential" by another party.

28. This Order shall not govern the conduct of any trial in this case. If the case proceeds to trial, the Court will enter a separate order addressing confidentiality measures applicable to the conduct of the trial, if necessary.

It is SO ORDERED.

_____
Judge

August 24, 2016
_____
Date