IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:15-cv-01008 |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| TONYA LEVETTE PORTER, ET AL., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FEE APPLICATION PURSUANT TO THE COURT'S
AUGUST 22, 2016 MEMORANDUM AND ORDER**

In its August 22, 2016 Memorandum and Order, the Court "order[ed] the SNAP defendants to pay the reasonable expenses, including plaintiff's attorney's fees, caused by their failure to comply with the Court's orders." Doc. 169, at 7. The Court permitted Plaintiff to submit this fee application to establish "the number of hours the defendants' noncompliance caused [Plaintiff's counsel] to expend in attempts to procure the withheld discovery, as well as appropriate billing rates." *Id.* As described below, based on the hours reasonably expended by his attorneys and the reasonable hourly rates for those attorneys, Plaintiff respectfully requests that the Court award him $22,770.00 in attorneys' fees pursuant to the Court's August 22 Memorandum and Order.

**I. Hours Reasonably Expended on Tasks Caused by the SNAP Defendants' Violations of the Court's June 27 and July 19 Orders.**

Federal Rule of Civil Procedure 37(b)(2)(C) permits the recovery of attorney's fees "caused by [a party's] failure" to comply with the Court's Orders. Fed. R. Civ. P. 37(b)(2)(C). This provision "authorizes an award encompassing all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (quotation omitted). Courts have often characterized this as

1

a "but for" standard, under which a prevailing party can recover attorney's fees that it would not have incurred but for the opposing party's violation of the Court's Orders.  *See Cobell v. Babbitt*, 188 F.R.D. 122, 127 (D.D.C. 1999).

Here, the SNAP Defendants' defiance of the Court's June 27 and July 19 Orders required Plaintiff's counsel to complete a number of tasks that they would not have undertaken but for the SNAP Defendants' violations.  These tasks include the following:

**Motion for Sanctions.**  The SNAP Defendants' defiance of the Court's Orders necessitated research and drafting related to Plaintiff's Motion for Sanctions and the reply in support of that Motion.  *See* Docs. 141, 159.  Rule 37(b)(2) permits the recovery of attorney's fees incurred in seeking a sanctions order.  *See In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (holding that a fee award under Rule 37 "extend[s] also to hours reasonably spent by [attorneys] in seeking the discovery sanctions").  Plaintiff's counsel expended 22.60 hours relating to these tasks.  *See* Ex. A, at 1-3.

**Fee Application.**  The SNAP Defendants' defiance of the Court's Orders necessitated the research and drafting of this fee application.  Attorneys' fees incurred preparing a fee application are recoverable under Rule 37(b)(2).  *See Stauffer Seeds*, 817 F.2d at 50; *Sure Safe Indus. Inc. v. C & R Pier Mfg.*, 152 F.R.D. 625, 627 (S.D. Cal. 1993) ("Attorneys' fees in preparation of requests for attorneys' fees sanctions are recoverable under Rule 37." (citing *Stauffer Seeds*)); *Catapult Comm'ns Corp. v. Foster*, No. 06-C-6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) ("[A]ttorneys' fees incurred in bringing fee petitions are recoverable under Rule 37." (citing *Stauffer Seeds*)).  Plaintiff's counsel expended 6.10 hours on these tasks.  *See* Ex. A, at 4-5.

**Opposing Three Motions to Reconsider and/or Stay the June 27 Order.**  The SNAP Defendants' defiance of the Court's Orders necessitated the research and drafting of Plaintiff's

2

oppositions to the SNAP Defendants' three meritless motions to reconsider and/or stay the June 27 Order, all of which were filed after the deadline for compliance with that Order had passed. *See* Docs. 132, 134, 137.  Had the SNAP Defendants complied with the Court's Order, they would not have filed these meritless motions, and Plaintiff would not have had to respond to them.  *See Baranski v. United States*, 283 F.R.D. 520, 527 (E.D. Mo. 2012) ("All attorney time Baranski expended in connection with trying to obtain the privilege log from RSRG would have been entirely unnecessary had RSRG complied with the Court's order.").  Thus, the hours incurred by Plaintiff's counsel opposing these motions were "caused by" the SNAP Defendants' failure to comply with the Court's Orders.  *See* Fed. R. Civ. P. 37(b)(2)(C); *Comiskey*, 989 F.2d at 1012.  Plaintiff's counsel expended 14.30 hours relating to these tasks.  *See* Ex. A, at 6-8.

**Opposing the § 1292(b) Motion.**  The SNAP Defendants' defiance of the Court's Orders necessitated the research and drafting of an opposition to their motion to certify the June 27 Order for immediate interlocutory review under 28 U.S.C. § 1292(b).  *See* Doc. 148.  The SNAP Defendants filed their § 1292(b) motion nearly a month after the deadline for compliance with the June 27 Order had passed.  *See* Docs. 131, at 14 ("[T]he SNAP defendants shall have until July 11, 2016 to comply with this order . . . ."); 148 (filed August 8).  Had the SNAP Defendants timely complied with the June 27 Order, they would not have filed their meritless § 1292(b) motion, and Plaintiff would not have had to prepare a response to it.  Thus, the hours incurred by Plaintiff's counsel opposing the § 1292(b) motion were "caused by" the SNAP Defendants' failure to comply with the Court's Orders.  *See* Fed. R. Civ. P. 37(b)(2)(C); *Comiskey*, 989 F.2d at 1012.  Plaintiff's counsel expended 14.70 hours relating to these tasks.  *See* Ex. A, at 9-11.

**Opposing the Motion to Intervene.**  The SNAP Defendants' defiance of the Court's Orders necessitated the research and drafting of an opposition to the Intervenors' "emergency"

3

motion to intervene. *See* Doc. 139.  The motion to intervene was filed nearly two weeks after the deadline for compliance with the June 27 Order had passed.  *See* Docs. 131, at 14 ("[T]he SNAP defendants shall have until July 11, 2016 to comply with this order . . . ."); 139 (filed on July 22). Had the SNAP Defendants timely complied with the June 27 Order, the motion to intervene would never have been filed, and Plaintiff would not have had to prepare a response to it.  Further, the circumstances demonstrated that the SNAP Defendants deliberately provoked the "emergency" motion to intervene at the last minute, after they had already disobeyed this Court's first discovery order, instead of notifying any affected third parties and seeking to address their privacy issues in a timely and reasonable fashion.  *See* Doc. 141, at 4-6.  Moreover, the SNAP Defendants expressly sought to join in the motion to intervene, *see* Doc. 137, and thus the hours expended opposing the motion to intervene are also attributable to opposing a motion filed by the SNAP Defendants.  In addition to the preparation of pleadings filed with the Court, Plaintiff's counsel also engaged in extensive meet-and-confer efforts with counsel for Intervenors in an attempt to address Intervenors' putative privacy concerns in a manner that would obviate the need for the Motion to Intervene and facilitate disclosure of the materials subject to the Court's discovery orders.  The hours incurred by Plaintiff's counsel opposing the motion to intervene and conferring with Intervenors were "caused by" the SNAP Defendants' failure to comply with the Court's Orders. *See* Fed. R. Civ. P. 37(b)(2)(C); *Comiskey*, 989 F.2d at 1012.  Plaintiff's counsel expended 25.10 hours relating to these tasks.  *See* Ex. A, at 12-15.

**Communications with SNAP Defendants Seeking Compliance with the Court's Orders.**  The SNAP Defendants' defiance of the Court's Orders also required Plaintiff's counsel to send several communications to counsel for the SNAP Defendants seeking compliance with the Court's Orders.  Plaintiff's counsel expended 1.50 hours on these tasks.  *See* Ex. A, at 16-17.

4

Thus, in total, Plaintiff's counsel expended 84.3 hours on tasks that they would not have completed but for the SNAP Defendants' violation of the Court's Orders.

**II. Reasonable Hourly Rates for Plaintiff's Attorneys.**

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Moysis v. DTG Datanet*, 278 F.3d 819, 828-29 (8th Cir. 2002). "[W]hen fixing hourly rates, courts may draw on their experience and knowledge of prevailing market rates." *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005).

Plaintiff requests an hourly rate of $350.00 per hour for hours expended by D. John Sauer. Sauer has extensive experience litigating constitutional-law cases, as well as other complex litigation matters. *See* Ex. B, Declaration of D. John Sauer. The rate of $350.00 is substantially lower than the hourly rate paid by Sauer's ordinary clients.[1] *Id.* This rate is also within the range of reasonable rates charged by and awarded to civil-rights attorneys in the St. Louis legal market. According to the most recent Missouri Lawyers Weekly annual fee report, in 2015, civil-rights attorney Anthony Gray charged an hourly rate of $375 per hour, and civil-rights attorney Bevis Schock charged $400 per hour. Ex. C, at 2. In addition, a court awarded fees for Tony Rothert of the Missouri ACLU at a rate of $365 per hour. *Id.* at 4. In light of these previously awarded rates for other attorneys in the St. Louis legal market, and based Sauer's experience and expertise, a rate of $350 per hour is reasonable.

Plaintiff requests an hourly rate of $200 per hour for hours expended by Michael Martinich-Sauter. Martinich-Sauter has significant experience in litigating constitutional-law cases. *See* Ex.

---

[1] With respect to both of his attorneys, Plaintiff requests an hourly rate substantially lower than the hourly rate ordinarily paid by their clients due to the public-interest nature of this litigation.

5

D, Declaration of Michael Martinich-Sauter). The hourly rate ordinarily paid by clients for Martinich-Sauter's services is substantially higher than $200 per hour. *Id.* This rate is also within the range of rates charged by attorneys in the St. Louis legal market. For example, in 2015, Matthew Crane of the firm Dowd Bennett received fees at a rate of $196 per hour. Ex. C, at 4. Like Martinich-Sauter, Mr. Crane graduated from law school in 2013 and completed an appellate clerkship before entering private practice. *See* Matthew K. Crane, Dowd Bennett, http://www.dowdbennett.com/attorneys/matthew-k-crane. An hourly rate of $200 per hour for Mr. Martinich-Sauter is reasonable.

## CONCLUSION

Based on the foregoing information regarding the hours reasonably expended by Plaintiff's attorneys and their reasonable hourly rates, Plaintiff respectfully requests that the Court award him $22,770.00 in attorneys' fees pursuant to the Court's August 22 Memorandum and Order.

Dated: September 1, 2016

                                              Respectfully Submitted,

                                              James Otis Law Group, LLC

                                              */s/ D. John Sauer*
                                              D. John Sauer, 58721MO
                                              Michael Martinich-Sauter, 66065MO
                                              12977 North Forty Drive, Suite 214
                                              St. Louis, Missouri 63141
                                              Telephone: (314) 682-6067
                                              jsauer@jamesotis.com
                                              mmartinich@jamesotis.com

                                              *Attorneys for Plaintiff Rev. Xiu Hui "Joseph" Jiang*

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's electronic-filing system, on September 1, 2016, on:

J. Brent Dulle
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
DulleB@stlouis-mo.gov
*Attorneys for Defendants Porter, Pitterle, and City of St. Louis*

Amy Lorenz-Moser
Daniel J. Carpenter
Carpenter Moser, LLC
1716 Hidden Creek Court, Suite 101
St. Louis, Missouri 63131
amy@carpentermoser.com
dan@carpentermoser.com
*Attorneys for Defendants SNAP, Clohessy, and Dorris*

Brian J. Klopfenstein
215 S. Platte Clay Way, Suite B
Kearney, Missouri 64060
bjkattorney@fairpoint.net
*Attorney for Defendant N.M.*

                 */s/ D. John Sauer*