IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG**,** | **)** |
| | **)** |
| Plaintiffs, | ) |
| | **)** |
| v. | )   Case No. 4:15-cv-01008 |
| | ) |
| | ) |
| TONYA LEVETTE PORTER, | ) |
| JAIMIE D. PITTERLE, | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| A.M., N.M., SURVIVORS NETWORK | ) |
| OF THOSE ABUSED BY PRIESTS, | ) |
| DAVID CLOHESSY, and | ) |
| BARBARA DORRIS, | ) |
| | ) |
| Defendants. | ) |

**THE SNAP DEFENDANTS' MOTION TO COMPEL DIRECTED TO PLAINTIFF**

The SNAP Defendants propounded Interrogatories and Requests for production to Plaintiff on June 24, 2016.  On August 8, 2016, plaintiff served answers and objections to the interrogatories.  Interrogatory Responses, Ex. A.  On August 17, 2016 plaintiff served responses to the Request for Production Responses, Ex. B.  Despite the very broad discovery that plaintiff has sought in this matter, and after receiving an extension to respond, plaintiff refused to provide even basic information about his case, including his address and prior addresses, employment records, the identities of employers, tax returns, and SNAP's own statements. Additionally, plaintiff did not produce any additional documents or privilege log entries in response to the discovery.

Counsel conferred by telephone and in writing on these matters in a good faith effort to resolve the outstanding issues regarding this discovery.  Despite these attempts, and though plaintiff has supplemented some of this discovery, there are some unresolved issues that require

the Court's attention.

## I.     Materials Regarding the Lincoln County Allegations of Abuse.

Plaintiff has filed this lawsuit regarding an allegation of abuse that was made by Minor in this matter.  However, prior to the allegations made by minor, another allegation was made against plaintiff claiming abuse of a girl in Lincoln County, Missouri.  Plaintiff was arrested and prosecuted for these Lincoln allegations, suffered adverse employment action, and sensational information appeared in the papers regarding the allegations of the Lincoln County matter, including that plaintiff had left a $20,000 check as "hush money" on the victim's parents' car in an attempt to silence them.  SNAP understands that Plaintiff's canonical status continues to be under review since the time of the first allegations of abuse in Lincoln county.

The SNAP defendants have sought discovery of information relating to the Lincoln County matter including requests for production 4, 15, 17, 18, 21, 27, 28, 43, and 44. Plaintiff initially produced nothing regarding the Lincoln County matter.  Plaintiff has now supplemented with information he claims was publically available regarding that matter, but has not produced the vast majority of the requested documents regarding this prior other allegation of abuse.

Plaintiff primarily claims the materials are irrelevant, and claims production of the materials would violate the privacy of the accuser in Lincoln County.  All of the materials regarding the Lincoln county matter are relevant.  In this case, plaintiff claims to have suffered damages as a result of statements made by SNAP regarding minor, including in Paragraph 81 of the Complaint, that:

(a) That SNAP called plaintiff a "child molesting cleric" and a "cunning predator";

(c) That Clohessy described plaintiff as one of "these child predators";

(d)  That the SNAP website described plaintiff as a "predator priest";

(f)  that a letter to the editor identified plaintiff as a "predator priest"; and

(g) that SNAP published a document calling plaintiff a "predator priest."

As a result of this, plaintiff claims to have suffered damages, including in his response to Interrogatory 9, the loss of parish stipends for performing mass, punitive damages, and "loss of religious freedom; loss of freedom to exercise religious vocation and priestly ministry; reputational injury; loss of physical freedom; restrictions on travel and freedom of action; emotional distress; physical manifestations of emotional distress, including loss of sleep, loss of appetite, and anxiety."  Ex. A, Int.  9.

Under Rule 26(b)(1), defendants are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense."  Additionally, "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

Given the damages, defendants are entitled to explore whether any or all of these damages were caused by the allegations of minor and the prosecution that followed, or by previous, very similar allegations.  Additionally, there is no rationale for plaintiff to only produce what is publically available regarding the claim.  Whether the information is publically available or not, it is still reasonably calculated to discovery of admissible evidence, especially regarding alternative causes of damages such as loss of his stipends, loss of his religious freedoms, loss of his ministry and vocation, loss of his reputation within the church and community of people who would have had non-public information about the case, and his claims of emotional distress.  Additionally, all of these materials may be relevant to the liability allegations made against the other defendants in this matter.  Given the broad discovery rules, these materials are reasonably calculated to lead to the discovery of admissible evidence.

3

Additionally, given the discovery plaintiff has engaged in in this case, it is the height of irony that Plaintiff is now claiming that the privacy of his own alleged victim dictates that he not disclose any documents about her.  Plaintiff has sought to strike SNAP's pleadings for not producing victim communications about this prior incident, as well as communications that reveal the identity of victims in completely unrelated incidents.  Yet plaintiff here has not shown why these materials could not be produced pursuant to the protective order in this case to adequately protect the privacy of this victim, and refuses their production.

These materials clearly should be produced in this case.  There is nothing burdensome or problematic about these requests.  Plaintiff's other objections are without merit.  Thus SNAP requests that plaintiff's objections to requests for production 4, 15, 17, 18, 21, 27, 28, 43, and 44 be overruled, and that the Court order the production of these materials in this case.

## II.    Statements of SNAP, David Clohessy, and Barbara Dorris.

In plaintiff's discovery responses, he initially refused to provide any information regarding SNAP, Clohessy and Dorris's own statements.  Exhibit A, Int. 4.  When counsel met and conferred about this issue, plaintiff's counsel stated that there no statements of SNAP being withheld pursuant to this objection.  9/2/16 correspondence, Ex. C.  However, on 9/8, without explanation about the discrepancy, plaintiff supplemented his discovery response to Int. 4 to make reference to recorded statements of SNAP that were apparently made at plaintiff's or his counsel's direction.  Ex. D, Int.4.  He does not identify any of the information that would allow SNAP to obtain these documents as requested in the Interrogatory, and fails to produce them in response to request for production 11.  Ex. B.

Under Rule 26, "Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the

4

request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either: **(i)** a written statement that the person has signed or otherwise adopted or approved; or **(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement." Fed. R. Civ. P. 26.

Plaintiff claims he does not personally possess these videos, but they were taken at his or his counsel's direction, and are clearly within his possession, custody, and control under the rules. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 189 (C.D. Cal. 2006)("[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or other subject to its control." (internal quotations and citations omitted).

Accordingly, the SNAP defendants respectfully request that its own recorded statements be produced, and for its expenses in fees in moving for this order.

### III. Plaintiff's tax returns.

In response to RFP 26 and Interrogatory 13, plaintiff is refusing to provide his tax returns. Plaintiff has claimed lost wages from his inability to perform mass, as well as loss of his vocation and ministry. Ex. A, Int. 9. He has put this information at issue, and his tax returns are reasonably calculated to lead to the discovery of admissible evidence regarding his damages. This is a standard request when lost earnings are at issue. Defense counsel offered a stipulation that plaintiff would not seek any lost earnings to resolve this issue, which was refused. Any privacy concerns can be addressed by the protective order. Plaintiff's objections should be overruled.

### IV. Facts and information supporting plaintiff's claims.

5

Defendants asked for documents and information supporting specific claims and defenses in this case. This applies to RFP 49, Int. 3, and Int. 11.  Plaintiff has objected to even providing basic information supporting these claims.   The SNAP defendant are entitled to discover these materials early enough in the case to be able to conduct discovery on them.  Expert disclosures are quickly approaching.  Most of these materials should already have been produced in response to initial disclosures, so the objections to providing them are highly suspect.  The information is clearly discoverable and plaintiff's objections should be overruled.

WHEREFORE, the SNAP defendants request that the Court compel responses to this discovery, for its costs and fees in filing this motion, and for such other relief as is just and appropriate in these circumstances.

Respectfully submitted:

CARPENTER MOSER, LLC

/s/ Amy Lorenz-Moser
Daniel J. Carpenter, #41571
Amy Lorenz-Moser, #49791
1716 Hidden Creek Court, Ste 101
St. Louis, MO 63131
Telephone:  (314) 312-4979

dan@carpentermoser.com
amy@carpentermoser.com

*Attorneys for Defendants SNAP, David Clohessy, and Barbara Dorris*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2016, a copy of the foregoing was electronically filed with the Court, and will be sent electronically by the Court to counsel of Record.

/s/ Amy Lorenz-Moser