IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-01008 |
| | ) |
| | ) |
| TONYA LEVETTE PORTER, | ) |
| JAIMIE D. PITTERLE, | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| A.M., N.M., SURVIVORS NETWORK | ) |
| OF THOSE ABUSED BY PRIESTS, | ) |
| DAVID CLOHESSY, and | ) |
| BARBARA DORRIS, | ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL

The Court has essentially relieved Plaintiff of the need to prove his burden on liability on the defamation and conspiracy claims against Plaintiff in this case. Yet plaintiff continues to press for discovery on these issues, for what purpose one can only guess. But what is clear is that plaintiff's motion is untimely under the Court's Case Management Order, and the materials sought are not relevant to any issues remaining in dispute in this case.

I. PLAINTIFF'S MOTION IS UNTIMELY

Throughout this matter, the only time plaintiff has ever raised this issue with opposing counsel is in connection with communications about the problems with *Plaintiff's* discovery responses. The first time plaintiff raised this issue was on August 11 in response to a request for meet and confer on plaintiff's discovery responses. Exhibit A. The next time the issue was raised was on August 22, once again in response to an inquiry regarding plaintiff's discovery responses. Exhibit B. The next time was on August 29, once again on a call regarding

plaintiff's discovery responses.  The next time was in a September 7 email regarding the same problems with plaintiff's discovery responses.  Exhibit C.  Plaintiff finally threatened on September 19 to file a motion to compel the following week– just a couple of days before the response was due to the motion to compel directed to plaintiff.  Exhibit D.  He didn't file a motion to compel that following week, but instead delayed again until the week after that.

During the intervening 54 days between the time it was first raised and the time plaintiff filed a motion to compel, Plaintiff surely realized the Court's case management deadline was in effect, requiring a Motion to Compel to be filed within 15 days.  SNAP requested and received extensions of that deadline as necessary for the issues raised by SNAP, and filed its motion to compel relating to these issues in a timely fashion.  Plaintiff did nothing.

The reason for such a rule is obvious:  to stop parties from sandbagging on issues like this and to prevent discovery delays accompanied by the same.  When plaintiff's counsel did not raise these matters within the specified period and failed to seek an extension, SNAP rightfully assumed plaintiff had abandoned the issue, as he abandoned the four other discovery issues he raised in his emails.  Plaintiff has failed to demonstrate any good cause for the delay in filing the motion, and the motion should be denied as untimely.

II. THE MATERIALS SOUGHT ARE NOT RELEVANT TO ANY MATTER RAISED BY THE PLEADINGS AND STILL IN DISPUTE

The materials plaintiff is seeking are simply not relevant to any issue remaining in the case.  The Court has essentially determined liability in Plaintiff's favor.  The fact that he is still attempting to conduct discovery regarding liability matters defies understanding.  With regard to the claimed need to support the defamation claims, the Court has already essentially made finding of liability on that claim as a discovery sanction.  Additionally, the statements sought have nothing to do with the specific defamatory statements that form the basis of plaintiff's lawsuit.  In

2

a defamation case, plaintiff cannot rely on generalized statements about defamation, nor have Plaintiff made such allegations in this case.  Instead "the use of In haec verba pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings." Asay v. Hallmark Cards, Inc., 594 F.2d 692, 699 (8th Cir. 1979); see also Thomas v. St. Louis Bd. of Educ., 933 F. Supp. 817, 822 (E.D. Mo. 1996).  The deadline to amend has passed, and the alleged statements plaintiff now seek have not been pled, and simply have nothing to do with the allegations herein.

With regard to the identities of alleged co-conspirators, plaintiff has only alleged a conspiracy with the parties in this case.  Again, the Court has essentially made a finding of liability on this claim as a discovery sanction against SNAP.  The Court has taken the matter out of dispute.  Additionally, though plaintiff has not alleged a conspiracy with anyone other than the parties to this case, he instead appears to focus his argument on communications with the media.  No conspiracy is alleged with any of these individuals.  The materials aren't relevant to the allegations in this case.

If these matters were so relevant and critical to plaintiff's prosecution of this matter, he would not have waited for 54 days to raise them with the Court.  Plaintiff has certainly showed no reluctance to file motions when a perceived discovery issue is presented.  Because this motion is untimely, and the materials sought are not relevant, the Court should deny this motion.

Respectfully submitted:

CARPENTER MOSER, LLC

/s/ Amy Lorenz-Moser
Daniel J. Carpenter, #41571
Amy Lorenz-Moser, #49791
1716 Hidden Creek Court, Ste 101
St. Louis, MO 63131
Telephone: (314) 312-4979
dan@carpentermoser.com
amy@carpentermoser.com

*Attorneys for Defendants SNAP, David Clohessy, and Barbara Dorris*

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2016, a copy of the foregoing was electronically filed with the Court, and will be sent electronically by the Court to counsel of Record.

/s/ Amy Lorenz-Moser