IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:15-cv-01008 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| TONYA LEVETTE PORTER, ET AL., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
<u>AGAINST THE POLICE DEFENDANTS</u>**

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Xiu Hui "Joseph" Jiang respectfully requests that the Court compel Defendants Tonya Levette Porter and Jaimie Pitterle (together, the "Police Defendants") to search their personal email and social-media accounts and personal electronic devices for materials responsive to Plaintiff's discovery requests; to produce all relevant, non-privileged materials identified by those searches; and to disclose whether any responsive materials have been deleted and, if so, under what circumstances.

**BACKGROUND**

On February 5, 2016, Plaintiff served the Police Defendants with discovery requests, including Plaintiff's First Set of Requests for Production of Documents ("RFPs"). *See* Exhibit 1. After the Police Defendants responded to the RFPs, *see* Exhibit 2,[1] counsel for the parties conferred regarding several disputed issues, *see* Exhibit 3. During this discovery conference, the Police Defendants agreed to use certain specific search terms to search for responsive materials in the Police Defendants' email accounts. *Id.* at 1, ¶¶ 2, 4. The Police Defendants never stated or

---

[1] Portions of Exhibits 2 and 3 have been redacted to preserve the confidentiality of Minor, N.M., and A.M.

1

suggested—whether in their discovery responses, during the parties' discovery conference, or in any subsequent communications or pleadings—that would limit their searches for responsive materials to the Police Defendants' work computers and email accounts, or that they would exclude the Police Defendants' personal email accounts, social-media accounts, and personal electronic devices from their searches.

On November 16, 2016, Defendant Pitterle was deposed.  During that deposition, Defendant Pitterle disclosed for the first time that she has personal email and social-media accounts, and that she has never searched either her personal email accounts or her social-media accounts for materials responsive to Plaintiff's discovery requests.  *See* Exhibit 4, 71:17-19, 71:24-72:6, 72:20-73:19 (filed separately under seal pursuant to Protective Order).  When asked whether she would search her personal email and social-media accounts for responsive materials, Pitterle flatly responded "No."  *Id.* at 224:17-21.  Pitterle further testified that she had never been advised to preserve emails or other electronically stored information ("ESI") potentially relevant to this case.  *Id.*, at 254:14-18.  And she testified that since the filing of this lawsuit, she has deleted a large number of emails from her personal email account.  *Id.* at 255:3-8.

The following day, Plaintiff's counsel emailed counsel for the Police Defendants, reminding him of the Defendants' obligation to search their personal email accounts for responsive materials, and requesting that the Police Defendants conduct such a search promptly.  Exhibit 5.  On November 21, counsel for the Police Defendants acknowledged that both of his clients—both Defendants Jaimie Pitterle and Tonya Porter—had never searched their personal email and social-media accounts or personal electronic devices for responsive materials, and suggested that they had no obligation to do so.  Exhibit 6.  Plaintiff's counsel responded by email, Exhibit 7, and counsel for the parties conferred by telephone on November 29, 2016.  During the parties'

2

discovery conference, counsel for the Police Defendants stated that he believed that any emails in his clients' personal email and social-media accounts were irrelevant for the sole reason that they were located in personal email and social-media accounts rather than work email accounts. However, the parties agreed to revisit the issue after further consideration of each side's legal position. On December 2, 2016, counsel for the Police Defendants confirmed by telephone that his clients' final position was that they would not search their personal email and social-media accounts for responsive materials.

## ARGUMENT

More than six months after the Police Defendants responded to Plaintiff's discovery requests, Plaintiff discovered for the first time that those Defendants had unilaterally—and without disclosure—limited their search for responsive materials to work email accounts, failing even to search the Defendants' personal email and social-media accounts or personal electronic devices. As described below, the Police Defendants have a clear obligation to search these accounts and devices for responsive materials, and to produce all relevant, non-privileged ESI identified by those searches. Their refusal to conduct those searches and the long-undisclosed nature of that refusal raises grave questions about the completeness of their current document production. The Court should compel the Police Defendants to search their personal email and social-media accounts and personal electronic devices for responsive materials; to produce all relevant, non-privileged materials identified in those searches; and to disclose whether any responsive materials have been deleted and, if so, under what circumstances.

### I. The Police Defendants Have an Obligation to Search Their Personal Email and Social-Media Accounts and Personal Electronic Devices for Materials Responsive to Plaintiff's Discovery Requests.

The Police Defendants have an obligation to search their personal email and social-media accounts and personal electronic devices for materials responsive to Plaintiff's discovery requests. Rule 34 "impose[s] a burden on a party responding to requests for production to undertake a reasonably diligent search for information that is responsive to those requests." *Farmers Ins. Exchange v. West*, Civ. No. 11-2297, 2012 WL 12894845, at *5 (D. Minn. Sept. 21, 2012). This includes the "obligation to search available electronic systems for the information demanded." *McPeek v. Ashcroft*, 202 F.R.D. 31, 32 (D.D.C. 2001). A party cannot avoid its discovery obligations "by failing to examine records within its control." *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988).

Here, there can be no question that the Police Defendants have access to their personal email and social-media accounts and personal electronic devices. Thus, they have a clear obligation under the Federal Rules to conduct a reasonably diligent search of those accounts for responsive materials. *McPeek*, 202 F.R.D. at 32; *Helmert v. Butterball, LLC*, No. 4:08-cv-00342, 2010 WL 2179180, at *9 (E.D. Ark. May 27, 2010) (compelling defendant to search personal email accounts as part of a reasonably diligent search). They cannot merely assert—without having conducted a reasonably diligent search, or indeed *any* search—that the accounts contain no responsive materials. *See, e.g.*, *AIU Ins. Co. v. TIG Ins. Co.*, No. 07-civ-7052, 2008 WL 5062030, at *11 (S.D.N.Y. Nov. 25, 2008) (compelling party to search email inboxes despite party's claim that the inboxes were unlikely to contain responsive materials, and explaining that "[i]f these individuals did not use email, the search may be fruitless but this does not excuse AIU from its obligation to conduct such a search"). Thus, the Court should compel the Police Defendants to

4

search their personal email and social-media accounts and personal electronic devices for materials responsive to Plaintiff's discovery requests.

### II. The Police Defendants Must Produce All Relevant, Non-Privileged Materials Located in Their Personal Email and Social-Media Accounts and Personal Electronic Devices.

The Police Defendants have claimed that they are entitled to withhold otherwise relevant and discoverable materials *solely* because those materials are located in their personal email and social-media accounts rather than in their work email accounts. This position plainly lacks merit. The Court should compel the Police Defendants to produce all relevant, non-privileged emails and ESI in their personal email and social-media accounts and personal electronic devices.

In April 2016, the parties agreed on search terms that would be reasonably calculated to identify relevant emails responsive to Plaintiff's discovery requests. *See* Ex. 3, at 1, ¶¶ 2, 4. Plaintiff merely requests that the same agreed-upon search terms be used to identify personal communications that are potentially relevant and responsive to his discovery requests. And the Police Defendants have never questioned the propriety of the search terms to which they previously agreed. But the Police Defendants now claim that all materials in their personal email and social-media accounts are irrelevant, even if those materials would be identified by the agreed-upon search terms and are responsive to Plaintiff's discovery requests.

This position is plainly meritless. Courts routinely compel the production of emails located in personal email accounts if those emails are otherwise discoverable. *See, e.g.*, *Richmond v. Coastal Bend College Dist.*, Civ. No. C-07-458, 2009 WL 1940034, at *6 (S.D. Tex. July 2, 2009) (compelling disclosure of otherwise relevant emails in civil-rights defendants' personal email accounts, and rejecting the contention that such emails need not be disclosed merely because they are located in personal email accounts); *Helmert*, 2010 WL 2179180, at *9 (compelling defendant

5

to search personal email accounts for otherwise relevant ESI); *Meccatech, Inc. v. Kiser*, No. 8:05-cv-570, 2007 WL 1456211, at *4 (D. Neb. May 16, 2007) ("If the SGS Defendants have possession of or access to responsive documents or e-mails (*including e-mails made through personal accounts . . .* ), those materials must be produced." (emphasis added)).

Whether a particular document is relevant under the Federal Rules depends on whether the document "bears on, or . . . reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case . . . ." *Brown Bear v. Cuna Mut. Grp.*, 266 F.R.D. 310, 319 (D.S.D. 2009). Any ESI that meets this standard is relevant, regardless of whether the ESI is located in a person's work email account or her personal email or social-media account. If the Police Defendants have sent or received any emails or messages that potentially support Plaintiff's claims—for example, if they have sent emails expressing animus against Catholics and/or people of Chinese descent, or if they have admitted that they persisted in the prosecution of Plaintiff despite the fact that they knew or should have known of his innocence—then they must produce those emails, even if they sent or received the emails via their personal email accounts. If anything, the fact that these accounts are not subject to access and review by supervisors and public-records requests makes it *more* likely that the Police Defendants would have sent relevant emails via personal email or social-media than via work email. The Police Defendants cannot withhold otherwise discoverable emails solely because those emails are located in their personal email accounts.

It is worth underscoring what this Motion *does not* seek. Plaintiff does not seek to access the Police Defendants' email accounts himself. Instead, he requests that the Police Defendants

6

and their counsel search those accounts for discoverable materials.[2]  Plaintiff does not seek access to personal emails wholly irrelevant to this case.  Instead, he requests that the Police Defendants, supervised by their counsel, conduct a diligent search and produce relevant documents identified using the search terms to which the parties agreed months ago. And Plaintiff does not dispute the Police Defendants' right to designate appropriate materials as confidential under the Protective Order in this case, or to assert any applicable privileges by logging such documents in a privilege log.  For these reasons, this Motion does not raise any legitimate privacy concerns.

Thus, the Court should compel the Police Defendants to search their personal email and social-media accounts and personal electronic devices using the same search terms and protocols to which they previously agreed, and to produce all relevant, non-privileged emails from those accounts.  In addition, the Court should order the Police Defendants to disclose "whether any responsive documents have been destroyed and, if so, when and under what circumstances such destruction occurred." *Farmers Ins. Exchange*, 2012 WL 12894845, at *5.  As noted above, it appears that the Police Defendants were never advised by their counsel to preserve relevant or potentially relevant ESI in personal email accounts and devices, and it appears that Defendants have deleted emails from their personal accounts since the commencement of this lawsuit.  *See* Ex. 4, at 255:3-8.  "A litigant has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation, and this duty to preserve evidence extends to

---

[2] Plaintiff reserves his right to request third-party examination of the Police Defendants' email accounts if the relief requested by this Motion reveals potential spoliation issues. *See, e.g.*, *Nacco Materials Handling Grp. v. Lilly Co.*, 278 F.R.D. 395, 406 (W.D. Tenn. 2011) (ordering forensic examination to recover lost or deleted ESI, and ordering the party whose records were being examined to bear the costs because its "deficient preservation and collection efforts necessitated these actions"); *Koosharem Corp. v. Spec Personnel, LLC*, Civ. No. 6:08-583, 2008 WL 4458864 (D.S.C. Sept. 29, 2008) (ordering party to make business and personal computers available to a third party to permit the recovery of deleted emails and other ESI).

electronically stored information." *Marter Transp., Ltd. v. Plattform Advertising, Inc.*, No. 14-cv-02464, 2016 WL 492743, at *5 (D. Kan. Feb. 8, 2016) (quotation omitted). The Police Defendants' failure to take seriously this obligation is particularly troubling in light of the detailed data-preservation letter that Plaintiff sent to counsel for the Police Defendants on July 31, 2015, to which the Police Defendants never objected. Exhibit 8. Plaintiff reserves his right to pursue sanctions for failure to preserve ESI if the relief requested by this Motion reveals spoliation of evidence by the Police Defendants. *See, e.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp.2d 469, 501 (E.D. Va. 2011) (sanctioning party for deletion of otherwise relevant emails in personal email accounts); *Walker v. Carter*, 2015 WL 12765379, at *1 (S.D.N.Y. Mar. 4, 2015) (holding that defendant had obligation to preserve otherwise relevant emails in his personal email account, and holding that defendant's failure to do so constituted spoliation of discoverable evidence); Fed. R. Civ. P. 37(e).

## CONCLUSION

For the reasons stated, the Court should compel the Police Defendants to search their personal email and social-media accounts and personal electronic devices (such as personal computers, laptop computers, smartphones, tablets, etc.) for materials responsive to Plaintiff's discovery requests; to produce all relevant, non-privileged materials identified by those searches; and to disclose whether any responsive materials have been deleted and, if so, under what circumstances.

Dated: December 9, 2016

                                              Respectfully Submitted,

                                              James Otis Law Group, LLC

                                              */s/ D. John Sauer*
                                              D. John Sauer, 58721MO
                                              Michael Martinich-Sauter, 66065MO
                                              12977 North Forty Drive, Suite 214
                                              St. Louis, Missouri 63141
                                              Telephone: (314) 682-6067
                                              jsauer@jamesotis.com
                                              mmartinich@jamesotis.com

                                              *Attorneys for Plaintiff Rev. Xiu Hui "Joseph" Jiang*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's electronic-filing system, on December 9, 2016, on:

J. Brent Dulle
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
DulleB@stlouis-mo.gov
*Attorneys for Defendants Porter, Pitterle, and City of St. Louis*

Amy Lorenz-Moser
Daniel J. Carpenter
Carpenter Moser, LLC
1716 Hidden Creek Court, Suite 101
St. Louis, Missouri 63131
amy@carpentermoser.com
dan@carpentermoser.com
*Attorneys for Defendants SNAP, Clohessy, and Dorris*

Brian J. Klopfenstein
215 S. Platte Clay Way, Suite B
Kearney, Missouri 64060
bjkattorney@fairpoint.net
*Attorney for Defendant N.M.*

                                    */s/ D. John Sauer*