UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REV. XIU HUI "JOSEPH" JIANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-1008 (CEJ) |
| | ) | |
| TONYA LEVETTE PORTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Xiu Hui "Joseph" Jiang to quash a subpoena or, alternatively, for a protective order. The subpoena was served by defendant N.M. on an attorney who previously represented N.M. in this case and who also represented a woman (referred to as "Jane Doe 119") who made accusations of sexual abuse against plaintiff. No response to the motion has been filed, and the time allowed for doing so has expired.

Plaintiff argues that the subpoena seeks materials that are irrelevant.  In light of the claims asserted against N.M., it does not appear that requested documents concerning Jane Doe 119 have any bearing on any issue involved in this case. In correspondence between the parties, defendant N.M. admits lacking knowledge of relevance of the requested documents.  Further, N.M. has not responded to the plaintiff's argument, and thus has failed to demonstrate that the subpoena seeks relevant information.  [Doc. 199-2, p. 2]. *See Hale v. Whole Foods Mkt. Grp., Inc.*, No. 4:12CV01490 AGF, 2014 WL 2158411, at *3 (E.D. Mo. May 23, 2014) (citing *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1992)) (some

threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce information which does not reasonably bear upon the issues in the case).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to quash [Doc. #199] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2017.