UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1008 (CEJ) |
| ) | |
| TONYA PORTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's application to recover attorney's fees from defendants Survivors Network of Those Abused by Priests (SNAP), David Clohessy, and Barbara Dorris (the "SNAP defendants"). The SNAP defendants have filed a response.

### I. Background

On August 22, 2016, the Court granted the plaintiff's motion for sanctions, based on the SNAP defendants' failure to comply with discovery orders. Additionally, the Court found that plaintiff was entitled to recover attorneys' fees and costs incurred in bringing the motion. As directed by the Court, plaintiff has now submitted documentation reflecting the attorneys' fees incurred.

### II. Discussion

Federal Rule of Civil Procedure 37(b) authorizes district courts to impose sanctions upon parties who fail to comply with discovery orders. Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). "In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir.1999). Where an award of attorneys' fees is warranted, the amount must be reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The amount of attorney hours reasonably expended on a matter multiplied by a reasonable hourly rate is an acceptable method of calculating a reasonable attorneys' fees award. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672 (2010).  Time spent on a matter that is "excessive, redundant, or otherwise unnecessary" is not reasonable. *El-Tabech v. Clarke*, 616 F.3d 834, 842 (8th Cir.2010) (*quoting Hensley*, 461 U.S. at 434).

### A. <u>Hourly Rates</u>

Plaintiff requests an hourly rate of $350.00 per hour for hours expended by D. John Sauer and an hourly rate of $200.00 per hour for hours expended by Michael Martinich-Sauter.  "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828–29 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)). Plaintiff submitted declarations from both Sauer and Martinich-Sauter describing their educational backgrounds and prior experience, as well as documents showing that the requested rates are within the standard range for litigators in the St. Louis area with similar experience.  Defendants did not contest the hourly rates put forth by plaintiff.  Based upon a review of plaintiff's affidavits and materials submitted in

support, and in light of defendants' failure to contest the reasonableness of the hourly rates, the Court finds that the hourly rates sought by plaintiff's attorneys are reasonable.

### B. Hours Expended

The plaintiff seeks compensation for 91.4 hours that his counsel expended on tasks that were necessitated by the SNAP defendants' violation of orders compelling discovery.  The tasks for which fees are sought are as follows:

#### (1) Motion for Sanctions

Plaintiff states that 22.60 hours were expended in researching and drafting the motion for sanctions.  The SNAP defendants do not dispute this and do not contest the reasonableness of the number of hours claimed.  Therefore, plaintiff will be awarded attorneys' fees incurred in connection with the motion for sanctions.

#### (2) Fee Application

Plaintiff seeks an award of fees for 6.10 hours for research and drafting the fee application.  The number of hours claimed is not disputed.  Therefore, plaintiff's request will be granted.

#### (3) Motions to Reconsider and/or Stay

Plaintiff seeks an award of fees for 14.30 hours for researching and drafting oppositions to the SNAP defendants' motions to reconsider and/or stay the order compelling discovery entered on June 27, 2016. The SNAP defendants argue that they were not in "non-compliance" when it filed the motions, and thus shouldn't be required to pay any fees incurred in connection with the motions.

The June 27 order directed the SNAP defendants to produce documents and answer interrogatories by July 11, 2016.  Instead of complying with the order, the

SNAP defendants filed a motion for reconsideration on July 12, 2016 and a motion to stay on July 13, 2016.  By failing to provide documents and answers to interrogatories by the July 11 deadline, the SNAP defendants were not in compliance with the June 27 order. Both motions constituted no more than a rehash of arguments that were previously asserted by the defendants and that were rejected by the Court.  Nevertheless, plaintiff was required to respond to the motions in his ongoing quest to obtain discovery.   Thus, it is appropriate that plaintiff recover fees incurred in responding to defendants' motions.

### (4) Motion to Certify for Interlocutory Appeal

After the SNAP defendants missed the July 11 deadline, the Court allowed them additional time, until July 22, in which to comply with the order compelling discovery.  The SNAP defendants did not produce the court-ordered discovery by the new deadline.  Instead, on August 8, they filed motion again seeking to stay the June 27 order and seeking to certify the order for interlocutory appellate review under 28 U.S.C. § 1292.    Plaintiff seeks an award of fees for 14.70 hours for researching and drafting an opposition to the motion to stay and to certify.

The SNAP defendants argue that plaintiff's request should be denied, because § 1292 does not provide for attorney's fees.  Their argument misses the point. The issue here is not whether attorneys' fees are recoverable under § 1292.  The issue is plaintiff's entitlement to attorneys' fees in responding to the SNAP defendants' continued efforts to avoid compliance with the June 27 order.

Further, as the Court previously noted, the SNAP defendants were not entitled to interlocutory or collateral appellate review of a Rule 37 sanctions order, a civil contempt order, or an adverse privilege ruling. *See Coca-Cola Co. v. Purdy*,

382 F.3d 774, 792 (8th Cir. 2004) ("The imposition of sanctions for civil contempt during the course of a pending action is an appealable final order only if the person held in contempt is not a party to the pending action."); *Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000) (stating that *Cunningham v. Hamilton County*, 527 U.S. 198 (1999), "held that a sanctions order against a party or her attorney is not an appealable final order"); *cf. Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 113 (2009) ("In short, the limited benefits of applying 'the blunt, categorical instrument of § 1291 collateral order appeal' to privilege-related disclosure orders simply cannot justify the likely institutional costs.'" (quoting *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994))). Rule 37, interpreted consistent with its purposes, authorizes an award encompassing all expenses, whenever incurred, which would not have been sustained had the opponent conducted itself properly. *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993).

The filing of the motion to stay and to certify for interlocutory appeal did not excuse the SNAP defendants from complying with the June 27 order. The fees plaintiff incurred in connection with responding to the motion are properly compensable. Therefore, plaintiff's request for attorneys' fees incurred in connection with the interlocutory appeal motion will be granted.

### (5) Motion to Intervene

Plaintiff seeks an award of fees for 25.10 hours for researching and drafting opposition to an emergency motion to intervene and to stay the June 27 order that was filed by several non-parties. The SNAP defendants argue that they should not be required to pay attorneys' fees in connection with a motion they didn't file. What the defendants fail to acknowledge, however, is that they filed a motion

seeking to join in the intervenors' motion. Thus, the SNAP defendants adopted and endorsed the action taken by the intervenors. As with the motions discussed above, the motion to intervene represented yet another effort to thwart discovery and to provide the SNAP defendants another excuse for not complying with the June 27 order. The Court finds it appropriate to grant plaintiff's request for attorneys' fees incurred in connection with the motion to intervene.

### (6) Communications with SNAP Defendants

Plaintiff seeks an award of fees for 1.50 hours for sending communications to counsel for the SNAP defendants seeking compliance with the orders compelling discovery. The Court finds that the communications were necessary and the amount claimed is reasonable. Plaintiff's request for an award of fees for 1.50 hours will be granted.

### (7) Preparing Reply in Support of Fee Application

Plaintiff seeks an additional award of fees for 7.1 hours for time expended preparing the reply to defendants' response to plaintiff's fee application. Plaintiff incurred this expense in pursuing discovery sanctions which this Court authorized. Accordingly, the request will be granted.

* * * * *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's fee application [Doc. #179] is **granted**.

**IT IS FURTHER ORDERED** that, **within thirty (30) days of the date of this Order**, the SNAP defendants shall pay to the plaintiff the sum of **$25,150.00**,

representing attorneys' fees incurred in connection with bringing the motion for sanctions.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2017.