UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REV. XIU HUI "JOSEPH" JIANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-1008 (CEJ) |
| | ) | |
| TONYA PORTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for discovery sanctions against defendant N.M., pursuant to Rule 37 of the Federal Rules of Civil Procedure. N.M. has not filed a response to the motion, and the time allowed for doing so has elapsed.

## I.  Background

After granting plaintiff's motion to compel, the Court ordered N.M. to produce all documents relating to her divorce proceedings.  Included in the documents were counseling and school records of N.M.'s minor child and the depositions of N.M. and her ex-husband A.M.  The Court determined that these documents were relevant to the issue of the minor's mental state and to any efforts by A.M. to pressure the minor into making false allegations of sexual misconduct against plaintiff. The deadline for compliance was June 9, 2016.  On June 9, defendant stated that she did not the responsive documents in her possession but told plaintiff that they could be obtained from her divorce attorney, Alexandra Hart.  Plaintiff requested the documents from Ms. Hart, who stated that she did not represent N.M. in the divorce

action and that she had no records pertaining to the case.  Plaintiff then made multiple attempts to obtain the documents by contacting N.M.'s attorney in this case.  However, these attempts proved unsuccessful and the documents still have not been produced.

## II.   <u>Discussion</u>

Rule 37(b)(2)(A) provides that a district court may "issue further just orders" to a party who fails to obey an order compelling discovery with a number of sanctions.  These include:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)   striking pleadings in whole or in part
(iv)   staying further proceedings until the order is obeyed;
(v)   dismissing the action or proceeding in whole or in part;
(vi)   rendering a default judgment against the disobedient party; or
(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  Instead of or in addition to these orders, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless the failure was substantially justified or doing so is otherwise unjust.  Fed. R. Civ. P. 37(b)(2)(C).

Defendant N.M. has not responded to the instant motion, nor did she request additional time in which to respond.  Thus, neither N.M. nor her attorney has offered any justification or excuse for failing to comply with the order. The exhibits attached to plaintiff's motion show that plaintiff has made diligent efforts to obtain the requested documents.  However, the exhibits also show that those efforts have

been consistently thwarted by both N.M. and her attorney through actions designed to delay and ultimately deny discovery.  Because N.M. and her attorney have failed to comply with the order compelling discovery, the Court finds that the imposition of sanctions is appropriate.

Plaintiff asks that the Court sanction N.M. pursuant to Rule 37(b)(2)(A)(i) by directing that the following facts be deemed established for purposes of this action:

1. N.M. and A.M. each engaged in extensive misconduct — including actual and threatened physical violence against one another, physical abuse of Minor by A.M., and verbal abuse and manipulation of Minor by both parents — and this misconduct inflicted serious emotional and psychological harm on Minor, including causing Minor to suffer post-traumatic stress disorder.

2. The extensive and outrageous misconduct by N.M. and A.M. rendered Minor vulnerable to coercion and/or suggestion by his abusive parents and substantially contributed to Minor's decision to level false allegations of sexual abuse against Plaintiff.

3. A.M. strongly opposed Minor attending Catholic schools, and this opposition reflects anti-Catholic animus that provided a motivation for A.M. to coerce Minor into levelling false accusations against Plaintiff.

The failure to produce the documents has impeded plaintiff's efforts to prove that the accusations made by the minor child were influenced or encouraged by the actions of N.M. and A.M.  Thus, the Court finds that a sanction in the form of an order directing that the above facts be deemed established is appropriate.

Rule 37 also provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Because their conduct was not substantially justified and doing so is not otherwise unjust, defendant N.M. and her current attorney in this case will be

ordered to pay the reasonable expenses, including attorney's fees, incurred by plaintiff as a result of the failure to comply with the order compelling discovery. Fed. R. Civ. P. 37(b)(2)(C).

*   *   *   *   *

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's motion for sanctions [Doc. #203] is **granted**.

**IT IS FURTHER ORDERED** that the designated facts set forth on page 3 of this Memorandum and Order are deemed established for purposes of this action.

**IT IS FURTHER ORDERED** that defendant N.M. and her attorney Brian Jay Klopfenstein will be required to pay the reasonable attorneys' fees and costs incurred by plaintiff as a result of their failure to comply with the order compelling discovery entered on May 26, 2016.

**IT IS FURTHER ORDERED** that plaintiff shall have until **May 25, 2017**, to submit a verified statement of the attorneys' fees and costs incurred as a result of the failure to comply with the order compelling discovery.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2017.