IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REV. XIU HUI "JOSEPH" JIANG, )
)
PLAINTIFF )
) CASE NO. 4:15-CV-01008
V. )
)
TONYA LEVETTE PORTER, ET. AL. )
)
DEFENDANTS )

DEFENDANT N.M.'S MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND ORDER GRANTING SANCTIONS AGAINST DEFENDANT

COMES NOW Defendant, N.M., by and through her counsel of record, and hereby requests the Honorable Court to alter or amend its Order granting sanctions against Defendant and / or her attorney, Brian Klopfenstein. As grounds for this Motion, defendant states that the Court entered an Order based upon incomplete knowledge of the facts and circumstances regarding the discovery dispute at issue in this matter in its ruling on Plaintiff's Motion for Sanctions.

Defendant moves for relief from the Order granting sanctions under both F.R.C.P. 59(e) and F.R.C.P. 60. Defendant's Counsel, Brian J. Klopfenstein, through either unavoidable computer error or excusable neglect was unaware of the filing of Plaintiff's Motion for Sanctions and as a result, was prevented from filing a reply to that motion. Defendant N.M. has made a good faith effort to comply with this Court's order of May 26, 2016 and has complied with that order. Plaintiff Xiang has failed and / or refused to pay for the copies of documents he requested although N.M. has made them available to

him. Therefore, any failure to receive those documents rests with the plaintiff and not with any contumacious acts on behalf of N.M. Under these circumstances, neither sanctions nor any award of costs is appropriate.

## INTRODUCTION

Plaintiff Jiang, a Priest with the Archdiocese of St. Louis, has brought a civil action against numerous "defendants" alleging defamation and other causes of action. N.M. is the mother of a minor child who reported to authorities that he had been sexually abused by a priest. There is a paucity of facts in Plaintiff's petition regarding N.M. Plaintiff starts his petition with a screed against N.M. filled with scandalous and conclusory allegations that are not supported by any material in the petition itself. A close review of the petition establishes only these facts about N.M. — that she is the mother of a minor who made a report of sexual abuse to his father and the police; that she resides in St. Louis and is divorced from Minor's father; and, that after the reports were made to the police by Minor's father, N.M. called the police and let them know that her son was willing to speak to them. The petition also alleges that N.M. sent a demand letter to the school her son was attending demanding relief from the bullying he was enduring at school. From these "facts," Plaintiff concludes that N.M. set out to destroy the reputation of Fr. Xiang due to racial animus, religious animus and in conspiracy with the other defendants. These "facts" do not meet the pleading standards required under *Twombley* and *Iqbal;* they do not rise to the standard of plausibility. *See Bell Atlantic v. Twombly,* 550 U.S.544 (2007); *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009). Jiang has sued this mother, not because N.M. defamed him or otherwise committed any tort against him,

but as an act of malice for N.M.'s son identifying the priest as an abuser. In order to create a case out of nothing, Plaintiff has issued numerous requests for records. N.M. has complied with every request over which she has control. N.M. has acted in no way contumaciously or in defiance of any orders that would necessitate or even allow sanctions against her or her attorney. N.M.'S counsel, due to excusable neglect, did not respond to the Plaintiff's Motion for Sanctions as he did not receive or see it until the Court's Order issuing sanctions in May 2017.

While normally not "seeing" a pleading on ECF filing would be questionable, in this instance, the Court issued a 90 day stay of deadlines on the 24th day following filing of the Motion for Sanctions while Plaintiff Jiang found a new attorney. Responses to sanctions are due within 21 days of filing. F.R.C.P. 11. For all intents and purposes, this case was on hold from the response date until early May. The first actions on the file following the 90 day stay were the Order issuing sanctions against SNAP and the Order issuing sanctions against NM. No pleading, show cause order or other letter, email or document raised the issue of an outstanding discovery matter to N.M. or her counsel. No Show Cause order issued prior to the Order for Sanctions. Hence, NM and her counsel were extremely surprised by the Order.

<u>DEFENDANT REQUESTS RELIEF FROM THE ORDER</u>

<u>DUE TO ERROR, MISTAKE AND / OR EXCUSABLE NEGLECT</u>

The Court noted that it was issuing sanctions as NM had failed to respond to the Jiang's Motion for Sanctions and had not requested an extension of time within which to

respond to the Motion. *Order at 1.* Counsel for NM agrees that he failed to respond within the time allowed by the Rules of Court, but that failure was due to error, mistake or excusable neglect. NM respectfully requests the Court to allow NM to belatedly file her Opposition to Motion for Sanctions.

NM's Counsel, Brian Klopfenstein, worked as a prosecuting attorney for approximately 12 years, prosecuting sexual abuse cases and other felonies. He has substantial experience in federal and state court civil and criminal matters with an experienced staff. He was a latecomer to the litigation involved in this matter. He was granted leave to enter on or about August 31, 2016. *Docket Sheet, Entry 178.* Substantial discovery, motion practice and litigation had taken place prior to his entry in the matter, including a discovery battle over NM's divorce proceedings. On or about May 26, 2016, three months prior to Mr. Klopfenstein's entry, this Court entered an Order compelling NM to produce all documents in her possession, custody or control regarding her divorce, including files on her child's counseling and school records. *Order of 5/26/16, p. 7.* Between his entry of appearance and December, 2016, Mr. Klopfenstein made reasonable and appropriate attempts to track down, make available and produce the information set forth in the Court's order. *Exhibit 1, Klopfenstein Affidavit.*

On or about December 12, 2016, Mr. Klopfenstein communication with Plaintiff's then attorney, D. John Sauer concerning production of the records in N.M.'s divorce and custody proceedings. Mr. Klopfenstein communicated his efforts to find these records

and make them available to Plaintiff. *See Affidavit of Brian J. Klopfenstein, Exhibit 1,* filed herewith. Despite this communication, Plaintiff filed a Motion for Sanctions without just cause. That motion was filed on December 16, 2016. *Docket Sheet, Entry 203.* Of note, on that same day, counsel for Plaintiff and the undersigned counsel exchanged emails regarding outstanding discovery issues on December 16, 2016. At that time, no mention was made by John Sauer or Brian Klopfenstein of any concern about the divorce materials or the filing of a motion for sanctions. *See Exhibit 2, Email Exchange of December 16, 2016.*

Due to computer glitch or other error, Mr. Klopfenstein did not see or receive this Motion for Sanctions at the time it was filed even though he was working on the case that very day as evidenced by the email exchange between Sauer and himself. *Exhibit 2.* Mr. Klopfenstein's office has a practice of downloading into an electronic file all documents served via casenet or pacer on the day it is served. *Exhibit 1, Klopfenstein Affidavit, ¶* .

Because of the number of documents that have been filed in this matter, Mr. Klopfenstein took the additional step of hiring an outside law clerk to assist in this matter. That law clerk, Mark Q. Moore, a third year law student, had the additional duty of reviewing all filings and preparing any required briefings although he had no access to sealed documents. *Exhibit 1, Klopfenstein Affidavit.* Despite these practices, neither Mr. Klopfenstein nor Mr. Moore received and / or saw the Motion for Sanctions that was filed. *Exhibit 1, Klopfenstein Affidavit.* While the document in the Court's file indicates service on Mr. Klopfenstein, Mr. Klopfenstein was apprised of the document's existence

only upon receipt of the Court's order issuing sanctions against N.M. and was extremely surprised and dismayed by it. *Exhibit 1, Klopfenstein Affidavit.*

Motions for Sanctions, especially directed at an attorney, typically have a 21 day response time or safe harbor provision providing 21 days notice of the filing. *F.R.C.P. 11(c).*[1] Immediately prior to the entry of the order, this case had been stayed for a period of 120 days at the request of Plaintiff's counsel. For this reason, NM's counsel did not realize that the Sanctions Motion was outstanding and had not received a reply. *Exhibit 1.*

Mr. Klopfenstein cannot explain the technical computer issue that prevented him from receiving and / or seeing the Plaintiff's Motion of Sanctions. He had sufficient practices in place in his office to prevent mere oversight of receipt of such important matters. *Exhibit 1.* Had he received and /or seen the document at issue, he would have certainly requested an extension of time in which to file a response as Mr. Sauer filed his Motion for Sanctions such that the response would have been due at the Christmas holiday or within 21 days, depending on how one reads the rules.

Shortly after the Christmas holiday but within the 21 day response period, Mr. Sauer emailed counsel and indicated he had been chosen for a position in the state attorney general's office and would be filing a motion to withdraw. He also requested a four month extension of deadlines. *Exhibit 3, 1/6/17 Sauer Email to Counsel.* The 120

---

[1] Defendant cites to Rule 37 as the basis for his motion for sanctions. However, his motion is directed at the attorney, rather than the client, alleging facts that could be considered ethical violations. In that instance, the Rule 11 Safe Harbor provisions should apply. Safe harbor provisions are not found in the text of Rule 37.

day extension of deadlines was in actuality a stay of proceedings. As a result, Mr. Klopfenstein had no reason to check the docket sheet during this time to discover the outstanding motion. Mr. Klopfenstein's failure to respond to the Motion for Sanctions was the result of excusable neglect, not through any desire to have sanctions issued against his client or himself. *Exhibit 1*. Certainly if he had received and / or seen the Motion, he would have filed a response.

Because Mr. Klopfenstein had procedures in place to prevent losing of documents that are served upon him and he had taken the extraordinary measure of hiring a law clerk to help him with this matter to insure that all matters were handled in a timely and appropriate matter, it cannot be said that he acted in any regard willfully or neglectfully in this case. The failure to receive or see the documents resulted from a combination of computer error and the timing of the stay in the matter.

In this matter, Mr. Klopfenstein did not act willfully or intend to delay the proceedings in any manner. He merely did not see and / or receive the motion for sanctions. Since the failure to respond was based upon a good faith mistake, the Eighth Circuit has often found excusable neglect in similar cases. *Communications Unlimited Contracting Services, Inc. v. Broadband Infrastructure Connection, LLC.*, 2016 WL 6248082 (10/26/2016 *Slip Op.* E.D. Mo., Eastern Division); *Feeney v. AT&E, Inc*, 472 F.3d 560 (8th Cir. 2006)(finding excusable neglect where the defendant did not respond to motion because he had not checked his mail for two months); *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782-83 (8th Cir. 2001)(excusable neglect when defendant failed to file an answer because of recording error by legal department).

Excusable neglect is an "elastic concept" that "empowers courts to accept where appropriate . . . late filings caused by inadvertence, mistake or carelessness as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices,* 600 F.3d 934, 946 (8th Cir. 2010)(*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 392 (1992)). The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

In this matter, no harm comes to any party by allowing NM to fully brief the sanctions issue. At this time, the case has just come back to life following a four month stay to allow the Plaintiff's attorney to get his bearings in the case. Further, today the parties have filed a motion that would push back to July any adjudication of the sanctions issued against SNAP. In this procedural context, no prejudice will be afforded the parties by allowing NM to respond fully to the motion for sanctions. Great prejudice will be heaped upon Mr. Klopfenstein, an attorney of good reputation and standing in the legal community, if sanctions are directed at him. Sanctioning an attorney can cause irreparable harm to their reputation in the legal community. Sanctioning an attorney for failing to reply to a Motion for Sanctions that he did not receive and or see compounds that harm. Given the balance of equities, NM and her attorney should be afforded a full opportunity to rebut the claims of Plaintiff in its Motion for Sanctions. For a further discussion of excusable neglect and prejudice, *see Kurka v. Iowa Cnty., Iowa,* 628 F.3d 953 (8th Cir. 2010).

NM also suffers significant prejudice through enforcement of the sanctions that have been proposed by Plaintiff and ordered by the Court. In the petition, the only facts that defendant has alleged against NM is that as a result of the conflictual relationship she had with her ex-husband, her child was more likely to make false reports of sexual abuse. If the jury to is to assume that the Minor gave false reports of sexual abuse, the Court is both undercutting the credibility of the Minor and giving a "win" to Plaintiff in his lawsuit against NM. On the record available here, such an outcome is patently unfair and prejudicial in the face of mere excusable neglect on the part of her counsel. Given the effect that imposing sanctions would have on the parties, especially NM, allowing NM's counsel to fully respond to the Motion for Sanctions is equitable. *See Chorosovic v. MetLife Choices*, 600 F.3d at 946-947.

DEFENDANT REQUESTS THE COURT ALTER OR AMEND ITS ORDER REGARDING SANCTIONS AS DEFENDANT IS IN FULL COMPLIANCE WITH THE COURT'S MAY 26, 2016 ORDER

Prior to Brian Klopfenstein entering this case, this Court ordered NM to "produce all documents responsive to request 21" of Plaintiff's First Request for Production of Documents. That request sought "all documents reflecting or relating to any divorce proceeding between [N.M.] and A.M., including but not limited to any Communications between [N.M.] and A.M. that relate to such divorce proceedings in any way." *5/26/16 Order at 7.*

Upon entry into this matter, Mr. Sauer initiated communication with Mr. Klopfenstein regarding the outstanding discovery. In those communications, Mr. Klopfenstein agreed that he would do his best to get that information. *Exhibit 4, Email String of 10/11/16 - 10/24/16.* Mr. Klopfenstein agreed on September 9, 2016 to do his best to find the all of the information requested, as Mr. Sauer's email of 10/11/16 confirms. Thereafter, Mr. Klopfenstein kept Plaintiff's counsel abreast of his attempts. On October 11, 2016, Klopfenstein reported to Plaintiff's counsel that he had engaged in the following actions to locate any relevant records:

1). He had his client double check for any records not previously produced that she may have. N.M. had no records in her possession.

2). Contacted Chackes Carlson, N.M.'s prior attorneys who also had no records in their possession.

3). Contacted Alexandra Hart who did locate two boxes of responsive records. By October 24, Klopfenstein reported to Sauer that the costs for copying those boxes would be $90.00 – a cost to be borne by Sauer.

4). Contacted Mason Klippel. Mr. Klippel is now retired and promised to make a diligent search for any records he might have. As of this date, Mr. Klippel has not been able to locate any of the records of the divorce proceeding.

5). Contacted Ms. Ruffin Hudson who has moved offices. Any files she may have had are no longer accessible or not longer in existence.

6). Contacted Joshua Bradley Hutkins who no longer has the files from the matter he handled regarding NM and AM.

6). Reviewed the court records of all divorce and custody proceedings. Review of those records show that no appeal has been taken from the trial in the matter and no transcript of those proceedings currently exists.

Mr. Klopfenstein has made every possible effort to find and produce the files requested by Plaintiff. Mr. Sauer has been apprised of those efforts. At this time, NM would supplement her response to the Request for Production to indicate that she is unable to supply the requested information because the records no longer exist or are not accessible to her after a diligent search therefore. Such response is appropriate in this circumstance. *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996). With regard to the files of Ms. Alexandra Hart, NM has fulfilled her obligation in this regard. Fed. R. Civ. Pro. 34 (b) provides: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." This rule requires a party to make documents available for inspection and copying, but does not require the producing party to actually copy those documents. *Turner v. Moen Steel Erection*, 2006 WL 3392206 (Oct. 5, 2006 D. Nebraska); *Monarch Ins. Co. v. Spach*, 281 F.2d 401, 413 n. 30 (5th Cir. 1960)(Ordinarily, Rule 34 does not require the adversary to furnish copies); *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 511, 520 (D.Kan. 2005)(a responding party need only make requested documents available for inspection and coping; it need not pay the

copying cost); *Obaijulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 297 (W.D. N.Y. 1996)(Rule 34 does not require a responding party to pay for copying costs of voluminous materials). In this instance, if Mr. Sauer did not wish to expend the $90.00 required to copy the documents held by Alexandra Hart, that is his choice. Neither N.M. nor her attorney is required to copy those records for him.

A party is not required to produce documents if they are not in existence or are inaccessible to the party. *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005). In this instance, none of the attorneys who had represented N.M. now have copies of the documents responsive to this Request – save Ms. Hart -- and N.M. herself has no such documents. N.M. and Klopfenstein cannot be sanctioned for failing to produce documents that are not in their possession, custody or control.

Sanctions are appropriate only in the face of continuing, contumacious thwarting of the discovery process through a pattern of failing to cooperate in that process. Severe sanctions of the sort set forth in this Court's order, should be reserved for situations where the failure to comply has been due to willfulness, bad faith or any fault of the party. *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958); *General Dynamics Corp. v. Selb Manufacturing Col*, 481 F.2d 1204, 1211 (8th Cir. 1973) *cert. denied* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *Kropp v. Ziebarth*, 557 F.2d 142 (8th Cir. 1977). In this case, Mr. Klopfenstein has been pleasant, has provided feedback on discovery issues as they arise, has spoken with Mr. Sauer regarding this discovery issue and others on multiple occasions, has provided him with ongoing updates as to his ability (or inability) to find the records at

issue. There have been no discovery motions directed at any action taken by Mr. Klopfenstein save for this one – which originated long before he ever entered this case. Simply put, Mr. Klopfenstein on behalf of NM has made significant effort to fully cooperate in the discovery process with Plaintiff. He has taken all necessary steps to comply with the Court's order in this matter regarding Request No. 21 of the Defendant's First Request for Production – and it appears that is the *only* Request that has been the subject of any continuing battle or concern.

NM was justified in objecting to the discovery of her son's medical and counseling records that were produced as part of the divorce and custody battles between she and her ex-husband as the minor is not a party to this matter and production of those documents without a court order could have been a HIPAA violation or privacy issue for that third party. NM's bringing the matter to the Court for an order was necessary in this circumstance. Therefore, Jiang and his counsel are not entitled to attorney's fees for the original motion to compel.

CONCLUSION

Mr. Klopfenstein is appalled that he did not receive and / or see the Motion for Sanctions and timely respond to it. However, that failure occurred due to mistake, inadvertence or excusable neglect. Accordingly, the facts set forth in Plaintiff's Motion for Sanctions should not be relied upon as the basis for imposing sanctions. Because there is no factual or legal justification for sanctions of any kind against NM or her counsel, NM respectfully requests the Honorable Court to Reconsider, Alter or Amend its Judgment of May 4, 2017 such that Defendant's Motion for Sanctions is overruled in its

entirety. In the alternative, NM and her counsel request the Honorable Court to reconsider its order and allow NM and her counsel the opportunity to fully respond to the Motion for Sanctions prior to making any order of any kind.

Respectfully submitted,

*/s/ Brian J. Klopfenstein*

BRIAN J. KLOPFENSTEIN #33722
215 Platte Clay Way, Suite B
Post Office Box 897
Kearney, MO 64060-0897
(816) 628-2800
(816) 628-2802 (FAX)
E-mail: bjkattorney@fairpoint.net
ATTORNEY FOR DEFENDANT N.M.

Certificate of Service

I hereby certify that on the 1st day of June 2017, the foregoing was electronically filed with the Clerk of the Court with copies to all attorneys of record.

Neal J. Bruntrager
BRUNTRAGER AND BILLINGS
1735 S. Big Bend Blvd.
St. Louis, MO 63117
E-mail: njb@law-stl.com

J. Brent Dulle
1200 Market Street
Room 314
St. Louis, MO 63103
E-mail: DulleB@stlouis-mo.gov

Amy J. Lorenz-Moser
CARPENTER MOSER, LLC
1716 Hidden Creek Court
Suite 101
St. Louis, MO 63101
E-mail:amy@carpentermoser.com

Michael P. Downey
DOWNEY LAW GROUP LLC
49 n. Gore Ave.,
Suite 2
St. Louis, MO 63119
E-mail:mdowney@downeylawgroup.com

/s/ Brian J. Klopfenstein
Attorney for Defendant N.M.