UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REV. XIU HUI "JOSEPH" JIANG, )
)
    Plaintiff, )
)
  vs. ) Case No. 4:15-CV-1008 (CEJ)
)
TONYA PORTER, et al., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant N.M., pursuant to Federal Rules of Civil Procedure 59(e) and 60, for reconsideration and to alter or amend the order imposing sanctions. Plaintiff has filed a declaration of his former attorney in opposition to the motion.

I. **Background**

On May 26, 2016, the Court entered an order compelling discovery which required N.M. to produce and disclose information and documents within 14 days. In an email dated December 13, 2016, plaintiff's counsel warned that a motion for sanctions would be filed if N.M. did not comply with the order by December 16, 2016. After N.M. failed to provide the discovery as required, plaintiff filed a motion for sanctions. N.M. did not respond, and the motion for sanctions was granted on May 4, 2017. Defendant now moves for relief from the sanctions order, claiming that her counsel  because of unavoidable computer error or excusable neglect, was unaware of the filing of plaintiff's motion for sanctions.

Prior to granting the motion for sanctions, the Court, on January 24, 2017, extended certain deadlines set forth in the case management order by approximately 120 days. The extension applied to the deadlines for completion of expert and non-expert discovery, Rule 35 examinations, dispositive motions, and alternative dispute resolution. The extension was prompted by a motion filed by plaintiff with consent of all the defendants.

## II. Discussion

### A. Rule 60(b)(1)

Defendant seeks relief from the sanctions order due to error, mistake, and/or excusable neglect so that she may file a response to the motion for sanctions. Defendant's counsel states that due to a computer glitch or other error, he did not see or receive the motion for sanctions even though he was working on the case on the very day the motion was filed. Under Rule 60(b)(1), a district court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The term "excusable neglect" in this context is generally "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Union Pac. R.R. v. Progress Rail Servs. Corp.,* 256 F.3d 781, 782 (8th Cir.2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. *Ivy v. Kimbrough,* 115 F.3d 550, 552 (8th Cir.1997).

Defendant asks the Court to allow her to belatedly file an opposition to plaintiff's motion for sanctions. While the failure of defendant's counsel to respond

to plaintiff's motion for sanctions qualifies as neglect, the Court does not find this neglect to be excusable, in good faith, or supported by a reasonable basis. Defendant's counsel states that neither he nor his intern received or saw the motion for sanctions. Defendant's counsel further states that while the document in the Court's file indicates service on counsel, counsel was only apprised of the document's existence upon receipt of the order imposing sanctions.

According to the Case Management/Electronic Case Filing system, a copy of the motion for sanctions was emailed to defendant's counsel. One hundred thirty-nine days passed between service of the motion for sanctions and entry of the order imposing sanctions. During that time, other electronic activity occurred in the case, including the issuance of several orders. Defendant's counsel would have received electronic notification of all of this activity. Had defendant's counsel looked at the electronic case record even once between December 2016 and May 2017, he would have seen the motion for sanctions. Furthermore, defendant's counsel was on notice as early as December 13, 2016, of plaintiff's intention to file a motion for sanctions.

Defense counsel's assertion that the response to the motion for sanctions was "stayed" as a result of the order extending the case management order deadlines is unavailing. The January 24, 2017 order specifically described the deadlines that were to be extended. Nothing in the order refers to extending the deadline for responding to a pending motion.

Counsel for N.M. argues that because he had procedures in place to prevent losing documents that are served on him and because he had hired a law clerk to help him specifically with this case, he cannot be said to have acted willfully or

neglectfully. This argument misses the point. Defense counsel knew that he had not produced the required discovery and was warned that a motion for sanctions would be filed. Yet, he chose not to look at the electronic case record because he thought the case was "on hold." Klopfenstein Aff., ¶ 31 [Doc. # 218-1]. Neither the systems he had in place nor the law clerk he hired would have made any difference if he wasn't going to check the electronic case record anyway. "Excusable neglect" under Rule 60(b) does not include carelessness on the part of an attorney. *See Hunt v. City of Minneapolis,* 203 F.3d 524, 528 n. 3 (8th Cir.2000); *Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir.1969). Here, defense counsel made an unreasonable interpretation of the January 24 order which led to his unreasonable decision to ignore the case record for 120 days. This was carelessness at best.

In light of all the circumstances discussed above, the Court finds that N.M.'s failure to respond to the motion for sanctions was not due to excusable neglect.

### B. Rule 59(e)

Defendant also asks that the Court alter or amend the sanctions order, as she claims she is now in full compliance with the order compelling discovery. Although the May 26 order required defendant N.M. to produce all documents reflecting or relating to any divorce proceeding between defendant and her husband A.M., defendant admits that the documents still have not been produced.

A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Motions under Rule 59(e) "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'"

*Id*. "Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise new arguments which could have been offered or raised prior to the entry of judgment." *Id.* at 934.

After careful consideration, the Court finds there is no manifest error of law or fact, or newly discovered evidence justifying relief under Rule 59(e). Defendant's counsel states that he has made every possible effort to find and produce the files requested by plaintiff and that the files either do not exist or are not accessible to him. However, plaintiff's former counsel, John D. Sauer, has submitted with his declaration emails that contradict defense counsel's assertions. A phone conversation memorialized by Sauer and sent to defendant's counsel via email noted that defendant's counsel had found relevant records by Alexandra Hart and Mason Klippel, former divorce attorneys for defendant. [Doc. #220-2, p. 7]. Subsequent emails pertaining to the records went unanswered, although defense counsel responded to other emails in the case.

More than a year has elapsed since N.M. was ordered to produce the divorce records. She still has not complied nor shown good cause for not doing so. Because N.M. has not shown the existence of manifest error of law or fact or newly discovered evidence, she has failed to demonstrate that she is entitled to relief under Rule 59(e).

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the motion of defendant N.M. for reconsideration [Doc. #218] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2017.