#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-1008 CAS |
| ) | |
| TONYA LEVETTE PORTER, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on its Order to show cause and the parties' Joint Response to the Show Cause Order ("Response"). On September 26, 2017, the undersigned ordered that counsel for all parties show cause, in writing, as to why monetary sanctions should not be imposed against the parties and/or counsel for their failure to comply with the Court's order referring the case to alternative dispute resolution ("ADR"). Counsel filed a joint response to the show cause order within the time allowed.[1]

As background, this matter was referred to ADR by order dated June 30, 2017. Under the terms of the original ADR referral order, ADR was to be completed by July 31, 2017. On July 21, 2017, the parties filed a consent motion to extend the deadlines in the ADR referral order. On July 24, 2017, the Honorable Carol E. Jackson granted the motion, and ordered that the ADR conference be concluded by September 15, 2017.[2] Judge Jackson extended the deadline to complete mediation, but she did not extend the deadline for lead counsel, Neil J. Bruntrager, to notify the clerk of the agreed choice of neutral selected by the parties and the date, time and location of the initial ADR

---

[1]The document, which is entitled "Joint Response to the Show Cause Order," was only signed by attorney Michael P. Downey, counsel for defendants Survivors Network of Those Abused by Priests ("SNAP"), David Clohessy, and Barbara Dorris. Id. at 1. No other attorney signed the document, even electronically, despite the Court's express order that they do so.

[2]Judge Jackson retired from the bench on August 31, 2017. This case was assigned to the undersigned on August 29, 2017.

Conference.  No Designation of Neutral by Parties and ADR Conference Report has been filed, and the parties have not participated in mediation as they were ordered to do.

Counsel state in their Response that counsel for plaintiff and counsel for defendants Survivors Network of Those Abused by Priests ("SNAP"), David Clohessy, and Barbara Dorris ("the SNAP Defendants") had a telephone conversation with Judge Jackson on August 18, 2017, at which time counsel stated that the parties were close to resolving plaintiff's claims against the SNAP Defendants and defendant N.M., and that plaintiff intended to proceed to ADR with only defendants Tonya Levette Porter and Jaimie D. Pitterle ("the Police Defendants"). Counsel state that they requested extensions of several deadlines in this case, including the deadline to complete ADR, so they could continue "private settlement discussions."  Doc. 242 at 2.

According to the Response, the settlement discussions have since resulted in the resolution of plaintiff's claims against the SNAP Defendants and defendant N.M., although the settlement agreements have not been formalized.  The Courts notes that no notice of settlement has been filed in this case.

As to plaintiff's claims against the Police Defendants, the Response states that because it appeared settlement between plaintiff and the SNAP Defendants and N.M. seemed likely, counsel for plaintiff and the Police Defendants stayed "in constant contact regarding scheduling." Doc. 242 at 2.  Further, they believed mediation would be more effective and efficient if it were conducted only between plaintiff and the Police Defendants, and "[t]o that end, all parties have been working together and in a mutually cooperative fashion."  Id.  There is nothing to indicate, however, that during counsel's numerous contacts about scheduling they cooperated and selected a mediator or picked a date for their mediation conference.

The Response also states that plaintiff's counsel, Neil Bruntrager, has been involved in a high-profile murder trial in St. Louis, and counsel for the SNAP Defendants had a federal jury trial in Chicago.  The parties assure the Court that "[t]here has been no undue delay or lack of due

diligence in the preparation of this matter.  It is still the remaining parties' expectations that we can set this matter for ADR upon the completion of two depositions." Id. at 2-3.

It is plain from reviewing the docket that this case has not moved forward with any expediency.  The case has been pending since June 2015, and yet discovery is not complete and no dispositive motions have been filed.  This is not a case with technical or scientific factual issues.  It is not a class action, patent, or products liability case.  It does not span decades, and persons with knowledge of the facts of the case are known. In short, this is not complex litigation.  It obvious to the Court that this case has not been a priority for counsel.  The SNAP Defendants, with plainitff's consent, were granted seven stays of enforcement of the sanctions entered aginst them last spring.  Seven. This case has been allowed to linger, and perhaps the parties were lulled into the belief that they could indefinitely request extensions of  deadlines and ignore ADR requirements.  No more; it is time to get this case back on track and moving forward.

The Court will not sanction the parties and/or counsel at this time for failure to comply with the ADR order, because the Court finds that their conduct, while hardly diligent, does not rise to the level of sanctionable conduct.  The Court will, however, set this case on a strict Case Management Order. Going forward, extensions will be granted only for exceptional circumstances.

The parties indicate that plaintiff has reached a settlement with the SNAP defendants and N.M.  That being the case, plaintiff is ordered to file a notice of settlement within five (5) days of this Order.  Normally, upon the filing of a notice of settlement the Court will issue an order requiring the plaintiff to file, within 30 days, a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment.  Here, if plaintiff requires more than 30 days to file  a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment, he must so indicate in his notice of settlement.

As for plantiff's claims against the Police Defendants, plaintiff and the Police Defendants state that they would like an extension of the ADR deadline until October 30, 2017.  The Court will grant this extension, but lead counsel for ADR, Neil Bruntrager, will be required to file the

3

Designation of Neutral/ADR Conference Report by October 15, 2017.[3]  **The Court will not grant further extensions of the ADR deadlines absent a detailed showing of exceptional circumstances.  The parties are warned that the Court may impose sanctions for any willful or negligent failure of a party, its representative, or counsel to comply with deadlines, or failure to proceed or participate in good faith in accordance with this Order and the Alternative Dispute Resolution Procedures Manual of this Court.**

Accordingly,

**IT IS HEREBY ORDERED** that **by October 10, 2017**, plaintiff's counsel shall file a Notice of Settlement as to defendants N.M., Survivors Network of Those Abused by Priests, Inc., David Clohessy, and Barbara Dorris.  In the Notice of Settlement, plaintiff's counsel shall state how much time is needed to file a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment as to these defendants.

**IT IS FURTHER ORDERED** that the parties are **GRANTED additional time to complete mediation.**  The ADR conference shall be concluded before **October 30, 2017.  Not later than October 15, 2017,** ADR lead counsel, Neil Bruntrager, shall notify the clerk of the agreed choice of neutral selected by the parties, and the date, time and location of the initial ADR conference.  (See Designation of Neutral/ADR Conference Report fillable form, http://www.moed.uscourts.gov, select "Forms" quick link; scroll down to Form MOED-0028).  In all other respects, the provisions of the Order Referring Case to Alternative Dispute Resolution dated June 30, 2017, shall remain in full force and effect**.**

---

[3] If a notice of settlement is timely filed, the SNAP Defendants and N.M. need not participate in ADR.  If a notice of settlement is not filed as to these defendants, they shall participate in ADR.

      The Court will issue a Fourth Amended Case Management Order separately.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___5th_____ day of October, 2017.