# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG,<br><br>PLAINTIFF,<br><br>v.<br><br>TONYA PORTER, et al.,<br><br>DEFENDANTS. | Civil Action No. 4:15-CV-1008 CAS |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 37(a), Defendants Tonya Porter and Jaimie Pitterle ("Defendants") respectfully requests that the Court compel Plaintiff Xiu Hui "Joseph" Jiang ("Plaintiff") to provide responses to eight interrogatories which Plaintiff earlier agreed to supplement "once discovery has closed or neared completion." In support, Defendants state:

## BACKGROUND

On April 4, 2016, Defendants propounded interrogatories and requests for production of documents to Plaintiff. On May 20, 2016, Plaintiff provided objections and responses to both the interrogatories and the requests for production of documents; this motion concerns only the responses to interrogatories. Exhibit 1, Plaintiff's Objections and Answers to Defendant Tonya Porter's and Defendant Jaimie Pitterle's First Set of Interrogatories. In response to eight of those interrogatories — numbers 2, 3, 4, 7, 8, 9, 12, and 13 – Plaintiff objected that each constituted a contention interrogatory and that he "will supplement his answer to this Interrogatory once discovery has closed or neared completion." As of the date of this filing, Plaintiff has not provided supplemental answers to any interrogatories.

In its most recent Case Management Order, the Court mandated that discovery close in this matter on November 1, 2017, and that any motions to compel be filed by November 8, 2017. Doc. #244. On November 1, 2017, counsel for Defendants emailed counsel for Plaintiff to address these promised supplemental responses. Exhibit 2, 11/1/17 Email.[1] In accordance with

---

[1] The email is redacted to highlight only the issue relevant to this motion. Further, counsel for Defendants actually inquired about supplemental responses to nine interrogatories, not eight, in the email. However, upon further review, Defendants are not asking the Court to compel further response to Interrogatory #11.

1

Local Rule 37 - 3.04, later that same afternoon, counsel for Defendants conferred with counsel for Plaintiff on the telephone in a good-faith effort to resolve the potential discovery dispute and address the promised supplemental responses. Counsel for Plaintiff indicated he would review the discovery responses and later would advise whether he would supplement the interrogatory responses.

Having received no answer, in the morning of November 8, 2017, counsel for Defendants again telephoned counsel for Plaintiff as to the status of the supplementary responses and left a voice mail regarding the request. As of the time of this filing, Plaintiff has not advised whether he will provide supplemental answers to any interrogatories nor when he would provide such supplemental answers.

## ARGUMENT

The Court should enter an order compelling Plaintiff to supplement his responses to Defendants' Interrogatories 2, 3, 4, 7, 8, 9, 12, and 13 to identify the principal and material facts called for in Interrogatories 2, 3, 4, 7, 8, 9, 12, and 13.

Under the Federal Rules of Civil Procedure, "an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete." FED. R. CIV. P. 33(a)(2). A contention interrogatory is one that asks a "party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Bituminous Cas. Corp. v. Scottsdale Ins. Co.*, 2013 U.S. Dist. LEXIS 50149, at *3; 2013 WL 1411544 (E.D. Mo. Apr. 8, 2013). Contention interrogatories need not be fully answered until discovery is near completion, and some courts have ordered responses to contention interrogatories as little as two weeks before dispositive motion deadlines. *Monsanto Co. v. E.I. du Pont de Nemours & Co.*, 2012 U.S. Dist. LEXIS 1277, at *9 (E.D. Mo. Jan. 5, 2012) (internal citations omitted). An interrogatory that could be overly broad and unduly burdensome in requesting "any and all facts" that support a contention can be limited by the court to require only the "material" or "principal" facts that support that contention. *Bituminous Cas. Corp. v. Scottsdale Ins. Co.*, 2013 U.S. Dist. LEXIS 50149, at *4; 2013 WL 1411544 (E.D. Mo. Apr. 8, 2013).

Here, Plaintiff properly objected May 2016 that the contention interrogatories (numbers 2, 3, 4, 7, 8, 9, 12, and 13) were premature and that he would supplement responses to those at

or near the close of discovery with the principal or material facts supporting the requested contentions. Exhibit 1, pp.4-12, 14-18, 19-21. Each of these contention interrogatories relates to necessary elements of Plaintiff's claims in this matter. Plaintiff has failed to so supplement his responses. Additionally, Defendants have a dispositive motion deadline that is barely more than two weeks away and further delay prejudices Defendants' ability to adequately defend these claims and their ability to potentially dispose of these claims in a summary judgment motion.

## CONCLUSION

For these reasons, Defendants ask the Court should to enter an order compelling Plaintiff to supplement his responses to Interrogatories 2, 3, 4, 7, 8, 9, 12, and 13 to provide the material or principal facts supporting each contention by or before November 15, 2017, and for any other relief that is just and proper under the circumstances.

Respectfully submitted,
JULIAN BUSH,
CITY COUNSELOR

/s/ J. Brent Dulle #59705MO
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4644
Fax: 314-622-4956
DulleB@stlouis-mo.gov

## CERTIFICATE OF SERVICE

I hereby certify this Motion was electronically filed with the Court for service by means of Notice of Electronic Filing upon all counsel of record on November 8, 2017.

/s/ J. Brent Dulle

3