IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 4:15-CV-01008 |
| ) | |
| TONYA LEAVETTE PORTER, ET AL. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S FIRST AMENDED MOTION TO AMEND
COMPLAINT TO ADD PARTIES OR IN THE ALTERNATIVE
VOLUNTARILY DISMISS THE MATTER TO REFILE
AT A LATER DATE AND REQUEST FOR ORAL ARGUMENT**

Comes now Plaintiff Rev. Xiu Hui Jiang and moves this Court for leave to amend its Complaint pursuant of Fed. R. Civ. P. 15(a)(2) and 20 to add the City of St. Louis and the St. Louis Metropolitan Police Department hereinafter named as "the City" and "the Police department" as defendants to this action or in the alternative, to dismiss the above action pursuant to Fed.R.Civ.P. 41(a)(2) and as grounds therefore avers as follows:

1. This lawsuit was filed on June 25, 2015 against Tonya Leavette Porter, Jamie D. Pitterle, the City of St. Louis, Missouri, A.M., N.M., Survivors Network of those Abused by Priests, David Cloohessy, and Barbara Dorris, alleging personal injury against Rev. Jiang.

2. The City was initially part of the Complaint. However, it was dismissed by the Court without prejudice on May 25, 2016. Furthermore, A.M., N.M., Survivors Network of those Abused by Priests, have all reached settlement in this matter and are no longer parties in the pending case.

1

3. The Police Department was not named as an individual party in the original complaint. It was alleged, however, that the Police Department was part of the City of St. Louis.

4. The City was originally included in the complaint; however, Plaintiff's previous counsel allowed the court to dismiss the claims against the City without prejudice. This was done by prior counsel to Plaintiff, not undersigned counsel. Previous counsel accepted a position with the Attorney General's Office with the State of Missouri and was forced to withdraw from this matter. He did so on January 9, 2017. The present counsel did not enter in this matter until April 11, 2017. The deadline for joinder of addition of parties in this matter was February 1, 2016 as stated in the Case Management Order filed on January 5, 2016.

5. Since the City was dismissed from the case, new information regarding the liability of the St. Louis Metropolitan Police Department, and thus the City, has come to light.

6. On October 26, 2017, a deposition was taken of Detective Sgt. Mickey Owens. During this deposition, it was revealed that police procedure would have involved superiors of the officers named in this case. Because these police officers acted under the direction of their superiors and under the chain of command, the chain of command and therefore the St. Louis Metropolitan Police Department and the City for which is its responsible for protecting should be included as defendants in this matter.

7. Fed. R. Civ. P. 15(a) provides that leave to amend should "be freely given when justice so requires." In this case, the additional defendants' actions are directly related to the actions that caused the injury of Plaintiff as alleged in the original complaint.

8. Plaintiff in this matter can show good cause for the addition of such defendants. During the deposition of Sgt. Owens, he indicated that he trained the named Defendants and their direct supervisor, Ja'mez Davis. According to Owens, Sgt. Davis directed the arrest of Plaintiff in violation of accepted practice and procedures of the St. Louis Metropolitan Police Department. This information came to light as a result of the testimony of Sgt. Owens. As a direct consequence, the Police Department was as much a cause in the injury to Plaintiff as the other Defendants in this matter, and therefore should be included as defendants.

9. Furthermore, the City, which controls the St. Louis Metropolitan Police Department, should be included. The City was previously represented by the City Counselors office. Should it be added back as a party, it would still be represented by the City Counselors office. The police officer defendants are currently represented by the City Counselors and said City Counselors have been involved in the discovery process from the very beginning of this lawsuit. Therefore, there would be no prejudice to the City and Police Department.

10. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Company v. Occupational Safety and Health Review Commission,* 573 F. 2d 820, 823 (3rd Circuit, 1978). In the absence of undue prejudice, denial "must be based on bad faith or dilatory motives truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Heyl and Patterson International, Inc. v. F.D. Rich Housing of the Virgin Island, Inc.,* 663 F. 2d 419, 425 (3rd Circuit, 1981).

3

11. Plaintiff was not made aware of the direct evidence involving these proposed defendants until during this most recent deposition of Sgt. Mickey Owens. There is no evidence that Plaintiff's motion is the result of bad faith, dilatory motives, unexplained delay, or any other reason justifying denial of this motion.

12. Plaintiff believes that for a complete resolution of all claims, these additional defendants must be added.

13. Plaintiff believes that for a complete claim against the defendant, the additional defendant must be added. Thus, if the court deems that Defendant City and Defendant Police Department should not be added through amended complaint, Plaintiff is asking the court for a dismissal of the claim without prejudice. Under Fed. R. Civ. P. 41(a)(2), a court can dismiss an action at the request of Plaintiff, if it is proper. Here, there is nothing that would make this improper. In fact, Plaintiff believes that in order for a proper action to move forward, these Defendants must be added. If they cannot be added through amended complaint, then the only proper remedy would be to dismiss the action and allow Plaintiff to refile the action with the proper Defendants listed. The Court can allow the Plaintiff to refile with the conditions that all prior discovery would apply to the refiled matter as well as setting the time for refiling. This avoids prejudice to the defendants.

14. Currently, none of the listed defendants have filed a counterclaim that would require the Court to maintain the lawsuit to preserve the counterclaim.

Wherefore, in the interest of justice in the absence of undue prejudice to Defendant, Plaintiff respectfully requests that this Court grant its Motion for Leave to Amend Complaint to

Add New Parties and direct the clerk to file the Amended Complaint or, in the alternative, to voluntarily dismiss the above claim without prejudice and allow the Plaintiff to refile the claim, and requests oral arguments, and for such other and further orders as the Court deems necessary in the premises.

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
646-0066 Fax 646-0065
Email: njbattty@aol.com

ATTORNEY FOR PLAINTIFF
XIU HUI "JOSEPH" JIANG

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2017, the foregoing **Plaintiff's First Amended Motion to Amend Complaint to Add Parties or in the Alternative Voluntarily Dismiss the Matter to Refile at a Later Date and Request for Oral Argument**  was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

 /s/ Neil J. Bruntrager