# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG,<br><br>PLAINTIFF,<br><br>v.<br><br>TONYA PORTER, et al.,<br><br>DEFENDANTS. | Civil Action No. 4:15-CV-1008 CAS |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT OR IN THE ALTERNATIVE TO VOLUNTARILY DISMISS

In response to Plaintiff Rev. Xiu Hui Jiang's ("Plaintiff") Plaintiff's First Amended Motion to Amend Complaint to Add Parties Or in the Alternative Voluntarily Dismiss the Matter to Refile at a Later Date And Request For Oral Argument, Defendants Tonya Porter and Jaimie Pitterle ("Defendants") ask the Court to **deny** Plaintiff's request for leave to amend and also **consent** to voluntary dismissal of the action without prejudice. In support, Defendants state:

1. Plaintiff's filed his original request for leave to amend his Complaint to add parties, the City of St. Louis ("City") and the St. Louis Metropolitan Police Department, a mere 10 days before the Court's deadline for filing a summary judgment motion, Doc. #244, and a staggering 655 days after the Court's deadline to add parties or amend pleadings. Doc. #73.

2. City was dismissed by the Court on December 28, 2015, for Plaintiff's failure to allege sufficient facts that would trigger § 1983 municipal liability.[1] Doc. #63, pp.12-16; Doc. #64.

3. Courts properly deny leave to amend for, *inter alia*, undue delay or undue prejudice to the non-moving party. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

4. Undersigned counsel represented the City of St. Louis and proffered the arguments for its earlier dismissal; if the City was still a party to this action, undersigned counsel would raise

---

[1] Plaintiff avers that City was dismissed on May 25, 2016; however, a review of the Court's Order from that day, Doc. #121, references the dismissal of the counts against City from December 2015 and suggests an effort to simply clarify the docket record.

similar arguments to support summary judgment in City's favor. However, if added at such a late stage in this litigation, City and the Police Department would have no opportunity to participate in discovery nor would they have an opportunity to move for summary judgment under the Case Management Order. The Court should find that such disadvantages constitute undue prejudice to City and the Police Department and thus deny Plaintiff's request for leave to amend.

5.   While Plaintiff's counsel did not enter in this matter until April 11, 2017, he offers no explanation to justify the 221-day delay between that date and the date of this request. The Court should find that Plaintiff committed an undue delay in waiting so long to move for leave to amend and thus deny Plaintiff's request for leave to amend.

6.   Defendants consent to Plaintiff's alternative request that the Court dismiss this action without prejudice.

WHEREFORE, Defendants pray the Court deny Plaintiff's request for leave to amend and that it instead grant Plaintiff's motion to voluntarily dismiss, and for any other relief the Court deems just and appropriate.

Respectfully submitted,
JULIAN BUSH,
CITY COUNSELOR

/s/ J. Brent Dulle #59705MO
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4644
Fax: 314-622-4956
DulleB@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify this Response was electronically filed with the Court for service by means of Notice of Electronic Filing upon all counsel of record on November 20, 2017.

/s/ J. Brent Dulle