## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REV. XIU HUI "JOSEPH" JIANG, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-1008 CAS |
| TONYA LEVETTE PORTER, et al., | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Rev. Xiu Hui "Joseph" Jiang's First Amended Motion To Amend Complaint to Add Parties, or in the Alternative, Voluntarily Dismiss the Matter to Refile at a Later Date. The remaining defendants in this case, Tonya Porter and Jaimie Pitterle, oppose the motion for leave to amend, but consent to voluntary dismissal without prejudice. The motion is fully briefed and ripe for review.

Plaintiff moves for leave to amend his Complaint to add the City of Saint Louis and the St. Louis Metropolitan Police Department as defendants in this case. After careful consideration, the Court agrees with defendants Porter and Pitterle that leave to amend to add additional parties should not be granted. This case is two and a half years old. The deadline in the Case Management Order to add additional parties expired almost two years ago on February 1, 2016. Discovery is closed, and the summary judgment deadline is next week. Plaintiff bases his motion for leave to amend on the fact that he uncovered supposedly new evidence about policies and procedures of the St. Louis Metropolitan Police Department during a deposition plaintiff's counsel took last minute on October 26, 2017. Discovery in this case closed on November 1, 2017. Aside from stating that there were numerous scheduling conflicts, plaintiff does not adequately explain why this deposition was not taken sooner. The parties had 666 days to complete discovery in this case.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court finds plainitff has not shown good cause to modify the Case Management Order. Furthermore, allowing plaintiff leave to amend so late in these proceedings would be prejudical to the remaining defendants, who are momentarily preparing a motion for summary judgment. Amendment would also significantly delay resolution of a case that has been pending for more than two years.

In the alternative, plaintiff moves to voluntarily dismiss this case, without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants Porter and Pitterle consent to this request, and the Court will grant this aspect of plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Order, plaintiff Rev. Xiu Hui "Joseph" Jiang's First Amended Motion To Amend Complaint to Add Parties, or in the Alternative, Voluntarily Dismiss the Matter to Refile at a Later Date is **GRANTED in part, and DENIED in part.** Plaintiff's request to voluntarily dismiss this case without prejudice is **GRANTED.** In all other respects, the motion is **DENIED.** [Doc. 259]

**IT IS FURTHER ORDERED** that plaintiff Rev. Xiu Hui "Joseph" Jiang's Motion to Amend Complaint to Add Parties and defendants Tonya Porter and Jaimie Pitterle's Motion to Compel Discovery are **DENIED as moot**. [Docs. 256 and 258]

      An appropriate Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st   day of November, 2017.